DECLARATION OF ███████

I, ███████████████ make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. My name is ███████████████. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I am a citizen of Honduras. I reside in Fort Worth, Texas. I am the mother to four children and the primary caretaker of my three youngest children. Two of my children, who are teenagers, ages 13 and 17, have lawful permanent resident status. My youngest child, who is 5 years-old, is a U.S. citizen.

3. In 2014, I arrived in the United States. I was fleeing persecution and torture by my husband, the father of my three eldest children.

4. I had been ordered removed in the past, so after I arrived in 2014, that old order of removal against me was reinstated. I had an interview with an asylum officer. The officer found that I had a reasonable fear of persecution or torture in Honduras and sent my case to the immigration court so that I could apply for withholding of removal before an immigration judge.

5. During proceedings, I was released from detention. At the beginning, I had to wear an ankle shackle. I had to report to Immigration and Customs Enforcement (ICE) in Dallas every eight days and then every fifteen days.

6. During my proceedings, the immigration judge said that Honduras was the country where I could be deported.

7. I applied for withholding of removal and protection under the Convention Against Torture, because of my fear of what my husband had done and would do to my children and me if we were forced to return there. My husband beat me and my children. If I tried to leave him or go to the police, he would threaten me. He threatened me with a gun and put it in my mouth and against my neck. He went to prison for killing two people and, when he was released, he began to threaten me again and I fled Honduras.

8. The immigration judge granted my application for withholding of removal on July 19, 2021. The government did not appeal the judge's decision to the Board of Immigration Appeals.

9. After the judge's decision, I had to check in with ICE in Dallas once a year, which I have been doing.

10. This year, my check-in was on February 21. I met with a specialist at the Immigration and Customs Enforcement (ICE) office in Dallas. She told me that I had a removal order,

EXHIBIT B

which I did not understand because the judge had told me I could not be deported to Honduras. The woman told me to come back and report in again on March 7, 2025. That had not happened at any of my previous check ins. I thought maybe the officer had made a mistake about my case. ICE also put an ankle shackle on me again.

11. On March 7, 2025, I went to the ICE office again, and the officer I met with said that I needed to leave the United States because I was on a list of people who would be deported on March 21. My 13-year-old daughter was with me because she would not go to school because she was afraid, I would be taken away. The officer asked for my passport and the passports of my children, but I only had my passport with me. The officer made a copy of my passport. I was terrified that I would be deported that day.

12. Then, on March 17, 2025, I received a telephone call from someone at ICE at about 9:30 in the morning. They told me that I needed to report in person to the ICE office again on April 4, 2025. The ICE officer did not explain anything else about why I needed to go back to the ICE office. But the ICE office where I must report on April 4 is the same office that had put the ankle shackle on me and the same office that told me I am on a list of people they are going to deport.

13. I am afraid that if I am deported to another country, I will be harmed, tortured, or killed. I am afraid that if I am deported to another country, they will send me back to Honduras, where my husband will hurt me or kill me. I am also afraid that he could find me in another country, because he is a very dangerous and well-connected person. In 2006, when I left Honduras, he found me in Mexico and hurt me because I had left—he threw me out of a second-floor window. He also has family and knows people in other countries, including El Salvador and Mexico, who could help him to find me. I am also afraid that my children would suffer if I am deported to another country and that they would be in danger if I cannot continue to protect them.

14. As a named plaintiff in this case, I understand that if the Court grants the motion for class certification, I would represent a large number of people with final removal orders who have been deported, or who are threatened with being deported, to a country or countries where they have not been provided notice and/or an opportunity to apply for protection relating to a fear of persecution or torture related to that country.

15. I understand that, as a class representative, I represent the interests of all class members in this lawsuit and that it is my responsibility to represent the interests of the whole class and not just my own personal interests.

16. I understand that my duty to be a class representative continues until the Court decides this case is no longer a class action, or the case is over.

17. I understand and accept that any resolution of the lawsuit, for example by settlement and dismissal, is subject to Court approval and must be in the best interests of the class as a whole.

18. I understand that, by agreeing to become a class representative, I have a duty to take steps to help move the case forward, which I will do with my attorneys. I know that I must attend court if necessary; provide information to my attorneys that they feel is necessary for the case; give them documents I have if it is required; testify at a deposition or trial if necessary; and provide my attorneys with my contact information and current whereabouts because it may be necessary for them to contact me on short notice.

19. I understand that I am volunteering to represent many other persons with similar claims. I believe it is important that people in my situation receive advanced notice and a fair opportunity to apply for protection before they are deported to a third country.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Fort Worth, Texas on March 21, 2025.

By: ███████████

I, Yovanna Vargas, hereby certify that I am fully competent in both English and Spanish languages, that I have read the above English document to  in true and accurate Spanish to the best of my ability, and that she has signed her name with full understanding of its contents.

Dated this 21st day of March 2025.

Yovanna Vargas