DECLARATION OF ███████

I, ███████████████████ make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. My name is ███████████████████. I am over the age of 18 and am competent to testify regarding the matters below.

2. I am a citizen of Ecuador. I am currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts. I am a resident of Milford, Massachusetts.

3. I was a taxi driver in Ecuador. After I refused to transport drugs for the Ecuadorian police in my taxi, the police told me to think twice about denying them. In 2015, two people who worked as drug mules for the police were arrested, and I was again accosted by the police who threatened me to run drugs for them. The police officer blamed me for the drug mules' arrest, and stated I would "pay the consequences" for his losses. I was once again asked to join them in order to compensate them for "losses" and when I refused, the police officer directed two bodyguards to beat me. They also smashed my taxi's windshield and windows to deprive me of my work, robbed me of all my money, and promised to come back to "finish" me and my family.

4. Terrified, I made plans to flee Ecuador. I took my wife and daughter to my mothers-in-law home, sold my car, and borrowed money to make the difficult journey to the United States.

5. During my journey to the United States, there were two times when the coyotes stole my money, this happened in Mexico and Guatemala. I was also kidnapped in a house in Huehuetenango, Guatemala for fifteen days, where I was not allowed to go out or have contact with my family. This also happened in Chiapas, Mexico for fifteen days too, under the same circumstances.

6. I arrived in the United States in October 2015. After I told immigration officials that I was afraid to return to Ecuador, an officer interviewed me about my fear. The officer found that my fear was credible, and I was released from the detention facility and placed in removal proceedings before an immigration judge.

7. I was detained by ICE upon entry for a total of three months. After release, I went to live with my brother in New York. I was detained again from November 2017 to June 2018.

8. During my proceedings, the immigration judge said that Ecuador was the only country where I could be deported. I applied for asylum, withholding of removal, and protection under the Convention Against Torture based on my fear of harm by the Ecuadoran police who threatened my life when I refused to run drugs for them.

EXHIBIT C

9. In April 2018, the judge granted my application for protection under the Convention Against Torture. The government attorney reserved appeal but then did not appeal and so the order was final.

10. On or about June 11, 2018, Immigration and Customs Enforcement (ICE) released me from detention under an Order of Supervision. As part of the terms of my release, I had to regularly report to ICE in Burlington, Massachusetts. My next check in date is scheduled for September 9, 2025.

11. I work in construction/roofing. On March 18, 2025, I was outside my brother-in-law's house preparing for the workday with about five of my co-workers at around 6:30 in the morning, when a lot of law enforcement officers showed up. I think they were a mix of police officers and immigration officers, but I am not sure. They were looking for a person named Luis Quispe, who was not there. Even though he was not there, the officers detained everyone else. They arrested all of us and took us to the Milford Police Station.

12. We were there only briefly. Only one woman who had a young daughter at home was released. From there, they took the four of us who remained to the ICE office in Burlington where immigration officers took our fingerprints and collected personal information about each of us.

13. After that, ICE took us to the detention center in Plymouth. I asked immigration officers why I was there. They would not tell me anything, only that I need to contact my lawyer.

14. That same day, my wife contacted my lawyer who emailed ICE a copy of the judge's decision blocking my deportation to Ecuador. ICE told her that they would forward it to my deportation officer.

15. My lawyer sent another email the next day, March 19, but ICE did not respond.

16. I am afraid. ICE will not tell me or my lawyer why I am detained. I fear that ICE is going to deport me to another country, including El Salvador or Mexico, because I know from my lawyer that ICE deported hundreds of people to those countries and also to Panama and Guantanamo. I am afraid that if I am deported to another country, I could be detained or that they will send me back to Ecuador. If I am sent back to Ecuador, I am sure to be harm, tortured, or even killed. I am also afraid that if I am deported to El Salvador, Colombia, or Peru, as the drug trade is also deeply entrenched in the police culture in those countries, and I fear that I will be marked as someone who dissents when police recruit you to engage in their corruption, which would make me vulnerable to torture by police forces yet again. I am also afraid to be deported to Mexico or Guatemala based on my past experience with being kidnapped in those countries.

17. As a named plaintiff in this case, I understand that if the Court grants the motion for class certification, I would represent a large number of people with final removal orders who have been deported, or who are threatened with being deported, to a country or countries

where they have not been provided notice and/or an opportunity to apply for protection relating to a fear of persecution or torture related to that country.

18. I understand that, as a class representative, I represent the interests of all class members in this lawsuit and that it is my responsibility to represent the interests of the whole class and not just my own personal interests.

19. I understand that my duty to be a class representative continues until the Court decides this case is no longer a class action, or the case is over.

20. I understand and accept that any resolution of the lawsuit, for example by settlement and dismissal, is subject to Court approval and must be in the best interests of the class as a whole.

21. I understand that, by agreeing to become a class representative, I have a duty to take steps to help move the case forward, which I will do with my attorneys. I know that I must attend court if necessary; provide information to my attorneys that they feel is necessary for the case; give them documents I have if it is required; testify at a deposition or trial if necessary; and provide my attorneys with my contact information and current whereabouts because it may be necessary for them to contact me on short notice.

22. I understand that I am volunteering to represent many other persons with similar claims. I believe it is important that people in my situation receive advanced notice and a fair opportunity to apply for protection before they are deported to a third country.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Person**, _____ on March **21**, 2025.

By: ███████████

I, **Nuria Gonzalo**, hereby certify that I am fully competent in both English and Spanish languages, that I have read the above English document to ███████ ███████ in true and accurate Spanish to the best of my ability, and that he has signed his name with full understanding of its contents.

Dated this **21** day of March 2025.

_signature_