UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>Defendants. | Case No. 25-cv-10676<br><br>DECLARATION OF MATT ADAMS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

I, Matt Adams, hereby declare:

1. I am an attorney at law, admitted in the State of Washington and currently employed by Northwest Immigrant Rights Project (NWIRP) as its Legal Director. I am counsel of record for the Individual Plaintiffs in this case.

2. I have been working as an immigration attorney at NWIRP for the last twenty-four years. From June of 1998 to July of 2005, I worked at NWIRP's Eastern Washington office, in Granger, Washington, first as a Staff Attorney and later as the Directing Attorney of that office. In July of 2006, I assumed my current position as Legal Director of NWIRP. In this role, I am responsible for supervising all federal litigation by NWIRP on behalf of clients before the federal district courts, the Court of Appeals, and the Supreme Court.

3. I have extensive experience in cases focusing on immigration law, including citizenship and naturalization, and immigrant rights. During the last twenty-two years, I have litigated hundreds of cases and personally argued on behalf of immigrants before immigration

1

judges, the Board of Immigration Appeals, federal district courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I have represented prevailing petitioners before the Ninth Circuit Court of Appeals in the following published cases: *Moreno Galvez v. Jaddou*, 52 F.4th 821(9th Cir. 2022) (upholding permanent injunction issued on behalf of class of special immigrant visa petitioners); *Reynaga Hernandez v. Skinner*, 969 F.3d 930 (9th Cir. 2020) (upholding district court order denying defendants qualified immunity and granting summary judgment under 42 U.S.C. 1983 for violating Fourth Amendment rights); *Flores Tejada v. Godfrey*, 954 F.3d 1245 (9th Cir. 2020) (affirming permanent injunction providing bond hearings for class of persons in withholding of removal proceedings after they have been detained for six months) *rev'd and remanded sub nom. Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022) ; *Padilla v. ICE*, 953 F.3d 1134 (9th Cir. 2020) (affirming preliminary injunction providing bond hearings to class of persons referred to immigration court after being found to have a credible fear of persecution) *cert. granted, judgment vacated* 141 S. Ct. 1041 (2021); *C.J.L.G. v. Barr*, 923 F.3d 622 (9th Cir. 2019) (en banc) (holding that immigration judge was required to advise youth of potential eligibility for special immigration juvenile visa); *Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018) (finding that *Bivens* remedy extends to ICE attorney who fabricated documents to strip plaintiff of opportunity for relief in removal proceedings); *Nguyen v. Sessions*, 901 F.3d 1093 (9th Cir. 2018) (reversing agency position that admission to controlled substance abuse triggered the stop-time rule barring relief for cancellation of removal); *Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017) (Court of Appeals affirmed district court order granting summary judgment on behalf of TPS holder who was denied opportunity to apply for adjustment of status based on agency's failure to acknowledge his inspection and

admission as TPS holder); *Duran-Gonzales v. DHS*, 702 F.3d 504 (9th Cir. 2013) (Court of Appeals reversed its prior opinion, finding that class members benefit from retroactivity test where agency changes rules pursuant to Supreme Court's decision in *Brand X*); *Chay Ixcot v. Holder*, 646 F.3d 1202 (9th Cir. 2011) (vacating reinstatement order as unlawful retroactive bar to asylum claim); *Lopez-Birrueta v. Holder*, 633 F.3d 1211(9th Cir. 2011) (rejecting agency's restrictive interpretation of battery for purposes of establishing eligibility for cancellation of removal for victims of domestic violence); *Cortez-Guillen v. Holder*, 623 F.3d 933 (9th Cir. 2010) (holding that agency is bound by elements as laid out in plain language of statute with regards to the realistic probability test, and accordingly, Alaskan coercion statute does not categorically qualify as aggravated felony crime of violence); *Bromfield v. Mukasey*, 543 F.3d 1071 (9th Cir. 2008) (establishing a pattern and practice of persecution targeting gay men in Jamaica); *Mandujano-Real v. Mukasey*, 526 F.3d 585 (9th Cir. 2008) (finding that petitioner's concession while unrepresented did not preclude him from challenging legal basis on appeal and further holding that ID theft conviction did not constitute aggravated felony theft conviction); *Suazo Perez v. Mukasey*, 512 F.3d 1222 (9th Cir. 2008) (finding that domestic violence statute in question did not categorically constitute a deportable offense); *Hosseini v. Gonzales*, 471 F.3d 953 (9th Cir. 2006) (granting relief under the Convention Against Torture to asylum applicant who had been charged as having been engaged in terrorist activities); *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674 (9th Cir. 2005) (holding that the government could not rely on the statements made by witnesses where the government deported those witnesses); *Perez-Gonzalez v. Ashcroft,* 379 F.3d 783 (9th Cir. 2004) (preventing government from reinstating prior deportation order where person had a pending

3

application for residence along with the corresponding waiver); *Garcia-Lopez v. Ashcroft*, 334 F.3d 840 (9th Cir. 2003) (requiring DHS to afford full effect to modification of conviction from felony to misdemeanor); and *Castro-Cortez v. INS*, 239 F.3d 1037 (9th Cir. 2001) (prohibiting retroactive application of reinstatement to persons who were deported prior to change in law).

    4.      I have litigated and presented arguments in federal district courts, including the Eastern and Western Districts of Washington, the Southern, Central, and Northern Districts of California, the District of Montana, the Southern District of Florida, and the Southern and Eastern Districts of New York. In addition, I have successfully moved for class certification and been approved by federal courts as class counsel in sixteen different class actions on behalf of immigrants: *Mansor v. USCIS*, 345 F.R.D. 193 (W.D. Wash. 2023) (certifying nationwide class of applicants for Temporary Protected Status challenging a policy that failed to provide them with interim benefits guaranteed by statute); Order Granting J. Mot. for Class Cert. ECF No. 75, *Garcia Perez v. USCIS*, No. 2:22-cv-00806-JHC (W.D. Wash. July 29, 2024) (certifying nationwide class of asylum seekers challenging government policies related to work permits for such individuals); *Favela Avendaño v. Asher*, No. C20-0700JLR-MLP, 2021 WL 1056113, at *2 (W.D. Wash. Mar. 18, 2021) (certifying class of detained individuals at Northwest Detention Center who have heightened risk of severe illness or death from COVID-19); *Nightingale v. USCIS*, 2019 WL 5191066, at *1 (N.D. Cal. Oct. 15, 2019) (certifying two national classes challenging USCIS and ICE for failing to timely produce A-Files under FOIA); *Moreno Galvez v. Cuccinelli*, No. C19-0321 RSL, 2019 WL 3219372 (W.D. Wash. July 17, 2019) (granting preliminary injunction for certified class of noncitizen youth seeking Special Immigrant Juvenile Status); *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254 (W.D.

Wash. June 21, 2017) (certifying nationwide classes challenging application of CARRP to applicants for adjustment of status and naturalization); *Mendez Rojas v. Johnson*, No. C-16-1024-RSM, 2017 WL 1397749 (W.D. Wash. Jan. 10, 2017) (certifying nationwide classes of persons seeking asylum who were denied notice and opportunity to timely file applications); *Martinez Baños v. Asher*, No. C-16-1454-JLR-BAT, 2017 WL 9938446 (W.D. Wash. Dec. 11, 2017) (certification granted on behalf of class of detained persons in withholding-only proceedings in the Western District of Washington facing prolonged detention without individual custody hearings); *F.L.B. v. Lynch*, No. C14-1026 TSZ, 2016 WL 3458352 (W.D. Wash. June 24, 2016) (certification granted on behalf of circuit-wide class of unrepresented children in removal proceedings); *Padilla v. U.S. Immigration and Customs Enforcement*, No. C19-928 MJP, 2019 WL 1056466 (W.D. Wash. Mar. 6, 2016) (certifying nationwide classes of asylum seekers challenging delays in credible fear interviews and bond hearings, and seeking procedural protections in bond hearings); *Rivera v. Holder*, 307 F.R.D. 539 (W.D. Wash. 2015) (granting class certification and summary judgment clarifying that Immigration Judges must consider whether to release immigration detainees on conditional parole as well as monetary bond); *Khoury v. Asher*, 3 F. Supp. 2d 877 (W.D. Wash. 2014) (class certification and declaratory relief granted on behalf of class, detained immigrants unlawfully subjected to mandatory detention); *A.B.T. v. USCIS,* No. C11-2108 RAJ, 2013 WL 5913323 (W.D. Wash. 2013) (nation-wide challenge to asylum work authorization denials); *Franco-Gonzalez v. Holder*, No. CV 10–02211 DMG (DTBx), 2011 WL 11705815 (C.D. Cal. Nov. 21, 2011) (granting class certification) and 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013) (granting permanent injunction ordering the government to provide free legal representation to

immigrants with serious mental disabilities); *Roshandel v. Chertoff*, 554 F. Supp. 2d 1194 (W.D. Wash. 2008) (successful class action on behalf of 450 naturalization applicants); and *Duran Gonzales v. US DHS*, 239 F.R.D. 620 (W.D. Wash. 2006) (certification granted for circuit-wide class).

5. I was selected for the Washington State Bar Association's 2016 Award of Merit, WSBA's highest honor. I have twice been awarded the American Immigration Lawyers Association Jack Wasserman Memorial Award for excellence in litigation; most recently, in 2014 for my work on the litigation team in *Franco-Gonzalez v. Holder*, establishing the right to appointed counsel for detained persons with serious mental disorders. I have also received the 2008 Access to Justice Leadership Award, from the Washington State Bar Access to Justice Board, and the 2005 Washington State Chapter AILA Award for Most Significant Impact in Pro Bono Litigation.

6. Glenda M. Aldana Madrid is an attorney at law, admitted in the State of Washington and a staff attorney at NWIRP. She graduated from Yale Law School in 2013 and joined NWIRP's litigation unit that same year. Glenda is admitted to practice and has represented clients before the federal district courts for the Western and Eastern Districts of Washington, the Court of Appeals for the Ninth Circuit, and the Supreme Court. She has represented immigrants in removal proceedings and before U.S. Citizenship and Immigration Services. She has served as class counsel in *Mansor v. USCIS*, 345 F.R.D. 193 (W.D. Wash. 2023) (certifying nationwide class of applicants for Temporary Protected Status challenging a policy that failed to provide them with interim benefits guaranteed by statute); *Martinez Baños v. Asher*, No. C-16-1454-JLR-BAT, 2017 WL 9938446 (W.D. Wash. Dec. 11, 2017) (district-

wide class of detained noncitizens in withholding-only proceedings); *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254 (W.D. Wash. June 21, 2017) (certifying nationwide classes challenging application of CARRP to applicants for adjustment of status and naturalization); *Mendez Rojas v. Johnson*, No. C-16-1024-RSM, 2017 WL 1397749 (W.D. Wash. Jan. 10, 2017) (certifying nationwide classes of persons seeking asylum who were denied notice and opportunity to timely file applications); *F.L.B. v. Lynch*, No. C14-1026 TSZ, 2016 WL 3458352 (W.D. Wash. June 24, 2016) (circuit-wide class of unrepresented children in removal proceedings); *Padilla v. U.S. Immigration and Customs Enforcement*, No. C19-928 MJP, 2019 WL 1056466 (W.D. Wash. Mar. 6, 2016) (nationwide classes of asylum seekers).

7.  Leila Kang is an attorney at law, admitted in the State of Washington and a supervising attorney at NWIRP. She graduated from New York University School of Law in 2014. From June 2014 to December 2016, she worked as a staff attorney at NWIRP's Tacoma, Washington office, defending dozens of detained individuals in removal proceedings before the immigration court and the Board of Immigration Appeals. She then transferred to NWIRP's Seattle office, where she first directed the citizenship unit before joining the litigation unit. Leila is admitted to practice and has represented clients before the federal district courts for the Western and Eastern Districts of Washington, the Court of Appeals for the Ninth and Third Circuits, as well as the Supreme Court. She serves or has served as class counsel in *Mansor v. USCIS*, 345 F.R.D. 193 (W.D. Wash. 2023) (certifying nationwide class of applicants for Temporary Protected Status challenging a policy that failed to provide them with interim benefits guaranteed by statute); Order Granting J. Mot. for Class Cert. ECF No. 75, *Garcia Perez v. USCIS*, No. 2:22-cv-00806-JHC (W.D. Wash. July 29, 2024) (certifying nationwide

7

class of asylum seekers challenging government policies related to work permits for such individuals); *Nightingale v. USCIS*, 2019 WL 5191066, at *1 (N.D. Cal. Oct. 15, 2019) (certifying two national classes challenging USCIS and ICE for failing to timely produce A-Files under FOIA); *Moreno Galvez v. Cuccinelli*, No. C19-0321 RSL, 2019 WL 3219372 (W.D. Wash. July 17, 2019) (statewide class of immigrant youth); *Padilla v. U.S. Immigration and Customs Enforcement*, No. C19-928 MJP, 2019 WL 1056466 (W.D. Wash. Mar. 6, 2019) (nationwide classes of detained asylum seekers); and *Martinez Baños v. Asher*, No. C-16-1454-JLR-BAT, 2017 WL 9938446 (W.D. Wash. Dec. 11, 2017) (district-wide class of detained noncitizens in withholding only proceedings).

8.      Aaron Korthuis is an attorney at law, admitted in the State of Washington and a staff attorney at NWIRP, where he has worked since September 2018. Aaron has worked in NWIRP's litigation unit since he joined the organization. He graduated from Yale Law School in 2017. From September 2017 to September 2018 he worked as a clerk for the U.S. Court of Appeals for the Second Circuit. He is admitted to practice and has represented clients before the Western and Eastern Districts of Washington, the Ninth Circuit Court of Appeals, and the Supreme Court. He has represented immigrants in removal proceedings and before U.S. Citizenship and Immigration Services, and has argued several cases before federal district courts and the Ninth Circuit Court of Appeals. He serves or has served as class counsel in six different cases with certified classes: *Mansor v. USCIS*, 345 F.R.D. 193 (W.D. Wash. 2023) (certifying nationwide class of applicants for Temporary Protected Status challenging a policy that failed to provide them with interim benefits guaranteed by statute); Order Granting J. Mot. for Class Cert. ECF No. 75, *Garcia Perez v. USCIS*, No. 2:22-cv-00806-JHC (W.D. Wash. July

8

29, 2024) (certifying nationwide class of asylum seekers challenging government policies related to work permits for such individuals); *Favela Avendaño v. Asher*, No. C20-0700JLR-MLP, 2021 WL 1056113 (W.D. Wash. Mar. 18, 2021) (class of detained individuals at Northwest Detention Center who have heightened risk of severe illness or death from COVID-19); *Moreno Galvez v. Cuccinelli*, No. C19-0321 RSL, 2019 WL 3219372 (W.D. Wash. July 17, 2019) (statewide class of immigrant youth); *Padilla v. U.S. Immigration and Customs Enforcement*, No. C19-928 MJP, 2019 WL 1056466 (W.D. Wash. Mar. 6, 2019) (nationwide classes of detained asylum seekers); and *Martinez Baños v. Asher*, No. C-16-1454-JLR-BAT, 2017 WL 9938446 (W.D. Wash. Dec. 11, 2017) (district-wide class of detained noncitizens in withholding only proceedings)..

I declare under penalty of perjury that the foregoing is true and correct. Executed in Seattle, Washington, on the 21st of March, 2025.

s/ *Matt Adams*
Matt Adams
Northwest Immigrant Rights Project