## DECLARATION OF MARIE VINCENT, ESQ.

I, Marie Vincent, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed in the State of California. My business address is 391 Sutter Street, Suite 500, San Francisco, CA 94108. I have been employed as an immigration attorney at Pangea Legal Services since 2013. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I have practiced exclusively in immigration law since 2012, representing hundreds of noncitizens in removal proceedings before the Executive Office for Immigration Review (EOIR) and federal courts and in applications and petitions for immigration benefits or relief filed with U.S. Citizenship and Immigration Services (USCIS).

3. I have represented many clients with final removal orders pursuant to 8 U.S.C. § 1229a (Section 240 proceedings) and/or by the Department of Homeland Security (DHS) pursuant to 8 U.S.C. § 1231(a)(5) (reinstatement orders) or 8 U.S.C. § 1228(b) (238b orders). In addition, I have represented many clients with fear-based claims in either removal or withholding-only proceedings.

4. I currently represent a client with documented cognitive and intellectual disabilities who was granted withholding of removal in 2018 and re-detained by the DHS in February 2025. This client is originally from El Salvador. Placed in Section 240 removal proceedings in 2006, he was ordered removed *in absentia* when he missed a hearing due to his disabilities. The 2006 removal order designated El Salvador as the country of removal. No alternate countries were designated.

5. In 2011, the DHS arrested the client and reinstated his 2006 removal order to El Salvador, but he was found to have a reasonable fear of persecution and/or torture, and was referred to an immigration judge ("IJ") for withholding-only proceedings. The client was detained by the DHS for 9 months in 2011 and was then released after a bond was paid. I was the attorney of record in these proceedings. In the course of his withholding-only proceedings, the IJ found him mentally incompetent and granted safeguards. The IJ subsequently concluded that the client was more likely than not to be persecuted in El Salvador on account of his family's political opinion, and granted him withholding of removal. Both parties waived appeal.

6. The client was not detained at the time he was granted withholding of removal in 2018. Between 2011 and 2025, he reported regularly to Immigration and Customs Enforcement ("ICE"), first about every 3 months, and then about every 6 months.

7. In February 2025, the client was re-detained at a scheduled reporting appointment with ICE. ICE did not provide any notice to my client or to me that he would be detained at

EXHIBIT I

this appointment. While taking him into custody, ICE apparently served on my client a "Notice of Revocation of Release," but never provided this notice to me. The notice stated that ICE had made a "determination that there are changed circumstances in your case" but did not explain what the changed circumstances were. It also stated that "ICE has also determined that you can be expeditiously removed from the United States pursuant to the outstanding order of removal against you." However, the notice gave no explanation for where my client would be removed to, and did not acknowledge that he had been granted withholding of removal. I was able to obtain a copy of this notice only after contacting employees of the contract detention center where my client was being held and requesting copies of any documents he had in his possession.

8. Starting on March 3, 2025, I contacted the Kansas and Chicago Enforcement and Removal Operations ("ERO") offices multiple times by phone and email in order to determine why my client was detained, and to which country ERO intends to deport him. I informed ERO that my client had documented cognitive disabilities, had been found incompetent by an immigration judge, and had a fear of return to other countries besides El Salvador.

9. ERO initially refused to substantively respond to my questions or to provide the information requested. For example, in response to my question in an email asking "to what country ERO plans to deport" my client, an officer responded, on March 7, 2025, "will provide more details when information is available." At this point my client had already been in detention for more than 10 days.

10. After several requests for this information over the course of more than a week, ERO indicated in an email on March 11, 2025 that it served Form M-488 (handout on the reasonable fear interview) on my client. Although I asked for ERO to serve me with any copies of documents they had served on my client, they did not provide me a copy of this document or any other documents served on my client. When I responded and asked ERO to which country this document related to, ERO responded: "Costa Rica, Guatemala, Honduras, Mexico and Panama." ERO did not provide me requested information about when a reasonable fear interview would occur, and did not confirm that I would be notified prior to any interview. ERO also did not state that these were the countries—or the only countries—to which ERO was intending to seek removal. I also asked ERO whether any of the named countries had agreed to accept my client, but they entirely ignored my question.

11. My client was previously assaulted and threatened by armed individuals, including law enforcement officials, in Guatemala and Mexico because of his national origin and intellectual disabilities. He is vulnerable to being harmed in any third country because of his disabilities. He is unable to live alone without a trusted adult because he does not recognize danger. My client and his family also fear that if he is deported to any of the countries referenced by ERO, that country will deport him to El Salvador.

12. Based on my communications with ERO and their actions in detaining my client, I am concerned that my client will not have the opportunity to make a full fear claim from each country to which ERO intends to deport him, that he may be forced or coerced to waive his rights without notice to counsel, and that ERO will remove him without notice.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 13th day of March 2025.

Marie Vincent