## DECLARATION OF IAN AUSTIN ROSE

I, Ian Austin Rose, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of Maryland, as well as several federal courts. Since September 2021, I have been employed at Amica Center for Immigrant Rights, where I am currently a Managing Attorney. I am over the age of 18 and am competent to testify regarding the matters described below.

2. Working within a department of Amica Center called the Immigration Impact Lab, I bring federal litigation on behalf of detained non-citizens along the East Coast. I focus on habeas petitions and class-wide detention litigation in federal district court. I also litigate Petitions for Review in the federal circuit courts.

3. In my position, I frequently represent or supervise those representing non-citizens with final removal orders issued by an Immigration Judge (IJ) in removal proceedings under 8 U.S.C. § 1229a, non-citizens with reinstated removal orders issued by the Department of Homeland Security (DHS) pursuant to 8 U.S.C. § 1231(a)(5), and non-citizens with Final Administrative Removal Orders issued by DHS pursuant to 8 U.S.C. § 1228(b).

4. I currently represent a non-citizen with a final removal order and a final grant of protection under the Convention Against Torture (CAT) whom Immigration and Customs Enforcement (ICE) appears to be attempting to remove to an alternative country not designated on his removal order. The client, who I will refer to as Rafael, is from El Salvador. He entered removal proceedings under 8 U.S.C. § 1229a (Section 240 proceedings) in April 2024 and has been in ICE detention since then. My colleague at Amica Center represented Rafael in his removal proceedings.

5. In November 2024, an IJ granted Rafael CAT protection, blocking his removal to El Salvador due to the high risk he would be tortured there. The IJ designated El Salvador as the country of removal and deferred his removal there. No alternative country was designated. DHS waived appeal, rendering the removal order and CAT grant final in November 2024.

6. As of today, March 17, 2025, Rafael remains in ICE custody despite winning CAT protection four months ago. In January 2025, ICE notified him in writing that he would receive a custody review under 8 C.F.R. § 241.4 on or about February 19, 2025. Rafael provided release information to ICE in advance of the custody review date, at which non-citizens in Rafael's situation are routinely released. However, one month later, neither Rafael nor his counsel have received a custody decision from ICE. Counsel has repeatedly followed up with ICE to inquire about the delay. Rafael's assigned Deportation Officer stated by email that ICE is looking for a "safe third country" to which to remove Rafael. He also said that he is waiting for information on next steps from his superiors.

EXHIBIT J

7. At the beginning of March, counsel sent an email to the Deportation Officer, along with other ICE officials, expressing Rafael's fear of returning to any alternative country due to the risk that the alternative country would in turn deport him to El Salvador. Rafael furthermore expressed a fear of return to specific countries surrounding El Salvador, including Mexico, Honduras, and Guatemala. Counsel requested that ICE provide her with notice of its intent to deport Rafael to a specific country, should it identify such a country. Two weeks later, no one from ICE has responded to the email. Rafael remains detained, unaware of whether ICE intends to remove him to an alternative country and, if so, which country that is.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 17th day of March 2025 at Washington, D.C.

*Ian Rose*
Ian Austin Rose