# DECLARATION OF LAURA JONES

I, Laura Jones, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of California. My business address is P.O. Box 70610, Oakland, CA 94612. I have been employed as an attorney at the Law Office of Helen Lawrence since 2021. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I have practiced exclusively in immigration law since being barred in January 2021, representing dozens of noncitizens in removal proceedings before the Executive Office for Immigration Review (EOIR), federal courts, state courts, and with applications and petitions for immigration benefits or relief filed with U.S. Citizenship and Immigration Services (USCIS).

3. I have represented approximately five clients with final removal orders in removal proceedings pursuant to 8 U.S.C. § 1229a (Section 240 proceedings) or by the Department of Homeland Security pursuant to 8 U.S.C. § 1231(a)(5) (reinstatement orders). I have represented about 20 clients with fear-based claims in either removal or withholding-only proceedings.

4. Before receiving a call from my client on March 3, 2025, I had never had one of my clients, who was granted withholding of removal or protection under the Convention Against Torture (CAT) and released from Immigration and Customs Enforcement (ICE) custody, be re-detained by ICE after appearing for a routine check-in with no new criminal conduct and threatened with deportation to a third country.

5. I represent a client who I will refer to as J.R.R.. J.R.R. is from El Salvador. In May 2022 DHS issued a reinstatement order against him. After he demonstrated a reasonable fear of persecution in El Salvador to an asylum officer, ICE placed him in withholding-only proceedings before an immigration judge. The only country designated for removal was El Salvador.

6. The immigration judge granted J.R.R's application for CAT protection on July 5, 2023. The judge found that if J.R.R. returns to El Salvador, he will be targeted by authorities and criminals under the current State of Emergency in El Salvador and would be imprisoned and tortured. The ICE attorney did not appeal the judge's decision, and it became final.

7. From apprehension until he won CAT protection, J.R.R. was detained. After he won his case, he was finally released under conditions set forth in an Order of Supervision (OSUP) requiring him to periodically check-in with ICE in Santa Maria and with an ankle monitor. ICE removed the ankle monitor after his first check-in, about five days

<div style="text-align: right; color: red;">**EXHIBIT K**</div>

       post-release. His next check-in was three months after that, and the third check-in was five months after that. His subsequent check-ins were six months apart. J.R.R. was compliant with all the terms and conditions in his OSUP.

8.     J.R.R. reported to his ICE check-in on March 3, 2025 at the Santa Maria ICE Field Office, as he had been doing since July 5, 2023. When he was at the check-in, although he has no new criminal history, ICE detained him and told him he was going to be deported. He requested a call to me, his attorney, and asked where he would be detained, however was only provided with a general guess of likely Los Angeles. When I entered his information into the ICE detainee locator system, it yielded zero results.

9.     J.R.R. called me from detention in Santa Maria, California. I briefly spoke with an officer who told me they had taken him into custody so that he can be removed to a third country. I asked what country, and the officer would not tell me. I asked where they would be detaining J.R.R., and the officer said maybe Los Angeles, California, but provided no other information. After trying to get more information, the officer interrupted me and said he was handing the phone back to J.R.R. and refused further communication.

10.     Immediately after this phone call, I sent a letter on behalf of my client expressing fear of removal to eight other countries, in addition to El Salvador, including removal to: Mexico, Guatemala, Honduras, Costa Rice, Panama, Cuba, Belize, Nicaragua, as no third country had been designated yet. I sent the letter via email to LosAngeles.Outreach@ice.dhs.gov. I then called the Santa Maria Field Office to ensure that an officer saw the letter, however no one answered. I left a voicemail. The following day I called the detention center in Santa Maria and was told that J.R.R. had been transferred to Adelanto ICE Processing Center. I then emailed the Los Angeles Outreach email as well as #APCERO000-500@ice.dhs.gov, and #APCERO501-999@ice.dhs.gov with the same letter. DVFEROResponseice.dhs.gov@ice.dhs.gov responded that they received my G-28.

11.     On March 5, 2025, I had a confidential video meeting with J.R.R., and he told me he feared being deported to Mexico, as he is afraid that gangs will target him there and that Mexico will deport him to El Salvador, where he will be tortured.

12.     On March 7, 2025, after numerous requests, Officer Quevedo communicated that DHS was going to deport J.R.R. to Mexico.

13.     On March 7, 2025, I called the Adelanto Detention Center to speak with J.R.R. and was told by Officer Monroy that he had been deported. After numerous other calls and emails to the detention center, ICE, and the Office of the Principal Legal Advisor (OPLA), I discovered he had not been deported yet, but was in Florence, Arizona. I attempted to speak with him multiple times, but was only given access to J.R.R. on March 10, 2025. On March 10, 2025, in a confidential legal call, he told me that on March 7, 2025, around 3:00 am, ICE officers woke him while he was in the detention center in Adelanto. He reported that phone access was denied. Around 7:00 am, ICE officers loaded him onto a

bus but they did not tell him where he was going. Around 9:00 am, ICE officers loaded him onto a plane with about 37 other detainees, and they landed in El Paso, Texas. After about an hour, they were then taken to Florence, Arizona. On Saturday, March 8, 2025, immigration officers loaded two buses of people around 7:00 am. At this time, ICE officers told J.R.R. that he was being deported to Mexico. He screamed and demanded to see an immigration judge and talk to his attorney; he refused to get on the bus that would take him to Mexico. He also refused to sign any deportation order and was taken back to the detention center.

14. On March 10, 2025, I filed an Emergency Motion to Reopen and Stay Request with the Adelanto Immigration Court, including a declaration from J.R.R. articulating his fear of deportation to Mexico, attached to this declaration as Exhibit A. I also emailed a copy to the Office of the Principal Legal Advisor (OPLA, attorneys with ICE who represent DHS in immigration court proceedings) and the ICE officers in Arizona and Los Angeles. On March 10, 2025, Officer Quevedo stated that they would wait and see the IJ's decision on the Motion to Reopen.

15. On March 11, 2025, Immigration Judge Halperin denied the Motion to Reopen and Motion to Stay Removal. A copy of that decision is attached as Exhibit B. Contrary to Ninth Circuit law, IJ Halperin refused to reopen the case. I then filed a Notice of Appeal and accompanying Emergency Motion to Stay Removal with the Board of Immigration Appeals. It remains pending. I also emailed Los Angeles OPLA, Los Angeles Asylum Office, among others to request a Reasonable Fear Interview (RFI) for J.R.R. because he fears persecution and torture in Mexico. An ICE deportation officer named E. Navarro from the Los Angeles Field Office responded the same day, March 11, 2025. Officer Navarro indicated that ICE had received the RFI request and that J.R.R. would transferred back to Adelanto. As of March 18, 2025, J.R.R. has been returned to the Adelanto Detention Center in California; no RFI has yet been scheduled.

11. J.R.R. is fearful of being removed to Mexico for several reason. Mexican authorities could deport him back to the El Salvador where he won protection from removal, as it is more than likely his own government would torture him there. Additionally, due to his criminal background and gang-affiliated background, he is at a similar risk of persecution or torture if removed to Mexico.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 18th day of March 2025 at Oakland, California.

_____
Laura Riley Jones

# DECLARATION OF ▮

I, ▮, hereby declare and state:

1. I make this declaration in support of my emergency request to reopen removal proceedings based on my fear of being deported to Mexico and my emergency request to stay deportation.

2. I won protection from deportation to El Salvador in July 2023.

3. When I attended my ICE check in in Santa Maria, CA on March 3, 2025, I was detained and told I was going to be deported to a third country.

4. I am afraid of deportation to Mexico. I am afraid because I was associated with ▮ and they are present in Mexico. You cannot just leave a gang; the current gang members will punish you for defecting through torture and death. I am also very afraid that Mexico will deport me back to El Salvador where my own government will torture or kill me. I will be hurt or killed by MS-13 gang members, other gangs' members, or the government of Mexico or El Salvador.

5. I am not a Mexican citizen.

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my own personal knowledge. Executed this 5 day of March at Adelanto, CA.



1

Exhibit A to Laura Jones Decl.



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ADELANTO IMMIGRATION COURT**

Respondent Name:

▮▮▮▮▮▮▮▮▮▮

To:
Jones, Laura Riley
P.O. Box 70610
Oakland, CA 94612

A-Number:

▮▮▮▮▮▮▮▮▮▮

Riders:
In Withholding Only Proceedings
Initiated by the Department of Homeland Security
Date:
03/11/2025

## ORDER OF THE IMMIGRATION JUDGE

EMERGENCY MOTION TO REOPEN BASED ON DHS'S INTENT TO DEPORT RESPONDENT TO MEXICO WITHOUT AN OPPORTUNITY TO CONTEST REMOVAL BASED ON HIS FEAR OF PERSECUTION AND TORTURE
AND
EMERGENCY MOTION TO STAY REMOVAL PENDING ADJUDICATION OF RESPONDENT'S FEAR-BASED CLAIMS.

Respondent was granted protection under the United Nations Convention Against Torture (CAT) on July 5, 2023, which prevents Respondent's deportation to El Salvador. The regulations provide that the Immigration Judge is charged with identifying the country to which the respondent's removal may in the first instance be made pursuant to the provisions of section 241(b) of the Act. 8 C.F.R. § 1240.12(d). The Immigration Judge identified El Salvador as the country of removal in the first instance, and there is no dispute as to the propriety of that order of removal.

On March 7, 2025, the Department of Homeland Security (DHS) informed Respondent that it intends to remove Respondent to Mexico. During his removal proceedings, the Immigration Judge (IJ) only designated El Salvador as a country of removal, and did not designate Mexico or any other countries, as either the country of removal or an alternative country of removal. Respondent has not meaningfully argued that he is a native or citizen of Mexico, or that he has "resided" in Mexico. See INA Section 241(b)(2)(B) (permitting the Immigration Judge to place limitations on designations of certain contiguous countries, including Mexico).  Immigration Judges nor the Board of Immigration Appeals have jurisdiction to review any determination by officers of the DHS under 8 C.F.R. § 241.15 regarding the country of removal. See 8 C.F.R. § 1241.15. See also Execution of Removal Orders; Countries to Which Aliens May Be Removed, 70 Fed. Reg. 661 et. seq. (Jan. 5 2005).

Nothing in this order forbids DHS from acting on its own authority to designate a

<span style="color:red">Exhibit B to Laura Jones Decl.</span>

country, or forbids the parties from litigating that issue in any forum outside of the Executive Office of Immigration Review.  The Court declines to Sua Sponte Reopen this matter.

**Order:**

Motion is DENIED.

Immigration Judge: HALPERIN, RAVIT 03/11/2025

| Appeal: | Department of Homeland Security: | ☐ waived | ☐ reserved |
|---|---|---|---|
| | Respondent: | ☐ waived | ☐ reserved |

Appeal Due:

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : ▮▮▮▮▮▮▮▮▮▮ | A-Number ▮▮▮▮▮▮

Riders:

Date: 03/11/2025 By: BOUWHUIS, BRITTANY, Court Staff