## DECLARATION OF LESLIE PARRA

I, Leslie Parra, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of Texas. My business address is 314 E. Highland Mall Blvd, Ste. 501, Austin, Texas 78752. I have been employed as a staff attorney at American Gateways since November 2021. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I have practiced exclusively in immigration law since 2019, representing at least a hundred noncitizens, both in removal proceedings before the Executive Office for Immigration Review (EOIR) and noncitizens applying for immigration benefits with U.S. Citizenship and Immigration Services (USCIS).  I have also provided pro se assistance to many more noncitizens.

3. Many of my clients and the pro se applicants I assisted applied for asylum, withholding of removal, or protection under the Convention Against Torture in removal proceedings.  Several of these individuals also had had final orders of removal that were issued in removal proceedings under 8 U.S.C. 8 U.S.C. § 1229a (Section 240 proceedings) or by the Department of Homeland Security pursuant to 8 U.S.C. § 1231(a)(5) (reinstatement orders).

4. Until last month, I had never seen a case in which a non-citizen was removed to a country other than their country of nationality/the designated country of removal. However, in late February, one of my clients—a Venezuelan man—was removed to Mexico.

5. Prior to my representation, my client applied for asylum and withholding of removal pro se in Section 240 proceedings, while in ICE custody.  I believe that Venezuela was the only designated country of removal.  His application was denied, and he was issued a final order of removal in December 2023.  In February 2024, he was released on an Order of Supervision, which required him to check-in with ICE.

6. I represented this client in his application for Temporary Protected Status (TPS), which was filed in February 2024.  Since the client was prima facie eligible for TPS, he was entitled to "temporary treatment benefits" pursuant to 8 U.S.C. § 1254a(a)(4). Temporary treatment benefits include a work permit, which he received in April 2024, and an automatic stay of deportation while the TPS application is pending (unless the executive publishes notice of the termination of the country's designation). 8 C.F.R. §§ 244.13, 244.10(e)(2).

7. My client was re-detained at the beginning of December 2024 after reporting for a scheduled ICE check-in appointment.  He remained detained by ICE for almost three

EXHIBIT L

months before he was abruptly removed to Mexico in late February 2025 even though his TPS application was pending at the time.

8.  Based on what he has told me when I spoke with him after the deportation, my client was not given advance notice of this removal to Mexico, nor was he given an opportunity to contest removal or express a fear of removal to Mexico.

9.  The client remains in Mexico today.  I have had limited communication with him because he is transient.  He does not have money or a phone—DHS refused to return his phone to him upon removal.  My understanding is that he is traveling on top of a train to the interior of the country, which is presumably safer than the border region. I am very concerned for his safety given high rates of violence and discrimination against migrants in Mexico.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 18th day of March 2025 at Austin, Texas.


Leslie Parra