# DECLARATION OF ZOEY JONES

I, Zoey Jones, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of New York. My business address is 177 Livingston Street, Floor 7, Brooklyn, New York 11201. I have been employed by Brooklyn Defender Services since September 2014. I am currently the Interim Director of the Immigration Practice. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I became a licensed attorney in 2012 and have practiced exclusively in immigration law since September 2014. I have represented more than one hundred noncitizens in removal proceedings before the Executive Office for Immigration Review (EOIR), the United States district courts, and the United States Court of Appeals for the Second Circuit. I have also filed hundreds of applications and petitions for immigration benefits and relief with U.S. Citizenship and Immigration Services (USCIS).

3. In my capacity as Interim Director, I supervise a team of immigration lawyers who represent individuals before EOIR and USCIS. This team frequently represents noncitizens who have final removal orders issued pursuant to 8 U.S.C. § 1229a (Section 240 proceedings) and final removal orders issued by the Department of Homeland Security pursuant to 8 U.S.C. § 1231(a)(5) (reinstatement orders). Statements by Immigration and Customs Enforcement (ICE) officers and recent events have led us to believe that some of these individuals are at high risk of removal to a nondesignated country where they fear persecution and torture. Some of these individuals are described below. All individuals are referred to by pseudonym.

4. AA was arrested by ICE and placed in withholding-only proceedings after ICE issued a reinstatement order. The only country designated for removal was Honduras. AA was released from ICE custody after paying bond. In 2024, AA was ordered removed to Honduras but was granted withholding of removal to Honduras. No appeals were filed. AA was not required to report to ICE following the grant of withholding of removal. Recently, however, a deportation officer ordered AA's family to report to ICE on a date in April and to bring valid passports and all immigration documents. ICE's order to report is highly unusual given that AA has a final grant of withholding of removal, was not already reporting to ICE, and has not incurred any new arrests. I believe this order to report may indicate that ICE intends to remove AA to a nondesignated country. AA fears persecution and torture if removed to El Salvador, Mexico, Honduras, and Guatemala. AA also fears removal to an unknown country that may in turn deport AA back to Honduras, where AA is likely to be persecuted and tortured.

EXHIBIT N

5. BB is from El Salvador. BB was arrested by ICE and placed in Section 240 proceedings. Only El Salvador was designated as a country of removal. In 2024, BB was ordered removed to El Salvador but was granted withholding of removal to El Salvador. No appeals were filed. In February 2025, ICE ordered that BB request travel documents from three specific consulates for nondesignated countries. Because BB was ordered to do so, BB complied with the request but has been unable to obtain travel documents to any of the nondesignated countries. BB nevertheless fears persecution and torture if removed to any of these three countries. BB also fears persecution and torture if removed to an unknown country that may in turn deport BB back to El Salvador, where BB is likely to be persecuted and tortured. ICE has not confirmed that it will refrain from removal to a nondesignated country where BB fears harm nor that it will comply with its other obligations concerning removals to nondesignated countries.

6. CC is from Venezuela. CC was arrested by ICE and placed in Section 240 proceedings. The only country designated for removal was Venezuela. CC was ordered removed to Venezuela in 2024. CC remains in ICE custody. CC has cooperated with ICE's attempts to obtain travel documents to Venezuela but has not been removed to Venezuela. ICE recently informed CC that CC would be "placed on a plane" but did not state to which country. CC fears that ICE intends to remove CC to the nondesignated country of El Salvador, as they recently admitted doing to hundreds of other Venezuelan individuals with final orders of removal on March 15 and 16. CC fears persecution and torture in El Salvador. Our office notified ICE of CC's fears of removal to these nondesignated countries and reminded ICE of its obligation to notify CC of the country to which CC will be removed and to reopen CC's proceedings if removal is intended to one of those countries. ICE has not confirmed that it will refrain from removal to a nondesignated country where CC fears harm nor that it will comply with its other obligations.

7. DD is from Venezuela. DD was placed in Section 240 proceedings. The only country designated for removal was Venezuela. In 2024, DD was ordered removed to Venezuela. DD is currently in ICE custody. DD has cooperated with ICE to obtain travel documents to Venezuela but nevertheless has not been removed to Venezuela. Recently, DD was transferred to a detention facility in Texas without notice to DD or DD's counsel. Based on recent events, I believe this may signal ICE's intent to remove DD to El Salvador or another nondesignated country, as they recently admitted doing to hundreds of other Venezuelan individuals with final orders of removal on March 15 and 16. DD fears persecution and torture in El Salvador. DD also fears persecution and torture in Honduras and Panama. Our office notified ICE of DD's fears of removal to these nondesignated countries and reminded ICE of its obligation to notify DD of the country to which DD will be removed and to reopen DD's proceedings if removal is intended to one of those countries. Subsequently, an immigration judge granted our motion to reopen DD's proceedings and stayed DD's removal. ICE has not confirmed that it will refrain

from removal to a nondesignated country where DD fears harm nor that it will comply with the Immigration Judge's order staying removal.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 19th day of March, 2025, at Brooklyn, NY

_____
Zoey Jones