## DECLARATION OF ELYSSA N. WILLIAMS

I, Elyssa N. Williams, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.   I am a practicing attorney licensed to practice before the State of New York.  My business address is 360 E. 161st Street, Bronx, New York, 10451. I am currently employed as the Interim Legal Director at the Bronx Defenders and have worked at the organization since 2018 as a Staff Attorney, Supervising Attorney and Senior Legal Counsel. I am over the age of 18 and am competent to testify regarding the matters described below.

2.   I have practiced immigration law since 2010, representing hundreds of noncitizens in removal proceedings before the Executive Office for Immigration Review (EOIR), federal courts and with applications and petitions for immigration benefits or relief filed with U.S. Citizenship and Immigration Services (USCIS).

3.   At the Bronx Defenders we represent individuals with: (a) final removal orders in removal proceedings pursuant to 8 U.S.C. § 1229a (Section 240 proceedings); and (b) final removal orders issued by the Department of Homeland Security pursuant to 8 U.S.C. § 1231(a)(5) (reinstatement orders) or 8 U.S.C. § 1228(b) (238b orders).

4.   Our client, A.A., is a citizen of the Dominican Republic. A.A. was placed into Section 240 removal proceedings and detained in ICE custody.  The Immigration Judge in his case designated the Dominican Republic, and no other country, as the country of removal.  A.A. was granted deferral of removal under the Convention Against Torture ("CAT").  His application for CAT was based on his fear of torture by a cartel. The Department of Homeland Security waived appeal.

5.   A.A. remains detained in ICE custody.  Recently, A.A. informed us that ICE stated that they are looking for a third country to remove him to.  A.A. has a fear of removal to any country where the cartel he fears operates.  ICE has not provided A.A. any information about an opportunity to express fear of removal to a third country.

6.   Our former client, B.B., is a citizen of Venezuela.  B.B. was placed into section 240 removal proceedings and detained in ICE custody.  The Immigration Judge in his case designated Venezuela, and no other country, as the country of removal. The Immigration Court ordered B.B. removed.  B.B. had a pending application for Temporary Protected Status and a pending I-130 Petition for Alien Relative based on his marriage to a U.S. Citizen.

7.   In March 2025, the attorney who had represented B.B. in removal proceedings

EXHIBIT V

spoke with an ICE Deportation Officer who informed him that B.B. had been recently removed to San Salvador, El Salvador. Based on our communications with B.B., it does not appear that B.B. was ever informed that he was going to be removed to a third country. B.B. had been preparing for a review of his custody and his attorney submitted documents to ICE in support of release. The attorney who represented B.B. in removal proceedings last spoke with B.B. on March 13, 2025. Since then, we have not spoken with B.B. and the ICE detainee locator now shows that he is not in ICE custody. B.B.'s attorney was never informed that B.B. would be removed to a third country. At no point did B.B. share with his legal team that he had been informed about removal to a third country. B.B. was not provided with advanced notice prior to his deportation to El Salvador, and DHS did not provide an opportunity to contest removal on the basis of fear to removal to a third country.

8. Our client, C.C., is a citizen of Venezuela. He was placed into section 240 removal proceedings and detained in ICE custody. In February 2025, C.C. was ordered removed and he waived appeal. C.C.'s attorney has been in communication with the assigned ICE Deportation Officer. The DO has C.C.'s Venezuelan identity documents and has indicated that C.C. is on a list for removal. The DO has not provided C.C. with any information about an opportunity to express a fear of removal to a third country. Based on experiences with other clients, we believe that C.C. will be removed to a third country such as El Salvador or Mexico.

9. Our client, D.D., is a citizen of Gambia. D.D. was placed into section 240 removal proceedings and was ordered removed. D.D. was recently asked to report to the ICE field office for the purpose of removal. ICE has not provided D.D. with any information about an opportunity to express a fear of removal to a third country. We believe that D.D. will be removed to a third country because Gambia does not regularly accept deportees.

10. A former client, E.E., recently called us because ICE abruptly asked him to return for a check-in within just two months of his previous one. Our former client was granted CAT over a decade ago. He informed us that he had previously only had to check in once a year.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 21st day of March 2025 at New York, New York.

*Elyssa Williams*
Elyssa N. Williams, Esq.