## DECLARATION OF PAUL O'DWYER

I, Paul O'Dwyer, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of New York. My business address is 11 Broadway, Suite 715, New York NY 10004. I have been employed as an immigration attorney with my own practice for over twenty-five years. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I have practiced mostly immigration law since the late 1990s, representing hundreds of noncitizens with applications and petitions for immigration benefits or relief filed with U.S. Citizenship and Immigration Services (USCIS), with a particular focus on people seeking asylum, as well as in in removal proceedings before the Executive Office for Immigration Review (EOIR) and federal courts.

3. I have represented numerous individuals in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b), in reinstatement of removal proceedings pursuant to 8 U.S.C. § 1231(a)(5), in credible and reasonable fear interviews pursuant to 8 C.F.R. § 1208.31, as well as in withholding of removal proceedings before the EOIR.

4. I have represented EO in his immigration matters since on or about 2012.

5. EO is a forty-three-year-old native and citizen of Peru. He attempted to enter the US in 2000, using a fake Peruvian passport. He was detained by immigration inspection officers and stated that he was fearful of being returned to Peru and

EXHIBIT X

requested an asylum hearing, but then withdrew that request, and was deported back to Peru.  He re-entered the US in 2002.

6. In August 2012, EO filed an application for asylum and withholding of removal, claiming a fear of persecution on account of his sexual orientation if returned to Peru.

7. In October 2012, when EO appeared for his asylum interview, ICE re-instated the 2000 removal order, ordering that he be removed to Peru, and took him into custody.  In November 2012, after a "reasonable fear" interview by an asylum officer, EO was found to have a reasonable fear of persecution if returned to Peru, and placed in "withholding-only" proceedings before an Immigration Judge.

8. In February 2013, EO was released from ICE custody on an order of supervision.

9. On May 16, 2017, the Immigration Judge granted EO's application for withholding of removal, and DHS waived any appeal from that decision.

10. Since then, EO has continued to live in New Jersey.  He has been consistently employed and files and pays taxes every year and has never been arrested or charged with a crime.

11. EO has also been fully compliant with the terms of his order of supervision, checking in with ICE in person each year.

12. On February 25, 2025, at his annual ICE check in, EO was told by his deportation officer that he had to return to ICE on March 25 with his passport and a ticket to leave the country, and that if he did not do so, ICE would come to his home and detain and deport him to a third country.  This was the first time ICE

      had stated to EO that he faced possible deportation to a third country, and they did not identify which country they intended to deport him to. EO is not a citizen or national of any country other than Peru, and does not have the right to live or reside in any other country.

13. On or about March 14, I filed a petition for a writ of habeas corpus on behalf of EO in the US District Court for the District of New Jersey, and notified the local US Attorney's Office of my intention to file a TRO, to enjoin his detention and removal while the petition was being decided. Subsequently, ICE notified EO that his check-in date had been extended and that they did not intend to detain him at this check-in.

Executed this 21st day of March 2025 at New York, NY.

*Paul O'Dwyer*
Paul O'Dwyer