# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **D.V.D**, *et al.*<br>　　　　**Plaintiffs,**<br><br>v.<br><br>**U.S. Department of Homeland Security**, *et al.*<br><br>　　　　**Defendants.** | :<br>:<br>:<br>:  CIVIL NO.: 2:25-cv-10676-BEM<br>:<br>:<br>:<br>:<br>:<br>: |

**DECLARATION OF BRIAN ORTEGA**

I, Brian Ortega, declare the following under 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. I am employed by U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), as the Assistant Field Office Director (AFOD) for the ERO Phoenix Field Office. I have held this position since January 2022. Included in my official duties as an AFOD in the ERO Phoenix Field Office is the responsibility of assisting in and the managing, monitoring, scheduling, and executing removal orders for aliens in ICE custody at the Eloy Detention Center in Eloy, Arizona.

1

2. I provide this declaration based on information provided to me in my official capacity, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business.

3. I am aware of the above captioned litigation. While preparing this declaration, I reviewed information contained in the official records and databases maintained by ICE regarding the immigration and custody status of the named Plaintiffs, ███ ███ ███ ███ (O.C.G.), ███ ███ ███ ███ (E.F.D.), ███ ███ ███ (D.V.D.), and ███ ███ ███ (M.M.). I am therefore familiar with the facts and circumstances regarding the Plaintiffs' immigration proceedings and state as follows:

**███ ███ ███ ███ (O.C.G.)**

4. O.C.G. is a 30-year-old, native and citizen of Guatemala.

5. O.C.G. entered the United States on March 27, 2024, at or near Santa Teresa, New Mexico without being admitted or paroled by an immigration official. On this same date, United States Border Patrol (USBP) agents arrested O.C.G. and issued him an expedited removal under 8 U.S.C. § 1225.

6. On or about April 2, 2024, ICE removed O.C.G. to Guatemala.

7. On May 5, 2024, O.C.G. re-entered the United States at or near Sasabe, AZ,

without being admitted or paroled by an immigration official. On this same date, USBP agents arrested O.C.G.

8. On May 6, 2024, USBP agents issued O.C.G. a Notice of Intent/Decision to Reinstate Prior Order under 8 U.S.C. § 1231(a)(5). On this same date, O.C.G. claimed fear of returning to Guatemala.

9. On or about May 7, 2024, USBP agents transferred O.C.G. to the Eloy Detention Center in Eloy, AZ, pending a reasonable fear interview with an asylum officer.

10. On or about June 11, 2024, the asylum officer made a positive reasonable fear determination and O.C.G.'s case was referred to an immigration judge.

11. On February 19, 2025, an immigration judge in Eloy, AZ issued an order granting O.C.G.'s request for withholding of removal to Guatemala under 8 U.S.C. § 1231(b)(3).

12. On or about January 31, 2025, ERO Phoenix was advised that Mexico was accepting removals from other countries, such as Guatemala, El Salvador, and Nicaragua. Based on this information, ERO scheduled O.C.G. for removal to Mexico.

13. On or about February 21, 2025, prior to O.C.G being removed to Mexico, ERO verbally asked O.C.G. if he was afraid of being returned to Mexico. At this time, O.C.G. stated he was not afraid of returning to Mexico.

14. On or about February 21, 2025, ICE removed O.C.G. to Mexico.

███ ███ ███ (E.F.D.)

15. E.F.D. is a 35-year-old, native and citizen of Ecuador.

16. E.F.D. entered the United States at an unknown time, date and place.

17. On or about October 20, 2015, immigration officials encountered E.F.D. shortly after his entry into the United States. He was placed in expedited removal proceedings under 8 U.S.C. §1225 and after a positive credible fear finding E.F.D was placed in removal proceedings under 8 U.S.C. §1229(a) as an arriving alien with no valid entry document.

18. On or about April 12, 2018, an immigration judge in Boston, MA ordered the removal of the E.F.D. to Ecuador but granted him withholding of removal under the Convention Against Torture.

19. On or about June 11, 2018, E.F.D was released by ERO on an order of supervision.

20. On March 18, 2025, ERO Boston arrested E.F.D. and revoked his order of supervision based upon ERO's intention to remove E.F.D to a third country. On this same date, ERO Boston placed him in ICE custody at the Plymouth County Correctional Facility, in Plymouth, MA.

21. As of the date of this declaration, E.F.D.'s removal has not yet been scheduled.

22. ERO Boston is aware this Court's March 23, 2025, order requiring forty-eight hours' notice prior to any transfer of E.F.D. outside the jurisdiction of the United States District Court of Massachusetts.

███████████ (D.V.D.)

23. D.V.D. is a 52-year-old native and citizen of Cuba.

24. D.V.D. was placed in removal proceedings under 8 U.S.C. § 1229a, after he applied for entry from Mexico into the United States through the San Ysidro Port of Entry on or about December 26, 2011.

25. On August 21, 2013, an immigration judge in San Diego, CA administratively closed D.V.D.'s removal proceedings.

26. On or about January 12, 2017, D.V.D. again applied for admission from Mexico into the United States at the San Ysidro Port of Entry.

27. On or about January 15, 2017, D.V.D. was placed in ICE custody at Otay Mesa Detention Center.

28. On or about January 23, 2017, DHS moved to re-calendar D.V.D.'s removal proceedings and change venue to Otay Mesa Detained Docket, in San Diego California.

29. On February 10, 2017, an immigration judge in San Diego, California denied D.V.D.'s request for voluntary departure to Cuba and ordered his removal to Cuba.

30. D.V.D. filed an appeal of this decision but then withdrew his appeal before the Board of Immigration Appeals (BIA). The BIA, with nothing new pending before it, returned the record to the Immigration Court without further action on April 12, 2017.

31. On or about May 16, 2017, D.V.D. was booked out of Otay Mesa Detention Center and released on an order of supervision.

32. D.V.D. is scheduled to check in with ERO Boston on March 28, 2025.

33. As of the date of this declaration, D.V.D is not in ICE custody.

██████ ████ ███ (M.M.)

34. M.M. is a 43-year-old native and citizen of Honduras.

35. On or about May 29, 2014,[1] USBP agents encountered M.M. in the Rio Grande Valley, Texas Border Patrol Sector. A USBP agent determined M.M. had unlawfully re-entered the United States from Mexico.

36. During this encounter, M.M. was processed for Reinstatement of Prior Order of Removal under 8 U.S.C. § 1231(b)(5). On May 31, 2014, M.M. was transferred into ICE custody but released on an Order of Supervision on this same date.

37. On July 19, 2021, an immigration judge in Dallas, Texas granted M.M.'s

---

[1] M.M. has a previous apprehension from May 12, 2006, and was processed as an expedited removal and removed through the Albuquerque, NM Port of Entry on June 9, 2006.

request for withholding of removal to Honduras under 8 U.S.C. § 1231(b)(3).

38. M.M. was subsequently enrolled in the Alternatives to Detention (ATD) program.

39. Records reveal that M.M.'s last ATD check in was on February 21, 2025, with ERO Dallas.

40. As of the date of this declaration, M.M. is not in ICE custody.

I declare, under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, as of the time of signature.

Executed this _25th___ day of March, 2025.

BRIAN A ORTEGA
Digitally signed by BRIAN A ORTEGA
Date: 2025.03.25 12:58:05 -07'00'
_____

Brian Ortega
Assistant Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security