## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>   Defendants. | No. 1:25-cv-10676-BEM |

## DEFENDANTS' MOTION FOR AN INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1

i

## MOTION FOR INDICATIVE RULING

Defendants respectfully seek an indicative ruling that, if the Court of Appeals remanded the case, this Court would dissolve its Temporary Restraining Order (TRO)—*see* ECF Nos. 34, 40—in light of guidance issued earlier today that addresses the concern that drove the Court to issue that order this past Friday.

Specifically, the Department of Homeland Security (DHS) today issued the attached "Guidance Regarding Third Country Removals," which applies to aliens with final orders of removal. Exh. A. This guidance provides that, before an alien's removal to a country that had not previously been designated as the country of removal, DHS must determine whether that country has provided diplomatic assurances that aliens removed from the United States will not be persecuted or tortured. *Id.* at 1. If the United States has received such assurances, and if the U.S. Department of State (DOS) believes those assurance to be credible, the alien may be removed without the need for further procedures. *Id.* at 1-2.

If the United States has not received those assurances, or if the DOS does not believe them to be credible, DHS will provide the alien with notice of the third country and an opportunity to assert a fear of return to that third country. If an alien asserts a fear of return to that third country, U.S. Citizenship and Immigration Services (USCIS) will screen the alien for eligibility for protection under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture (CAT) for the country of removal. *Id.* at 2. Then, "USCIS will determine whether the alien would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal." *Id.* "If USCIS determines that the alien has met this standard and the alien was not previously in proceedings before the Immigration Court, USCIS will refer the matter to the Immigration Court

in the first instance."[1] *Id.* *"*In cases where the alien was previously in proceedings before the Immigration Court," U.S. Immigration and Customs Enforcement (ICE), Office of the Principal Legal Advisor (OPLA)[2] "may file a motion to reopen with the Immigration Court or Board of Immigration Appeals, as appropriate, for further proceedings for the sole purpose of determining eligibility for protection under [8 U.S.C. § 1231(b)(3)] and CAT for the country of removal. Alternatively, ICE may choose to designate another country for removal." *Id.*

Setting aside the fact the Court has no jurisdiction, this guidance eliminates any possible basis for the Court's TRO. *See, e.g.*, 8 U.S.C. § 1252(a)(4), (5), (b)(9), (f)(1), and (g); Foreign Affairs Reform and Restructuring Act of 1998 § 2242(b). The guidance ensures that Plaintiffs and those similarly situated will receive "notice of where they are being taken and a meaningful opportunity to show that, if taken there, they will likely be subject to persecution, torture, or death." ECF No. 40 at 5. Thus, the guidance would dictate the opposite answer to the hypothetical question posed by the Court at oral argument and referenced in its opinion. *See id.* at 4. In addition, the guidance clarifies that "DHS will follow existing procedures" for aliens who have an "ongoing proceeding in which to raise a claim under INA § 241(b)(3) or the Convention Against Torture." Ex. A at 1 n.2. It therefore confirms that the government's representations to the Supreme Court in *Riley v. Bondi*, No. 23-1270 (S. Ct. Mar. 24, 2025), and *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) accurately capture DHS's current practices in cases involving active withholding proceedings before an Immigration Judge or the Board of Immigration Appeals.

---

[1] As the guidance explains, this screening is similar to the screening DHS provides under title 42 of the U.S. Code and with respect to contiguous territory return under 8 U.S.C. § 1225(b)(2)(C).

[2] OPLA is the arm of DHS tasked with, *inter alia,* representing the government in before the Immigration Court and Board of Immigration Appeals.

The guidance provides the process described above in a manner consistent with Congress's intent to channel all claims related to removal through the administrative process, while preserving DHS's discretion over matters related to the removal process and the implementation of the CAT. *See* 8 U.S.C. §§ 1231(h), 1252(a)(4), (a)(5), (b)(9); ECF No. 38 at 4-9. Additionally, because the guidance directs DHS to provide notice of removal to the third country, it is no longer "unrealistic to expect Plaintiffs to be able to make the necessary, country-specific showings." ECF No. 40 at 7.

As this Court indicated during the hearing on Plaintiffs' motion, Defendants are entitled to issue guidance to satisfy any potential due process concerns. Defendants have now done so. The asserted facts on which this Court relied to issue the TRO (which Defendants dispute) are now demonstrably untrue and there is no longer any plausible reason for an injunctive order. Thus, there is no longer any basis for emergency relief in light of this new guidance.

Considering the jurisdictional consequences of the government's appeal, this Court should issue an indicative ruling under Rule 62.1 that it will dissolve its TRO because Plaintiffs can no longer meet the standard for such extraordinary relief. Dissolution at this juncture is particularly warranted because this Court lacks jurisdiction to issue the relief in the first instance. *See* ECF No. 38 (arguing that this Court lacked jurisdiction to issue its TRO and noting the irreparable harm the Court's TRO could cause the government and the public interest).

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court issue an indicative ruling that it would dissolve the TRO if the case were remanded by the First Circuit.

Respectfully submitted,

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | /s/*Mary L. Larakers*<br>MARY L. LARAKERS<br>Senior Litigation Counsel |
| DREW ENSIGN<br>Deputy Assistant Attorney General | U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station |
| EREZ REUVENI<br>Acting Deputy Director | Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile) |
| ELIANIS N. PEREZ<br>Assistant Director | mary.l.larakers@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: March 30, 2025

      /s/ *Mary L. Larakers*
      Mary Larakers
      Senior Litigation Counsel