UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>   Defendants. | No. 1:25-cv-10676-BEM |

**<u>DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>**

i

## INTRODUCTION

Defendants once again urge this Court to deny Plaintiffs' motion for preliminary injunctive relief. Contrary to this Court's memorandum granting Plaintiffs' motion for a temporary restraining order, Plaintiffs have final, executable orders of removal which this Court lacks the jurisdiction to stay or otherwise disturb. This Court also lacks jurisdiction to grant Plaintiffs' motion for classwide preliminary injunctive relief because it would enjoin and restrain DHS's operation of the removal statute in 8 U.S. C. § 1231. *See* 8 U.S.C. § 1252(f)(1). Finally, now that Defendants have issued Guidance granting aliens with final orders of removal additional procedures to ensure that they will not be persecuted or tortured if returned to a third country, Plaintiffs cannot show that they will suffer irreparable harm in the absence of an injunction. Therefore, this Court should deny Plaintiffs' motion for preliminary injunctive relief.

## PROCEDURAL BACKGROUND

Plaintiffs filed the instant Complaint on March 23, 2025 (ECF No. 1), and that same day, filed a Motion for Class Certification (ECF No. 4), and a Motion for a Temporary Restraining Order, Preliminary Injunction, and Stay of Administrative Action ("Plaintiff's Motion") (ECF Nos. 6-7). On March 25, 2025, Defendants filed an Opposition to Plaintiff's Motion. ECF No. 31. On March 28, 2025, this Court held a hearing on Plaintiffs' Motion, and after hearing argument from the parties, entered a Partial Temporary Restraining Order ("TRO") that same day, granting Plaintiffs' Motion in part. ECF No. 34. The Court's TRO enjoined Defendants from removing the named Plaintiffs, and "any individual subject to a final order of removal from the United States to a third country, i.e., a country other than the country designated for removal in immigration proceedings, UNLESS and UNTIL Defendants provide that individual . . . with written notice of the third country to where they may be removed, and UNTIL Defendants provide a meaningful opportunity for that individual to submit an application for [Convention Against Torture (CAT)]

1

protection . . . "). *Id.* Just hours later, Defendants filed a Motion for Partial Stay of the Temporary Restraining Order ("Defendants' Stay Motion) (ECF No. 38) in this Court and simultaneously filed a Notice of Appeal (ECF No. 35) and an Emergency Motion for Stay Pending Appeal and Immediate Administrative Stay in the First Circuit Court of Appeals. *See* D.V.D. v. DHS, No. 25-1311. On March 29, 2025, the Court entered an order denying Defendants' Stay Motion and issued a memorandum expanding on the basis for its TRO. ECF Nos. 40-41.

On March 29, 2025, Defendants filed a 28(j) Notice of Supplemental Authority ("28(j) Notice") in the First Circuit Court of Appeals informing the First Circuit of developments in this Court with respect to Defendants' Stay Motion. On March 30, 2025, Defendants issued new Guidance regarding DHS's removal of aliens with final orders of removal pursuant to INA §§ 240, 241(a)(5), or 238(b) to a third country and moved in this Court for an indicative ruling under Federal Rule of Civil Procedure 62.1. ECF No. 43.

This guidance provides that, before an alien's removal to a country that had not previously been designated as the country of removal, DHS must determine whether that country has provided diplomatic assurances that aliens removed from the United States will not be persecuted or tortured. ECF No. 43-1 at 1. If the United States has received such assurances, and if the U.S. Department of State (DOS) believes those assurance to be credible, the alien may be removed without the need for further procedures. *Id.* at 1-2.

If the United States has not received those assurances, or if the DOS does not believe them to be credible, DHS will first inform aliens with final orders of removal pursuant to sections 240, 241(a)(5), or 238(b) of INA, 8 U.S.C. §§ 1229a, 1231(a)(5), 1228(b) of removal to a third country. ECF No. 43-1 at 2. This notice will allow the alien an opportunity to assert a fear of removal to that third country. *Id.* If an alien asserts a fear of return to that third country, U.S. Citizenship and

Immigration Services (USCIS) will screen the alien for eligibility for protection under 8 U.S.C. § 1231(b)(3) and the CAT for the country of removal. *Id.* at 2. "In cases where the alien affirmatively states a fear, USCIS will generally screen the alien within 24 hours of referral from the immigration officer." *Id.* Then, "USCIS will determine whether the alien would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal." *Id.* "If USCIS determines that the alien has not met this standard, the alien will be removed." *Id.* "If USCIS determines that the alien has met this standard and the alien was not previously in proceedings before the Immigration Court, USCIS will refer the matter to the Immigration Court in the first instance." *Id.* "In cases where the alien was previously in proceedings before the Immigration Court," the U.S. Immigration and Customs Enforcement (ICE), Office of the Principal Legal Advisor (OPLA) "may file a motion to reopen with the Immigration Court or Board of Immigration Appeals, as appropriate, for further proceedings for the sole purpose of determining eligibility for protection under [8 U.S.C. § 1231(b)(3)] and CAT for the country of removal. Alternatively, ICE may choose to designate another country for removal." *Id.*

On April 1, 2025, Plaintiffs filed an opposition to Defendants motion for an emergency stay in the First Circuit and Defendants filed a reply. Defendants' motion remains pending.

Defendants now file this memorandum addressing this Court's Memorandum, Plaintiffs' arguments at the TRO hearing, and Plaintiffs' inability to demonstrate irreparable harm in the absence of an injunction given DHS's issuance of new guidance.

## ARGUMENT

I. **This Court Lacks Jurisdiction to Issue a Nationwide Classwide Injunction under 8 U.S.C. § 1252(f)(1).**

As explained by the Supreme Court, "§ 1252(f)(1) generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce,

3

implement, or otherwise carry out the specified statutory provisions." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). Those statutory provisions specifically include "implementation and enforcement of the immigration laws governing the … *removal of aliens*." *Id.* at 549-50 (emphasis added).

Section 1252(f)(1) thus plainly bars the classwide relief Plaintiffs seek. They seek an order compelling federal officials to provide additional procedures before removing aliens with final orders of removal under § 1231. Such injunctions barring execution of removal orders unless additional conditions are satisfied are *precisely* what § 1252(f)(1) prohibits, as confirmed by the Supreme Court in *Aleman Gonzalez*.

In response, Plaintiffs argue that § 1252(f)(1) does not apply because "the [Convention Against Torture] Statute is a totally separate statute from the Immigration and Nationality Act." TRO Hr'g Tr. at 64. But the Supreme Court in *Aleman Gonzalez* specifically agreed with the Government's position that "the 'operation of the provisions' [in § 1252(f)(1)] is a reference 'not just to the statute itself *but to the way that it is being carried out."* 596 U.S. at 550 (emphasis added) (alteration omitted). Plaintiffs' objections based on the CAT-related provisions in section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA) (8 U.S.C. § 1231 note) are precisely objections to how removal operations are being "carried out" under § 1231 and are equally barred by § 1252(f)(1). Indeed, it is well-established that a "party may not expand a court's jurisdiction by creative pleading." *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *see also Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951). As *Aleman*

4

*Gonzalez* makes clear, it is the effect on the government's *operation* of the covered provisions that matters, not the plaintiffs' framing of their claim. 596 U.S. at 552-54.

Because §1252(f)(1) and *Aleman Gonzalez* squarely preclude injunctions enjoining or restraining removal operations, the district court's order is impermissible, and Defendants are likely to prevail on their appeal.

## II. Plaintiffs' Claims are Barred by Section 1252(g).

Plaintiffs' claims, which seek to prohibit ICE from executing, valid final orders of removal, are separately and explicitly barred by §1252(g), which eliminates district court jurisdiction over claims arising from the government's actions to execute removal orders.

Plaintiffs' argument to the contrary relies on a discretionary versus non-discretionary dichotomy that contradicts the statute's plain language. *See* TRO Tr. at 39-40. Section 1252(g) bars "any cause or claim . . . arising from the decision or action by the Attorney General to . . . execute removal orders." But the statute, by its terms, applies to *any* claim and does not include the extratextual limit that Plaintiffs propose. Indeed, courts of appeals across the country have repeatedly rejected Plaintiffs' proposed dichotomy because it contradicts the statute's plain language. *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022); *Camarena v. Dir., ICE*, 988 F.3d 1268, 1273 (11th Cir. 2021); ("[T]hat statute does not offer any discretion-versus-authority distinction of the sort they claim."); *E.F.L. v. Prim,* 986 F.3d 959, 964-65 (7th Cir. 2021); *Foster v. Townsley,* 243 F.3d 210, 214 (5th Cir. 2001); *Tsering v. U.S. Immigr. & Customs Enf't,* 403 F. Appx. 339, 342-43 (10th Cir. 2010).

Plaintiffs' reliance on *Reno v. Am.-Arab Anti-Discrimination Comm.* (*AADC*)*,* 525 U.S. 471 (1999), is misplaced. *See* TRO Tr. at 39. "Although the [Supreme] Court [in *AADC*] emphasized the importance of preserving the Attorney General's discretionary functions in the three enumerated categories, it did not explicitly state that the provision applies *only* to review of

5

discretionary decisions . . . ." *Townsley*, 243 F.3d at 214. Rather, the Court merely made the obvious point that §1252(g) applies to the government's discretionary decisions regarding the three actions listed in the statute, and it did so because the selective enforcement claim they were examining involved such a discretionary decision. The Court said *nothing* about purported legal challenges to the actions listed in §1252(g), and certainly did not give district courts carte blanche to review those challenges. Courts of appeal analyzing Plaintiffs' instant argument have rejected reliance on *AADC* for this purpose.

Plaintiffs' reliance on *Kong v. United States*, 62 F.4th 608 (1st Cir. 2023), is equally misplaced. TRO Hr'g. Tr. at 39-40. There, the alien plaintiff brought a suit under the Federal Tort Claims Act claiming damages related to his allegedly unlawful detention. *Kong,* 62 F.4th at 617-18. Analyzing §1252(g)'s "arising from" language, the Court held §1252(g) did not bar Kong's claim raising legal challenges to his *detention* because his arrest and detention were collateral to his removal, and he did not "challenge the decision to try and execute his removal." *Id.* at 616-17. The Court did not, as Plaintiffs suggest, recognize a carve out in §1252(g) for legal challenges like Plaintiffs' that seek to prohibit their removal. *Id.* at 617. It couldn't have because Kong's claims arising from ICE's alleged failure to follow a detention regulation and corresponding request for monetary damages do not resemble Plaintiffs' claims here. *Id.*

By its plain terms, § 1252(g) bars Plaintiffs' claims.

### III. Section 1252(a)(4), (a)(5), and (b)(9) Also Bar Plaintiffs' Claims.

Section 1252(a)(4), (a)(5) and (b)(9) also bar Plaintiffs' claims. Plaintiffs make much of language interpreting § 1252(b)(9) narrowly in the Supreme Court's decision on immigration detention in *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018). TRO Hr'g. Tr. at 40. But Plaintiffs fail to grapple with the real paths to administrative relief available to them which form the foundation for this court's lack of jurisdiction under §1252(b)(9). The Court's decision in *Aguilar*

6

*v. U.S. Immigr. & Customs Enf't*, 510 F.3d 1, 11 (1st Cir. 2007), clarified that § 1252(b)(9) bars claims that can be "raised efficaciously within the administrative proceedings delineated in the INA." *Id.* at 11; *see also* 8 U.S.C. § 1231(h) ("Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.").

Now that DHS has issued Guidance, Plaintiffs' claims are plainly foreclosed by §1252(b)(9) because the Guidance establishes safeguards and calls for sufficiently reliable assurances that an alien who will be removed to a third country will not be persecuted tortured. The alien may be removed to the third country if that country has provided diplomatic assurances that aliens removed from the United States will not be persecuted or tortured and DOS believes those assurances to be credible. If those assurances are absent or determined not to be credible, the Guidance provides a process under which Plaintiffs can assert fear of removal to the third country to DHS and have that claim considered by USCIS. If USCIS determines that the alien would more likely than not be persecuted on a statutorily protected ground or tortured in the third country, USCIS will refer the matter to the Immigration Court in the first instance; for cases where the alien was previously in proceedings before the Immigration Court, ICE OPLA may file a motion to reopen for further proceedings for the sole purpose of determining eligibility for protection from removal or, alternatively, ICE may choose to designate another country for removal.

Separate from this Guidance, to the extent Plaintiffs have a fear of removal to a third country, they can assert that fear at any time to DHS or, as appropriate, to the immigration court or the Board of Immigration Appeals via a motion to reopen. While the type of motion to reopen available differs from alien to alien, any alien can seek to reopen their proceedings to assert a new fear through the *sua sponte* motion to reopen process which does not carry the 90-day time

limitation mentioned by Plaintiffs. *See* TRO Hr'g Tr. at 48; *Charles v. Garland*, 113 F.4th 20, 23 (1st Cir. 2024) (describing the *sua sponte* motion to reopen process under 8 C.F.R. §1003.2 and providing for review of denials of such motions in limited circumstances).

Plaintiffs focus on the lack of notice regarding the country of removal as if their fear depends on receiving that notice. It does not. Plaintiffs know the countries to which they have a fear of removal, and they can assert those fears to DHS or move to reopen their proceedings at any time, including once they are advised about the country of removal pursuant to the Guidance or otherwise. To the extent Plaintiffs claim that due process requires notice of removal to the third country, they can also make that claim through the administrative process. Plaintiffs know that this process is available but would rather seek relief in the district court because it is more convenient.[1] This is precisely the scenario Congress intended to preclude with §1252(b)(9). This Court should give effect to Congress' plain intent and stay the district court's illegal injunction because §1252(b)(9) bars Plaintiffs' claims.

**IV.    FARRA and 8 U.S.C. § 1252(a)(4) also Preclude this Court from Issuing an Injunction.**

---

[1] In fact, the National Immigration Litigation Alliance, to whom several of Plaintiffs' counsel belong, issued a practice advisory regarding the motion to reopen process for aliens like Plaintiffs including template motions to reopen and letters to DHS to assert fear of return to third countries. *See* National Immigration Litigation Alliance, New Advisory: Protecting Noncitizens Granted Withholding of Removal or CAT Protection Against Deportation to Third Countries Where They Fear Persecution/Torture, *available at* https://immigrationlitigation.org/new-advisoryprotecting-noncitizens-granted-withholding-of-removal-or-cat-protection-against-deportation-to-third-countries-where-they-fear-persecution-torture/, (Jan. 30, 2025).

The district court's order forces Defendants to implement the CAT via additional and different procedures beyond those adopted in DHS's implementing regulations. Even apart from the arguments pressed above, the court had no jurisdiction to award this relief.

The CAT is not self-executing. *See Medellin v. Texas*, 552 U.S. 491, 505, 520 (2008); *Saint Fort v. Ashcroft*, 329 F.3d 191, 202 (1st Cir. 2003). Rather, it is only operative domestically insofar as Congress implements it by statute. Congress, in its discretion, implemented it by directing the issuance of regulations, expressly depriving courts of jurisdiction to review those regulations, and channeling all review of individual CAT claims into review of final orders of removal. FARRA § 2242(d); *see also* 8 U.S.C. § 1252(a)(4) (explaining that "a petition for review" is the "sole and exclusive means for judicial review of any cause or claim under the [CAT]").

To the extent Plaintiffs argue that they do not seek to rewrite or challenge the CAT regulations, that is simply untrue. Plaintiffs request relief preventing DHS from exercising its statutory removal authority unless and until it implements the CAT in a different way and provides specific additional procedures beyond those provided by the current regulations (*i.e.*, "written notice" of the third country to where the alien may be removed and a "meaningful opportunity" to lodge a CAT claim). ECF No. 6-1 at 3. Because FARRA § 2242(d) and 8 U.S.C. § 1252(a)(4) together make clear that the district court is without authority to force DHS to implement any particular CAT procedures beyond what is in DHS's regulations, this Court should deny Plaintiffs' motion.

## V. Plaintiffs Cannot Demonstrate They Would Suffer Irreparable Harm Absent a Preliminary Injunction.

Even if this Court has jurisdiction, Plaintiffs cannot meet their burden to show they will suffer irreparable harm absent an injunction because DHS's new guidance provides whatever additional procedures Due Process may require. The guidance provides that DHS must, at a

minimum, make a determination whether the third country "has provided diplomatic assurances that aliens removed from the United States will not be persecuted or tortured" and, if so, whether "the Department of State believes those assurances to be credible." ECF No. 43-1 at 1. If it has, that is the end of the inquiry and this Court may not question such determination. *See*, *e.g.*, *Kiyemba v. Obama*, 561 F.3d 509, 514 (D.C. Cir. 2009) ("Under [the Supreme Court's decision in] *Munaf* [*v. Geren*, 553 U.S. 674 (2008)]*,* however, the district court may not question the Government's determination that a potential recipient country is not likely to torture a detainee."); *Khouzam v. Attorney General*, 549 F.3d 245 (3d Cir. 2008) (section 1252(a)(4) precludes district court review of a determination on diplomatic assurances). The Guidance further provides that in the absence of such credible diplomatic assurances, Plaintiffs will be given "notice of where they are being taken and a meaningful opportunity to show that, if taken there, they will likely be subject to persecution, torture, or death" consistent with this Court's order. ECF No. 40 at 5. The guidance provides this process in a manner consistent with Congress's intent to channel all claims related to removal through the administrative process, preserve DHS's discretion over matters related to the removal process, and discretion over the implementation of the CAT. *See* 8 U.S.C. §§ 1231(h), 1252(a)(4), (a)(5), (b)(9); ECF No. 38 at 4-9.

As this Court indicated during the hearing on Plaintiffs' motion, Defendants are entitled to an opportunity to issue guidance to satisfy any due process concerns. TRO Hr'g. at 58. Defendants have now done so, and neither Plaintiffs' complaint nor their motion for a temporary restraining order provide any basis for emergency relief in light of this new guidance which, in several ways, protects Plaintiffs from being removed to a third county where they may be persecuted or tortured. This Court should therefore deny Plaintiffs' motion for a preliminary injunction because Plaintiffs cannot meet the standard for such extraordinary relief.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' motion for a preliminary injunction.

Respectfully submitted,

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | /s/*Mary L. Larakers*<br>MARY L. LARAKERS<br>Senior Litigation Counsel |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station |
| EREZ REUVENI<br>Acting Deputy Director | Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile) |
| ELIANIS N. PEREZ<br>Assistant Director | mary.l.larakers@usdoj.gov |

## CERTIFICATE OF SERVICE

      I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: April 4, 2025

/s/ *Mary L. Larakers*
Mary L. Larakers
Senior Litigation Counsel