IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10136-FF

_____

GURBINDER SINGH,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

Before: MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

BY THE COURT:

    On January 12, 2015, Gurbinder Singh filed a petition for review in this Court of the Board of Immigration Appeals' dismissal of his appeal of a final order of removal. In conjunction with his petition, Mr. Singh filed motions to proceed *in forma pauperis* ("IFP") and for a stay of removal. Three days later, a representative of the Office of Immigration Litigation ("OIL") notified the Court that Mr. Singh was in the custody of the U.S. Immigration and Customs Enforcement agency ("ICE") and represented that there were "no travel plans" for Mr. Singh.

    This Court granted Mr. Singh's motion for leave to proceed IFP on April 9, 2015. On June 10, 2015, this Court granted Mr. Singh's motion for a stay of removal pending the outcome

EXHIBIT H

of his petition for review. The Court issued a briefing schedule making Mr. Singh's initial brief due on June 23, 2015.

The following day, counsel for respondent U.S. Attorney General ("the government") telephoned to inform the Court that, when she contacted ICE to notify the agency of the stay of removal, she learned that ICE had removed Mr. Singh to India on April 15, 2015, without notifying the government, OIL, or this Court. The government subsequently filed an official Notice of Removal with the Court in which counsel stated that the agency was "taking steps to investigate this matter further with ICE and to ascertain what steps ICE may take to facilitate Petitioner's return to the United States." Included with the Notice of Removal was a declaration of ICE officer Orestes Cruz, who confirmed that, although ICE's Chief Counsel's office had asked that the Office of Enforcement and Removal Operations (also under ICE's agency umbrella) contact OIL with any changes in Mr. Singh's removal status, ICE's records did not reflect that the Chief Counsel's office had been so advised before Mr. Singh was removed.

On June 16, 2015, the government filed a Supplemental Notice of Removal in which counsel stated that ICE had begun the process of attempting to locate Mr. Singh to return him to the United States and represented that counsel would update the Court when she received additional information. As of the date of this order, the Court has received no update from the government, ICE, OIL, or Mr. Singh. Indeed, the Court is doubtful that Mr. Singh is aware his motion for stay of removal was granted and that he accordingly has a right to remain in the United States pending the outcome of his petition for review. Moreover, Mr. Singh's premature removal likely also prevented him from receiving notice of his briefing schedule in this case.

Recognizing that Mr. Singh was improperly removed more than two months ago and presumably is unaware of both his rights and obligations in this case, we deem it prudent to

appoint counsel to protect his interests, facilitate his return, and assist the Court in navigating his case. The Court hereby appoints Jay Bogan with the law firm of Kilpatrick Townsend & Stockton LLP to represent Mr. Singh throughout his proceedings before this Court.

Additionally, the government is hereby ordered to use its best efforts to locate Mr. Singh in India as quickly as possible and to make contact with him. Upon initiating contact, the government is hereby ORDERED to advise Mr. Singh of the following:

1. <u>Mr. Singh has a right pursuant to this Court's stay of removal to be returned to the United States.</u>

The government must advise Mr. Singh of his right to be returned to the United States pending the outcome of his petition for review and of this Court's appointment of counsel in his case. If, upon contact, Mr. Singh informs the government that he does not wish to return to the United States, the government shall secure a written memorialization to that effect, even if that writing is in Mr. Singh's native language. If Mr. Singh chooses to remain in India, his decision has no bearing on the pendency of his case or his entitlement to counsel, and the government must advise Mr. Singh accordingly.

2. <u>The Court has appointed counsel for Mr. Singh at no cost</u>

The government must advise Mr. Singh that, regardless of whether he wishes to be returned to the United States, his case remains under the Court's consideration. The government must inform Mr. Singh that the court has appointed him counsel at no cost to him. The government is ordered to facilitate Mr. Singh's contact with his appointed counsel, including by permitting Mr. Singh to telephone counsel at the government's expense and by providing translation services if necessary. If Mr. Singh informs the government that he does not wish to

be represented by counsel, the government shall secure a written memorialization to that effect as well.

Every fifteen days, the government shall notify this Court of the status of its efforts to locate Mr. Singh until he is contacted. The government shall also inform the Court promptly once Mr. Singh has been contacted and promptly upon his decisions regarding whether he will return to the United States and/or accept the appointment of counsel. At that time, the government shall file with the Court any written memorialization of his decisions as described above. If Mr. Singh wishes to be returned to the United States, the government is ORDERED to return him as soon as possible. All merits briefing in this case is hereby STAYED pending a determination by Mr. Singh within seven days of his being located by the United States government, of whether he wishes to proceed with his case, and, if he chooses to proceed and to return to the United States, until his return to the United States.

Finally, the government is DIRECTED to show cause within fifteen days why this Court should not impose sanctions upon the agencies and officers involved in Mr. Singh's improper removal.

**IT IS SO ORDERED.**