# DECLARATION OF KATHARINE MARGARET GORDON

I, Katharine Margaret Gordon, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice in New York, I regularly practice before the Executive Office of Immigration Review. Since February 2020, I have been employed at Amica Center for Immigrant Rights (Amica Center). I am over the age of 18 and am competent to testify regarding the matters described below.

2. I am a Senior Attorney with the Detained Adult Program (DAP) at Amica Center. Amica Center is a Washington, DC-based nonprofit organization dedicated to providing legal services to indigent immigrant men, women, and children who are detained by Immigration and Customs Enforcement (ICE) in Maryland, Pennsylvania, Virginia and other states. At Amica Center, a large part of my work consists of representing Maryland residents who have been detained by ICE or who are otherwise undergoing proceedings before the Executive Office of Immigration Review, at both the Immigration Court and Board of Immigration Appeals levels.

3. In my position, I frequently represent non-citizens with final removal orders issued by an Immigration Judge (IJ) in removal proceedings under 8 U.S.C. § 1229a and non-citizens with reinstated removal orders issued by the Department of Homeland Security (DHS) pursuant to 8 U.S.C. § 1231(a)(5).

4. I currently represent a Venezuelan citizen with a final removal designating only Venezuela as the country of removal. No alternate country was designated. I will refer to him as Guillermo. Guillermo is a young Venezuelan man with several tattoos, and he fears removal to El Salvador, a country he has never set foot in. He fears that if he is removed to El Salvador, he will be imprisoned and tortured, and will have no way to contact his family, his attorney, or diplomatic representatives of Venezuela.

5. Guillermo entered the United States in July 2022 by crossing the Rio Grande River from Mexico to the United States and he immediately turned himself in to U.S. Customs and Border Patrol (CBP). After being held for a few days, he was paroled into the United States pursuant to 8 U.S.C. § 1182 (d)(3). At that time, he was not issued a Notice to Appear (NTA).

6. He traveled from Texas to Virginia, and in approximately September 2022, checked in with ICE and provided ICE with a valid Virginia mailing address.

7. In March 2023, ICE filed an NTA, placing him in proceedings under 8 U.S.C. § 1229a (Section 240 proceedings) with the Annandale Immigration Court, and ICE indicated that it mailed a copy of his NTA to his Virginia mailing address. Guillermo has no recollection of receiving this NTA or a subsequent hearing notice sent to this address.

EXHIBIT L

8. On November 14, 2023, Guillermo was ordered removed *in absentia*. He did not become aware of this removal order until approximately 2025.

9. On March 4, 2025, in the U.S. District Court for the Western District of Texas, a criminal complaint was filed against Guillermo under 8 U.S.C. § 1325(a)(1), charging him with a misdemeanor count of improper entry into the United States based on his July 2022 entry.

10. A warrant was issued for his arrest, and, on March 10, 2025, CBP agents arrested him at his current home in College Park, Maryland. On March 12, 2025, he was brought before a Magistrate Judge at the US District Court for Maryland and ordered to be sent to the Western District of Texas to face the 8 U.S.C. § 1325(a)(1) criminal charge. From March 12 until approximately April 1, 2025, he was held at the Chesapeake Detention Facility in Baltimore, Maryland under the custody of the US Marshals Service.

11. On March 18, 2025, I was retained by Guillermo to represent him in his immigration matter, specifically to seek to reopen his case before the Immigration Court. Upon speaking with him, he indicated that he was afraid of removal to El Salvador and being confined at the CECOT (Centro de Confinamiento de Terrorismo) prison. He was afraid of this because of the news of Venezuelans with tattoos being sent to this prison several days before.

12. On March 25, 2025, I filed online a Motion to Rescind *in Absentia* Removal Order and Reopen Proceedings with the Annandale Immigration Court on several grounds including:

    a. Rescission of the *in absentia* order due to lack of notice and reopening of proceedings;

    b. Reopening proceedings due to changed country conditions in Venezuela after the 2024 presidential elections;

    c. Reopening proceedings due to changed country conditions as a Venezuelan with fear of removal to El Salvador based on the removals of Venezuelans to El Salvador beginning on or about March 15, 2025; especially in light of *D.V.D. v. DHS*, Case No. 25-cv-10676 (D. Mass March 23, 2025) (case filed against DHS challenging the policy of third country removal without providing notice or opportunity to contest removal).

    d. *Sua sponte* reopening to protect due process rights, especially considering ongoing federal litigation.

13. Along with my 18-page motion, I included a new I-589 Application for Asylum, Withholding of Removal and Protection under the Convention Against Torture articulating fear of removal to both Venezuela and El Salvador, and 207 pages of supplemental evidence.

14. On March 26, 2025, I received an order denying the Motion to Rescind *In Absentia* Removal Order and Reopen Proceedings. The order indicated that the IJ had denied the motion on March 25.

15. This March 25 order only made reference to the request for rescission of the removal order, and did not make any reference to the other three grounds for reopening proceedings.

16. On March 26, 2025, I emailed the immigration court clerk to request clarification as to whether I should expect a ruling on the other grounds for reopening which I had presented in the motion. The clerk indicated a further decision would be forthcoming.

17. On March 28, 2025, the IJ issued another order, denying on all grounds. In regard to the grounds based on a new fear of removal to El Salvador, which I have attached to this declaration, the IJ provided the following reasoning, provided here in its entirety:

    > First, country conditions in El Salvador are not relevant to Respondent's case. Respondent was ordered removed by this court to his country of origin, Venezuela - not El Salvador.
    >
    > Second, Respondent's fear of removal to El Salvador as a 'Venezuelan national with Tattoos' is tentative and speculative, at best. Respondent has been ordered removed to Venezuela by this Court, not El Salvador. If the United States government were to remove Respondent to El Salvador under a separate authority, that is outside the jurisdiction of this Court to adjudicate and/or analyze. Respondent's relief would be sought in Federal court, not Immigration Court, when and if that issue became ripe for review.

18. I have informed my client of this decision and, specifically, that the IJ found that she did not have jurisdiction to consider his claim of persecution and torture in El Salvador. However, my client continues to express fear of persecution and torture in El Salvador.

19. On April 2, 2025, I notified the Chief Counsel of the Washington Field Office of the Office of the Principal Legal Advisor that my client is afraid of persecution and torture if removed to El Salvador, and that the Temporary Restraining Order issued in *D.V.D. v. DHS*, Case No. 25-cv-10676-BEM (D. Mass March 28, 2025) is applicable to my client.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 7th day of April 2025 at Takoma Park, Maryland

_____
Katharine Margaret Gordon



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ANNANDALE IMMIGRATION COURT**

Respondent Name: ▉

A-Number: ▉

To:

Gordon, Katharine Margaret
1025 Connecticut Avenue NW
Suite 701
Washington, DC 20036

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
03/28/2025

## ORDER OF THE IMMIGRATION JUDGE

☑ Respondent ☐ the Department of Homeland Security has filed a motion to reopen these proceedings. Upon reading and considering the motion, and any opposition from the non-moving party, the motion is ☐ granted ☑ denied for the following reason(s):

☐ The motion is untimely and fails to meet any exceptions. *See* 8 C.F.R. § 1003.23(b)(1),(4).
☐ The motion is numerically barred and fails to meet any exceptions. *See* 8 C.F.R. § 1003.23(b)(1),(4).
☐ The moving party failed to provide evidence demonstrating changed circumstances that is material and that was unavailable or could not have been discovered or presented at the previous proceedings. *See* 8 C.F.R. § 1003.23(b)(4)(i).
☐ The moving party failed to submit the appropriate application for relief and any accompanying documents. *See* 8 C.F.R. § 1003.23(b)(3).
☐ The Respondent has been removed or otherwise departed from the United States. *See* 8 C.F.R. § 1003.23(b)(1).
☑ Other:

Respondent has provided two additional bases to reopen his case in addition to notice failure of the scheduling order resulting in the in absentia order; They are: 1) change in country conditions in Venezuela and/or El Salvador and 2) fear of removal to El Salvador.

First, country conditions in El Salvador are not relevant to Respondent's case. Respondent was ordered removed by this court to his country of origin, Venezuela - not El Salvador.

Second, Respondent's fear of removal to El Salvador as a 'Venezuelan national with Tattoos' is tentative and speculative, at best. Respondent has been ordered removed to Venezuela by this Court, not El Salvador. If the United States government were to remove Respondent to El Salvador under a separate authority, that is outside the jurisdiction of this Court to adjudicate and / or analyze. Respondent's relief would be sought in Federal court, not Immigration Court, when and if that issue became ripe for review.

Lastly, Respondent left Venezuela in ▉. ▉
▉
▉

Respondent left his country and remains in power. Respondent has not met his burden to demonstrated that conditions have materially or substantively changed such that his case should be reopened based on new or changed conditions.



Immigration Judge: Campanella, Lorianne 03/28/2025

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : ▮▮▮▮▮▮▮▮▮▮▮ | A-Number : ▮▮▮▮▮

Riders:

Date: 03/28/2025 By: ▮▮▮▮▮▮, Court Staff