# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>      Defendants. | No. 1:25-cv-10676-BEM |

## DEFENDANTS' PROVISIONAL MOTION FOR STAY PENDING APPEAL OF PRELIMINARY INJUNCTION

i

**DEFENDANTS' PROVISIONAL MOTION FOR STAY PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 62, Defendants hereby provisionally request that the Court promptly issue a stay pending appeal of any order granting Plaintiffs' request for a preliminary injunction. On March 23, 2025, Plaintiffs brought the instant suit and putative class action alleging that the Department of Homeland Security (DHS) violates the Immigration and Nationality Act ("INA"), its regulations, and the Due Process Clause of the Fifth Amendment by removing, or seeking to remove, aliens to a third country without first providing them with notice or opportunity to assert a claim that they fear persecution or torture if removed to that third country. *See generally* Compl. On that same date, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief and a Motion for Class Certification. ECF Nos. 4, 7. On April 10, 2025, the Court heard argument on Plaintiffs' Motion for Preliminary Injunction and Motion for Class Certification. ECF No. 62. In anticipation of a potential adverse order granting Plaintiffs' request for a classwide preliminary injunction, and given the urgency of severe harms to the government that such an order would cause, Defendants provisionally request an immediate stay pending appeal of any such order.

As explained in Defendants' Motion for Partial Stay of the Temporary Restraining Order (ECF No. 38), a stay is clearly warranted here. Courts consider four factors in assessing a motion for stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). When the government is a party, its interests and the public interest "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Defendants are plainly right on the merits concerning the Court's lack of authority to issue such sweeping relief, and the equities clearly favor the government.

1

Plaintiffs' Motion seeks a classwide injunction prohibiting Defendants from removing *any* individual subject to a final order of removal under 8 U.S.C. §§ 1229a, 1231(a)(5), or 1228(b) from the United States to a third country, *i.e.*, a country other than the country designated for removal in immigration proceedings, until Defendants provide notice or an opportunity to apply for protection from removal to that country. *See generally* ECF Nos. 5, 7. But that injunctive relief is squarely and incontestably barred by 8 U.S.C. § 1252(f), which deprives the lower courts of jurisdiction to issue non-individualized injunctive relief that restrains or enjoins the operation of the detention and removal statutes, including 8 U.S.C. § 1231. And even assuming that point was ever debatable, the Supreme Court's decision in *Garland v. Aleman Gonzalez*, 596 U.S. 543, 544 (2022) made the applicability of that bar beyond question. Accordingly, the plain text of § 1252(f) and binding precedent interpreting it clearly bar the relief Plaintiffs seek.

In addition to § 1252(f), §§ 1252(a)(4), (a)(5), (b)(9), and (g) all independently bar this suit and any relief ordered by this Court. These provisions, *inter alia*, channel all challenges to orders of removal—and any claims arising under the Convention Against Torture (CAT)—into the courts of appeals and thereby divest the district courts of jurisdiction to hear challenges like this one. And on top of that, the relief Plaintiffs seek is flatly at odds with Section 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), which implements Article 3 of CAT and provides that "[n]otwithstanding any other provision of law, and except as provided in the regulations described in subsection (b), no court shall have jurisdiction to review the regulations adopted to implement this section." FARRA 2242(d). But that is *precisely* what Plaintiffs seek: judicial review of the CAT regulations and an order forcing DHS to implement specific CAT procedures beyond what is in those regulations. Because the relief Plaintiffs seek is not just

2

unlawful, but *quadruply barred* by multiple jurisdiction-stripping and claim-channeling provisions, any order from this Court issuing such relief is plainly an abuse of discretion.

An order enjoining the government, on a nationwide basis, from exercising its statutory authority to effectuate third country removals necessarily imposes irreparable harm on the government and the public interest. "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation omitted). Such an order also undermines the Executive Branch's constitutional and statutory authority over immigration, and constitutes an "unwarranted judicial interference in the conduct of foreign policy." *Kiobel v. Royal Dutch Petroleum*, 569 U.S. 108, 116 (2013). An injunction that prevents the Executive Branch from carrying out its broad authority over immigration matters is "an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *INS v. Legalization Assistance Project of L.A. Cty Fed'n of Lab.*, 510 U.S. 1301, 1305-06 (1993) (O'Connor, J., in chambers). Moreover, "[t]here is always a public interest in prompt execution of removal orders." *Nken*, 556 U.S. at 436. Accordingly, any order granting Plaintiffs' request for preliminary injunction will necessarily impose irreparable harm on the government and the public interest.

Given Defendants' likelihood of prevailing on appeal and the immediate harm to the government that Plaintiffs' requested relief would undoubtedly cause, this Court should grant an immediate stay pending appeal of any order granting a preliminary injunction.

## **CONCLUSION**

For the foregoing reasons, Defendants provisionally request a stay pending appeal of any order granting Plaintiffs' request for a preliminary injunction.

Respectfully submitted,

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General<br><br>DREW C. ENSIGN<br>Deputy Assistant Attorney General<br><br>ELIANIS N. PEREZ<br>Assistant Director<br><br>MARY L. LARAKERS<br>Senior Litigation Counsel | /s/*Matthew P. Seamon*<br>MATTHEW P. SEAMON<br>(California Bar #309249)<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 598-2648<br>(202) 305-7000 (facsimile)<br>Matthew.Seamon2@usdoj.gov |

## LOCAL RULE 7.1 CERTIFICATION

I, Matthew Seamon, certify that pursuant to L.R. 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who oppose this motion.

Dated: April 15, 2025

/s/ *Matthew P. Seamon*
Matthew P. Seamon
Senior Litigation Counsel

## CERTIFICATE OF SERVICE

I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: April 15, 2025

/s/ *Matthew P. Seamon*
Matthew P. Seamon
Senior Litigation Counsel