UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>       Defendants. | No. 1:25-cv-10676-BEM |

**DEFENDANTS' MEMORANDUM REGARDING THIS COURT'S AUTHORITY TO MODIFY THE PRELIMINARY INJUNCTION THAT IS ON APPEAL**

i

On April 28, 2025, this Court ordered the parties to submit a memorandum "addressing whether this Court has authority to modify its preliminary injunction while an appeal is pending." ECF No. 82. This Court has limited jurisdiction to modify its preliminary injunction while Defendants' appeal is pending. Federal Rule of Civil Procedure 62(c) "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." *Kosilek v. Spencer,* No. 00-12455-MLW, 2012 U.S. Dis. LEXIS 152997 at *3 (D. Mass. Oct. 24, 2012) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2904 (2d ed. 2012)) (internal quotations omitted). However, after a notice of appeal has been filed, such authority may only be exercised "as long as it does 'not materially alter the status of the case on appeal.'" *Id.* (quoting *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001)); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Courts have interpreted Rule 62(d) as only allowing modification after appeal to preserve the status quo. *Securities and Exchange Comm. V. Xia,* No. 21-cv-5350, 2024 WL 3447849 at *7 (E.D. N.Y. July 9, 2024) (collecting cases).

Plaintiffs seek to amend the preliminary injunction to prohibit the transfer of aliens to U.S. soil at Guantanamo Bay and facilitate the return of the aliens identified in Defendants' declaration and other alleged class members on the March 31 and April 14 flights. Such a modification would go well beyond preserving the status quo; instead, it would impose new mandatory requirements on Defendants and implicate new legal issues that the parties have not briefed. Therefore, this Court should deny Plaintiffs' request to modify the preliminary injunction because it lacks

1

jurisdiction to do so while the preliminary injunction is on appeal.

Where a district court cannot modify or vacate an order because it has been divested of jurisdiction by a pending appeal, this Court may nonetheless issue an "indicative ruling" indicating that it would do so if the court of appeals remands for such purpose. *See* Fed. R. Civ. P. 62.1; *Zaratzian v. Abadir*, No. 10-CV-9049(VB), 2012 WL 9512531, *3 (S.D.N.Y. May 30, 2012) ("in certain circumstances it may be helpful to the parties and to the Court of Appeals to know what the District Court might do if given the chance to reconsider some aspect of the appealed case"); *U.S. v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) ("a district court faced with a motion that it 'lacks authority to grant because of an appeal that has been docketed and is pending' may 'state[] either that it would grant the motion or that the motion raises a substantial issue' . . . [the court of appeals] then has the option of 'remand[ing] for further proceedings but retain[ing] jurisdiction,' dismissing the appeal, or continuing to hear the appeal") (citing Fed. R. App. P. 21.1(a)-(b)). Accordingly, to the extent that the Court proposes to substantively modify the terms of the preliminary injunction, it may issue an indicative ruling to that effect pursuant to Rule 62.1.

## CONCLUSION

For the foregoing reasons, this Court should decline to modify the terms of the preliminary injunction issued on April 18, 2025 and find that jurisdiction over the terms of that injunction has vested with the First Circuit Court of Appeals.

| | |
|---|---|
| Respectfully submitted, | /s/*Mary L. Larakers* |
| | MARY L. LARAKERS |
| YAAKOV M. ROTH | Senior Litigation Counsel |
| Acting Assistant Attorney General | U.S. Department of Justice, Civil Division |
| | Office of Immigration Litigation |
| ELIANIS N. PEREZ | P.O. Box 868, Ben Franklin Station |
| Assistant Director | Washington, DC 20044 |
| | (202) 353-4419 |
| | (202) 305-7000 (facsimile) |
| | mary.l.larakers@usdoj.gov |

## CERTIFICATE OF SERVICE

    I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: April 29, 2025

/s/ *Mary L. Larakers*
Mary L. Larakers
Senior Litigation Counsel