# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

D.V.D.; M.M.; E.F.D.; and O.C.G.,

       Plaintiffs,

          v.

U.S. DEPARTMENT OF HOMELAND SECURITY;
Kristi NOEM, Secretary, U.S. Department of
Homeland Security, in her official capacity; Pamela
BONDI, U.S. Attorney General, in her official
capacity; and Antone MONIZ, Superintendent,
Plymouth County Correctional Facility, in his official
capacity,

       Defendants.

Case No. 25-cv-10676-BEM

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF THE COURT'S AUTHORITY TO
# MODIFY THE PRELIMINARY INJUNCTION

This Court has authority to modify the preliminary injunction (PI) to enjoin transfer of class members to Guantanamo Bay, Cuba notwithstanding Defendants' pending appeal. The principle that the filing of an appeal generally transfers authority to the court of appeals "derives from the desire to prevent clashes between institutions that occupy different tiers within the federal judicial system." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998). Pursuant to Federal Rule of Civil Procedure 62(d)[1], courts retain authority to modify an injunction while an appeal is pending to preserve the status quo and address matters that do not interfere with the core questions presented on appeal. *See, e.g.*, *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166-67 (9th Cir. 2001) (affirming modification to PI pending appeal to preserve the status quo where modifications left unchanged the core questions on appeal); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 579 (5th Cir. 1996) (finding the court did not abuse its discretion in modifying PI pending appeal where modification did not "deviate[] from the original purpose of the injunction"); *Sec. & Exch. Comm'n v. Xia,* No. 21-CV-5350 (PKC) (JAM), 2024 WL 3447849, at *6-7 (E.D.N.Y. July 9, 2024) (citing district court cases modifying preliminary injunctions pending appeal in order to preserve the status quo).[2]

---

[1]    Rule 62(d), previously Rule 62(c) until 2018, provides: "While an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." *See generally* Fed. R. App. P. 8(a)(1)(C) (stating that "[a] party must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending").

[2]    In the criminal context, "an appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Mala*, 7 F.3d 1058, 1060–61 (1st Cir. 1993). In the civil context, courts have "read the First Circuit's dictum in *Mala* as consistent with the appellate caselaw from the other circuits" which "restrict[s] only trial court proceedings that impinge more directly upon the questions presented in the interlocutory appeal." *Pharm. Care Mgmt. Ass'n v. Maine Att'y. Gen.*, 332 F. Supp. 2d 258, 260 (D. Me. 2004); *see also OfficeMax Inc. v. Cty Qwik Print, Inc.*, No. 10-cv-00110, 2011 WL 1564620, at *3 (D. Me. Apr. 25, 2011).

1

This Court should modify the PI as it would "not materially alter the status of the case on appeal," *Flatiron Health, Inc. v. Carson*, 602 F. Supp. 3d 482, 486 (S.D.N.Y. 2020), but instead would "preserve the status quo" of the parties, *Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2019 WL 452050, at *3 (S.D.N.Y. Feb. 5, 2019). Defendants' core claims on appeal contest jurisdiction; enjoining transfers to Guantanamo will not change the First Circuit's analysis of those claims. Modification is essential to ensure that Defendants do not continue to bypass the procedural protections mandated by the PI by removing individuals to Guantanamo before they are transported to a maximum-security prison in El Salvador by the Department of Defense without the Department of Homeland Security's direction or knowledge, as Defendants claim. ECF 72; ECF 72-1. "[M]aintaining the status quo means that a controversy will still exist once the appeal is heard," unlike any action that would impermissibly "divest[] the court of appeals of its jurisdiction over the matter." *Broker Genius Inc.*, 2019 WL 452050, at *3; *see also, e.g.*, *Armstrong v. Brown*, 732 F.3d 955, 959 n.6 (9th Cir. 2013) (affirming modification issued to "protect plaintiffs' rights in direct response to defendants' . . . non-compliance with its earlier orders" because the status of the case on appeal remained unchanged); *Doe v. Trump*, 284 F. Supp. 3d 1172, 1176 (W.D. Wash. 2018); *In re Guantanamo Bay Detainee Litig.*, 706 F. Supp. 2d 120, 123-24 (D.D.C. 2010).

Respectfully submitted,

s/*Trina Realmuto*

Trina Realmuto*
Kristin Macleod-Ball*
Mary Kenney*
Tomás Arango
**NATIONAL IMMIGRATION LITIGATION ALLIANCE**
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org

Matt Adams*
Leila Kang*
Aaron Korthuis*
Glenda M. Aldana Madrid*
**NORTHWEST IMMIGRANT RIGHTS PROJECT**
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org

2

Anwen Hughes*
**HUMAN RIGHTS FIRST**
75 Broad Street, 31st Floor
New York, NY 10004
(212) 845-5244
HughesA@humanrightsfirst.org

*Attorneys for Plaintiffs and Class Members*

*\* Admitted pro hac vice*

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically

to the registered participants as identified on the Notice of Electronic Filing (NEF).

_s/ Trina Realmuto_
Trina Realmuto
National Immigration Litigation Alliance

Dated: April 29, 2025