| | |
|---|---|
| **From:** | Johnny Sinodis |
| **To:** | Trina Realmuto |
| **Subject:** | Re: Notice to your Filipino client |
| **Date:** | Wednesday, May 7, 2025 11:57:50 AM |
| **Attachments:** | image001.png |
| | image002.png |

No, I haven't been able to get the document. I have sent several emails and spoke with a frontline officer last night and this morning. They are now saying that I need to speak with Tacoma because Tacoma still has docket control. I am LAO being told that HQ has not confirmed any removal flights at all and that my client is not scheduled to be removed. It's the classic bureaucratic bullshit. I'm trying to reach Tacoma now.

Johnny Sinodis
Partner

Van Der Hout LLP
360 Post St., Suite 800
San Francisco, California 94108

Sent from my iPhone

**De:** Trina Realmuto <trina@immigrationlitigation.org>
**Enviado:** Wednesday, May 7, 2025 7:51:04 AM
**Para:** Johnny Sinodis <jsin@vblaw.com>
**Asunto:** RE: Notice to your Filipino client

Johnny –

Any luck obtaining the notice your client was asked to sign?

Where is your client detained?

This Libya situation is concerning, and we are assessing next steps.

Thanks, Trina


**Trina Realmuto**
**National Immigration Litigation Alliance**
617-819-4447 / trina@immigrationlitigation.org
www.immigrationlitigation.org
Facebook: NatlImmLitAlliance / LinkedIn

**From:** Johnny Sinodis <jsin@vblaw.com>
**Sent:** Tuesday, May 6, 2025 1:10 PM
**To:** Trina Realmuto <trina@immigrationlitigation.org>

**EXHIBIT D**

**Subject:** RE: Notice to your Filipino client

Thanks, Trina! My client was asked to sign a one-page document that he says did not inform him of his right to apply for CAT. ICE did not give him a copy, saying it would be in his materials upon removal. I am trying to get in touch with someone at the detention facility right now.

Also, apparently ICE is sending some Mexican nationals to Libya as well. Per my client, those individuals have removal orders to Mexico and want to return to Mexico. This is clearly punitive and meant to serve as a deterrent, in my view.

Johnny Sinodis
Partner

New address effective January 1, 2023:
360 Post Street, Suite 800
San Francisco CA 94108

*Van Der Hout LLP is available and accessible. We are still fully operational both in-office and remotely, and continue to provide all services with little or no delay.*



This email may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is prohibited. If you are not the intended recipient, please contact me and delete all copies. Thank you.

---

**From:** Trina Realmuto <trina@immigrationlitigation.org>
**Sent:** Tuesday, May 6, 2025 8:50 AM
**To:** Johnny Sinodis <jsin@vblaw.com>
**Subject:** Notice to your Filipino client

Johnny - more info below per your text last night. We think the notice is deficient and want to raise it with opposing counsel but need examples. If you receive notice (as you should) please can you send the redacted notice so we can raise deficiencies? Fwiw, you should also send ICE a copy of the PI order and amendment to the PI (can't hurt!).

Certified nationwide class (Dkt. 64 at 23):

All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would

be removed.

As to this class, the Court issued the following preliminary injunctive relief:

Prior to removing any [noncitizen] to a third country, *i.e.*, any country not explicitly provided for on the [noncitizen]'s order of removal, Defendants must:

(1) provide written notice to the [noncitizen] —**and the [noncitizen]'s immigration counsel**, if any—of the third country to which the [noncitizen] may be removed, in a language the [noncitizen] can understand;
(2) provide meaningful opportunity for the [noncitizen] to raise a fear of return for eligibility for CAT protections;
(3) move to reopen the proceedings if the [noncitizen] demonstrates "reasonable fear"; **and**
(4) if the [noncitizen] is not found to have demonstrated "reasonable fear," provide meaningful opportunity, and a minimum of 15 days, for that [noncitizen] to seek to move to reopen immigration proceedings to challenge the potential third-country removal.

Dkt. 64 at 46-47

Amendment to PI:

In light of the issues raised during the April 28, 2025 hearing, this Court modifies a portion of its April 18, 2025 preliminary injunction [64]. This modification preserves the status quo as outlined in this Court's preliminary injunction. See Sec. & Exch. Comm'n v. Xia, 2024 WL 3447849, at *6-7 (E.D.N.Y. July 9, 2024) (collecting cases modifying preliminary injunctions pending appeal in order to preserve the status quo). Defendants have represented to this court that that removals from Guantanamo Bay to third countries have been executed by the Department of Defense without the Department of Homeland Security's direction or knowledge, see Dkt 72, and the Court makes no finding on the accuracy of this assignment of responsibility but, in an abundance of caution, **ORDERS that, prior to removing, or allowing or permitting another agency to remove, an alien from Guantanamo Bay to a third country, Defendants must comport with the terms of the April 18, 2025 preliminary injunction by providing the due-process guarantees set forth in Dkt. 64 at 46-47**. At the April 28, 2025 hearing, the status of the Guantanamo Bay Detention Center was debated. The Court declines to resolve if transportation to this base is a deportation to a third country despite the United States' exercise of jurisdiction and control over the base. Given the position taken by the Government that the deportation from Guantanamo to third countries was not at the direction, behest or control of the Department of Homeland Security, a debated issue to be resolved once preliminary discovery has been conducted, this Court **ORDERS that, after taking custody of an alien, Defendants may not cede custody or control in any manner that prevents an alien from receiving the due-process guarantees outlined in the April 18, 2025 preliminary injunction.**

Dkt. 86 (Text).



**Trina Realmuto**
**National Immigration Litigation Alliance**
617-819-4447 / trina@immigrationlitigation.org
www.immigrationlitigation.org
Facebook: NatlImmLitAlliance / LinkedIn

| | |
|---|---|
| **From:** | Johnny Sinodis |
| **To:** | Trina Realmuto; matt@nwirp.org; Kristin Macleod-Ball |
| **Subject:** | FW: URGENT ▇▇▇▇ - ▇▇▇▇ // Request for Reasonable Fear Interview Pursuant to Nationwide Preliminary Injunction Issued in DVD v. DHS, et al. // Client Just Advised ICE Intends to Remove to Libya & Counsel Not Provided Any Documentation |
| **Date:** | Wednesday, May 7, 2025 12:45:25 PM |
| **Attachments:** | image001.png |

Johnny Sinodis
Partner

New address effective January 1, 2023:
360 Post Street, Suite 800
San Francisco CA 94108

*Van Der Hout LLP is available and accessible. We are still fully operational both in-office and remotely, and continue to provide all services with little or no delay.*



This email may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is prohibited. If you are not the intended recipient, please contact me and delete all copies. Thank you.

**From:** Johnny Sinodis
**Sent:** Tuesday, May 6, 2025 7:43 PM
**To:** SanAntonio.Outreach@ice.dhs.gov
**Cc:** Oona Cahill <ocah@vblaw.com>
**Subject:** RE: URGENT ▇▇▇▇ - ▇▇▇▇ // Request for Reasonable Fear Interview Pursuant to Nationwide Preliminary Injunction Issued in DVD v. DHS, et al. // Client Just Advised ICE Intends to Remove to Libya & Counsel Not Provided Any Documentation

We have now called and spoken with Deportation Officer Bou Agrigan and let him know that Mr. ▇▇ fears being removed to Libya. We explained why to Officer Agrigan, who assured us Mr. ▇▇ would not be removed. Officer Agrigan also asked us to call back in the morning to speak with Mr. ▇▇'s assigned deportation officer. We will call first thing in the morning.

Johnny Sinodis
Partner

New address effective January 1, 2023:
360 Post Street, Suite 800
San Francisco CA 94108

*Van Der Hout LLP is available and accessible. We are still fully operational both in-office and remotely, and continue to provide all services with little or no delay.*



This email may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is prohibited. If you are not the intended recipient, please contact me and delete all copies. Thank you.

---

**From:** Johnny Sinodis
**Sent:** Tuesday, May 6, 2025 7:18 PM
**To:** SanAntonio.Outreach@ice.dhs.gov
**Cc:** Oona Cahill <ocah@vblaw.com>
**Subject:** RE: URGENT ▮▮▮▮▮ - ▮▮▮▮▮ // Request for Reasonable Fear Interview Pursuant to Nationwide Preliminary Injunction Issued in DVD v. DHS, et al. // Client Just Advised ICE Intends to Remove to Libya & Counsel Not Provided Any Documentation

Further to the below, there are now news reports that ICE is intending to remove people to Libya on a military plane as early as tomorrow. If Mr. ▮▮▮ is currently scheduled to be on that flight, he must be pulled off and provided a reasonable fear interview, in compliance with the court's nationwide injunction in DVD. I look forward to hearing from you by email or phone soon—(415) 821-8820.

Johnny Sinodis
Partner

<span style="color:red">New address effective January 1, 2023:
360 Post Street, Suite 800
San Francisco CA 94108</span>

*Van Der Hout LLP is available and accessible. We are still fully operational both in-office and remotely, and continue to provide all services with little or no delay.*



This email may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is prohibited. If you are not the intended recipient, please contact me and delete all copies. Thank you.

---

**From:** Johnny Sinodis
**Sent:** Tuesday, May 6, 2025 5:38 PM

**To:** SanAntonio.Outreach@ice.dhs.gov
**Cc:** Oona Cahill <ocah@vblaw.com>
**Subject:** URGENT ▇▇▇▇▇▇ - ▇▇▇▇▇▇ // Request for Reasonable Fear Interview Pursuant to Nationwide Preliminary Injunction Issued in DVD v. DHS, et al. // Client Just Advised ICE Intends to Remove to Libya & Counsel Not Provided Any Documentation

Good Evening,

On behalf of my client, Mr. ▇▇▇▇▇▇, ▇▇▇▇▇▇, I am writing with an urgent request that he be scheduled for a reasonable fear interview, which is required as a result of a nationwide injunction issued in *DVD v. DHS, et al.*, No. 1:25-cv-10676-BEM (Dist. Ma.). A copy of my executed Form g-28 is attached.

Late last night, Mr. ▇▇▇ learned that ICE intends to remove him to Libya even though he is Filipino and has provided ICE with a valid Filipino passport. ICE did not advise him that he has a right to request a reasonable fear interview, nor did ICE provide me with any notice of their intention to remove him to Libya, in clear violation of the district court's orders. Mr. ▇▇▇ fears being removed to Libya and must therefore be provided with an interview before any removal occurs.

Attached are the two relevant orders from *DVD*. They state, in pertinent part:

Certified nationwide class (Dkt. 64 at 23):

*All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.*

Mr. ▇▇▇ is a covered class member because ICE is intending to remove him to a third country—Libya—that was not identified in writing in his prior removal proceedings, which were pending before the Tacoma Immigration Court. As to this class (of which Mr. ▇▇▇ is a part), the Court issued the following preliminary injunctive relief:

*Prior to removing any [noncitizen] to a third country, i.e., any country not explicitly provided for on the [noncitizen]'s order of removal, Defendants must:*

(1) ==provide written notice to the [noncitizen] **—and the [noncitizen]'s immigration counsel**, if any—of the third country to which the [noncitizen] may be removed, in a language the [noncitizen] can understand==;
(2) provide meaningful opportunity for the [noncitizen] to raise a fear of return for eligibility for CAT protections;
(3) move to reopen the proceedings if the [noncitizen] demonstrates "reasonable fear"; **and**

*(4) if the [noncitizen] is not found to have demonstrated "reasonable fear," provide meaningful opportunity, and a minimum of 15 days, for that [noncitizen] to seek to move to reopen immigration proceedings to challenge the potential third-country removal.*

Dkt. 64 at 46-47. The Court subsequently ordered:

*In light of the issues raised during the April 28, 2025 hearing, this Court modifies a portion of its April 18, 2025 preliminary injunction [64]. This modification preserves the status quo as outlined in this Court's preliminary injunction. See Sec. & Exch. Comm'n v. Xia, 2024 WL 3447849, at \*6-7 (E.D.N.Y. July 9, 2024) (collecting cases modifying preliminary injunctions pending appeal in order to preserve the status quo). Defendants have represented to this court that that removals from Guantanamo Bay to third countries have been executed by the Department of Defense without the Department of Homeland Security's direction or knowledge, see Dkt 72, and the Court makes no finding on the accuracy of this assignment of responsibility but, in an abundance of caution,* ***ORDERS that, prior to removing, or allowing or permitting another agency to remove, an alien from Guantanamo Bay to a third country, Defendants must comport with the terms of the April 18, 2025 preliminary injunction by providing the due-process guarantees set forth in Dkt. 64 at 46-47****. At the April 28, 2025 hearing, the status of the Guantanamo Bay Detention Center was debated. The Court declines to resolve if transportation to this base is a deportation to a third country despite the United States' exercise of jurisdiction and control over the base. Given the position taken by the Government that the deportation from Guantanamo to third countries was not at the direction, behest or control of the Department of Homeland Security, a debated issue to be resolved once preliminary discovery has been conducted, this Court* ***ORDERS that, after taking custody of an alien, Defendants may not cede custody or control in any manner that prevents an alien from receiving the due-process guarantees outlined in the April 18, 2025 preliminary injunction.***

Dkt. 86 (Text).

Because Mr. ▮▮▮ is a class member of the DVD nationwide injunction, ICE must provide him with a reasonable fear interview before removing him to Libya, a country that he fears being removed to. Furthermore, in compliance with the court's order and the INA's statutes and regulations, please provide me with any and all documentation at to ICE's intention to remove him to Libya instead of the Philippines, a country that would repatriate him without any issues. Please also ensure that I am present for his reasonable fear interview, as Mr. ▮▮▮ would like to be represented during the interview. My direct line is (415) 821-8820. I am available to speak at any time.

Johnny

Johnny Sinodis
Partner

New address effective January 1, 2023:

360 Post Street, Suite 800
San Francisco CA 94108

*Van Der Hout LLP is available and accessible. We are still fully operational both in-office and remotely, and continue to provide all services with little or no delay.*



This email may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is prohibited. If you are not the intended recipient, please contact me and delete all copies. Thank you.