| | |
|---|---|
| **From:** | Trina Realmuto |
| **To:** | Larakers, Mary L. (CIV); Seamon, Matthew (CIV); Perez, Elianis (CIV) |
| **Cc:** | matt@nwirp.org; Anwen Hughes; Kristin Macleod-Ball |
| **Subject:** | RE: DVD v. DHS - PI Compliance |
| **Date:** | Wednesday, May 7, 2025 2:00:06 PM |
| **Attachments:** | image001.png |

Hi Mary,

We have not heard back from you and have reason to believe our class members are at imminent risk of deportation, or have been deported, in violation of the preliminary injunction in this case. I am writing to notify you that we will be filing an emergency motion for a temporary restraining order shortly.

Thank you,
Trina



**Trina Realmuto**
**National Immigration Litigation Alliance**
617-819-4447 / trina@immigrationlitigation.org
www.immigrationlitigation.org
Facebook: NatlImmLitAlliance / LinkedIn

---

**From:** Larakers, Mary L. (CIV) <Mary.L.Larakers@usdoj.gov>
**Sent:** Wednesday, May 7, 2025 10:10 AM
**To:** Trina Realmuto <trina@immigrationlitigation.org>; Seamon, Matthew (CIV) <Matthew.Seamon2@usdoj.gov>; Perez, Elianis (CIV) <Elianis.Perez@usdoj.gov>
**Cc:** matt@nwirp.org; Anwen Hughes <hughesa@humanrightsfirst.org>; Kristin Macleod-Ball <Kristin@immigrationlitigation.org>
**Subject:** RE: DVD v. DHS - PI Compliance

Hi Trina,

I will raise these concerns.

The protective order is with DHS; I expect to get it back today.

Thanks,
Mary

---

**From:** Trina Realmuto <trina@immigrationlitigation.org>
**Sent:** Wednesday, May 07, 2025 9:55 AM
**To:** Larakers, Mary L. (CIV) <Mary.L.Larakers@usdoj.gov>; Seamon, Matthew (CIV) <Matthew.Seamon2@usdoj.gov>; Perez, Elianis (CIV) <Elianis.Perez@usdoj.gov>
**Cc:** matt@nwirp.org; Anwen Hughes <hughesa@humanrightsfirst.org>; Kristin Macleod-Ball <Kristin@immigrationlitigation.org>
**Subject:** [EXTERNAL] DVD v. DHS - PI Compliance

EXHIBIT E

Counsel,

As you may be aware, the media is reporting that the US intends to deport noncitizens to Libya using military flights. *See* Trump Administration Live Updates: U.S. Plans to Send Migrants to Libya, Officials Say, https://www.nytimes.com/live/2025/05/07/us/trump-news#trump-libya-migrants. We are also hearing rumors of military flights from Texas to Saudia Arabia.

If any DVD class members are slated to be on those flights, we ask that they be removed from the manifest and not deported to a third country unless and until we assess the written notices that were provided regarding notice and an opportunity to ask for a reasonable fear interview.

We are gravely concerned that Defendants are NOT affording DVD class members the protections to which they are entitled under the injunction. Attached are two notices of third country removal that we have received. Both are deficient.

 First, the notice identifying the country of removal is only provided in English even though the court specified that it must be in a language that the noncitizen can understand.

Second, there is no indication on the form the person can request a reasonable fear interview (RFI) and thus no meaningful opportunity to raise a fear of return. Unlike prior government documents (referenced in n. 46 of the court's order), there is no language indicating how the person can raise that fear. We believe the form requires an advisal that they may request an RFI and information about how to go about doing so.

Finally, attaching the 2001 reasonable fear form is misleading and contains inaccurate information for DVD class members. In at least 3 places, the form addresses the need for the individual to explain their fear of persecution or torture in their *country of origin*. Additionally, the form advises that passing a reasonable fear interview will allow the person to appear before an immigration judge. However, the injunction requires that OPLA move to reopen proceedings in that situation.

Please raise our concerns with your clients and let us know if they are willing to address our concerns to ensure compliance with the injunction, as we do not believe the forms attached comply with the Court's order.

In the interim, we request that DHS stop using this form(s) until it is corrected and, again, that any DVD class member is not deported to a third country until we can assess compliance with the preliminary injunction.

We hope to avoid taking this matter to the Court and would appreciate an expeditious response to this email.

Separately, we will send a draft protective order later today for release of the O.C.G. discovery on Monday, May 12. Please advise if you already have prepared a draft

and, if so, when you expect to send it.

Thanks,

Trina



**Trina Realmuto**
**National Immigration Litigation Alliance**
617-819-4447 / trina@immigrationlitigation.org
www.immigrationlitigation.org
Facebook: NatIImmLitAlliance / LinkedIn

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. Immigration and Customs Enforcement**

Alien Name: 

## NOTICE OF REMOVAL

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) intends to remove you to  Mexico  .

### CERTIFICATE OF SERVICE

___ s of this notice were read to ___ Spanish ___ language, and I served the alien a copy of this notice in person.

↑Subject refused to sign
_____
Signature of Alien

4/30/2025
_____
Date of Service

T. Becker D08407 ___
_____
Title and Signature of ICE Official

1305
_____
Time of Service

N/A
_____
Name or Number of Interpreter (if applicable)

**Departamento de Justicia de los EE.UU.**
Servicio de Inmigración y Naturalización      **Información sobre la entrevista relativa al temor razonable**

**Propósito de este aviso**

El propósito de este aviso es explicar qué pasará mientras se resuelve su caso y qué puede ocurrirle como resultado de las declaraciones que haga. Es importante que entienda cuáles son sus derechos y qué pasará.

**LEA ESTE AVISO DETENIDAMENTE**

Se ha dado la orden de su deportación porque el Servicio de Inmigración y Naturalización de los EE.UU. (INS) considera que usted no tiene derecho a permanecer en los Estados Unidos. Usted ha indicado que tiene la intención de pedir que no sea deportado, o ha expresado su temor a la persecución, la tortura o el regreso a su país. Usted será entrevistado por un funcionario especialmente capacitado en cuestiones de asilo para determinar si su "temor de persecución o de tortura es razonable". Usted puede ser detenido antes y después de la entrevista si el INS decide que conviene detenerlo.

**Derecho a consultar con otras personas**

Generalmente, un funcionario de asuntos de asilo lo orientará poco después de su orden de deportación. Ese funcionario le explicará a usted el procedimiento de temor razonable y le dirá cuándo será entrevistado. La entrevista suele tener lugar después de que han transcurrido 48 horas a partir de la orientación. Usted puede dedicar ese tiempo para encontrar un abogado o un representante acreditado para que lo represente. Si necesita más tiempo, debe hacérselo saber a un funcionario del INS. Usted puede solicitar que la entrevista se haga antes si está preparado a hablar sobre sus temores o petición inmediatamente.

Uste puede consultar con un abogado o un representante de su elección, siempre y cuando esa consulta no corra por cuenta del gobierno y no atrase el procedimiento. Su representante puede estar con used durante la entrevista, o puede participar por teléfono. Se adjunta a este aviso una lista de represenantes que pueden hablar con usted sin cargo alguno. Durante su detención, usted puede telefonear a un representante, amigo o familiar en los Estados Unidos, con llamada a cobro revertido o pagada por usted. Si desea llamar a alguien, puede pedir ayuda a un funcionario del INS. Asimismo, usted puede comunicarse con la Oficina de los Estados Unidos del Alto Comisionado de las Naciones Unidas para los Refugiados al teléfono (202) 296-5191 de 9:00 a.m. a 5:00 p.m. (hora oficial del Este), de lunes a viernes.

**Descripción de la entrevista relativa al temor razonable**

El propósito de esta entrevista consiste en determinar si usted reúne o no los requisitos para pedir que no lo deporten o para otro tipo de protección ante un juez de inmigración. Esta entrevista no es una audiencia oficial para que no lo deporten. Simplemente nos ayuda a determinar si usted no tiene que ser deportado y, por consiguiente, permitirle que presente su caso ante un juez de inmigración.

Durante la entrevista, tendrá la oportunidad de explicar al funcionario de asuntos de asilo por qué usted considera que no debe ser deportado a su país de origen. Si usted desea pedir que no lo deporten o cree que le pueden hacer daño, perseguir o torturar si regresa a su país de origen, usted debe demostrar al funcionario de asuntos de asilo que es razonable su temor a que le hagan daño o lo persigan por su raza, religión, nacionalidad, afiliación a un grupo social en particular o por sus opiniones políticas, o que existe la posibilidad razonable de que sea torturado. El funcionario tomará notas por escrito.

Si el funcionario determina que es razonable su miedo a la persecución o la tortura en el país donde va a ser deportado, usted podrá pedir al juez de inmigración que no lo deporten o que pospongan su deportación a ese país, mediante el Formulario I-589 (Solicitud de Asilo y No Deportación) que deberá llenar y presentar ante el Tribunal de Inmigración.

Form M-488 ( Rev. 9-19-01)N

Es muy importante que usted le diga al funcionario de asuntos de asilo por qué le preocupa la orden de deportación al país en cuestión. La ley estadounidense prohíbe estrictamente que se divulguen las razones que usted le haya dado al funcionario y por las cuales siente temor a que le hagan daño. La información que proporcione sobre las razones de su temor no se divulgarán a su gobierno, salvo en circunstancias excepcionales.

También es muy importante que diga la verdad durante su entrevista. Si bien el propósito de la entrevista no es el de obtener pruebas en su contra, el hecho de que no diga la verdad podría ser usado en su contra en este procedimiento de inmigración o en cualquier otro en el futuro.

**Necesidad de intérprete o consideración especial**

Si no habla bien inglés o si prefiere que lo entrevisten en su propio idioma, el INS pondrá a su disposición un intérprete durante la entrevista. El intérprete tiene instrucciones de tratar con carácter confidencial la información que usted proporcione. Si el intérprete no está interpretando correctamente o si usted no se siente a gusto con él, usted puede pedir otro intérprete.

Usted puede solicitar que el funcionario o el intérprete, o ambos, sean de sexo masculino o femenino, si con ello le sería más fácil dar al funcionario de asuntos de asilo información que es muy personal o difícil de abordar. El INS cumplirá con su pedido siempre y cuando haya personal disponible. Asimismo, usted tendrá la oportunidad de hablar con el funcionario de asuntos de asilo en privado, sin que su familia esté presente, si así lo desea.

**Las consecuencias si no se establece que hay temor razonable y examen de la decisión**

Si el funcionario de asuntos de asilo decide que su temor de persecución o tortura no es razonable, usted puede pedir que un juez de inmigración examine esa decisión. Si no pide ese examen, usted será deportado. Si pide que se examine el caso, el juez de inmigración lo hará personalmente o por teléfono o videoconexión. Generalmente, el examen tiene lugar en unos pocos días. Usted puede consultar con su representante antes de ese examen, siempre y cuando no produzca ningún atraso indebido. Usted recibirá una copia del registro de la decisión del funcionario de asuntos de asilo antes del examen que haga el juez de inmigración. Si parte de la información es incorrecta, usted debe notificar al juez de inmigración, quién puede decidir que en efecto su temor es razonable y que reúne los requisitos para una audiencia en la que solicitará que no lo deporten. Si el juez de inmigración está de acuerdo con la decisión de que su temor de persecución o tortura no es razonable, se le podrá deportar de los Estados Unidos.

---

Certificación del intérprete

El suscrito _____ (nombre del intérprete) certifica que domina el _____ y el inglés, que ha interpretado fielmente toda la información anterior del inglés al _____ y que el entrevistado parece haber entendido la interpretación.

_____
Firma del intérprete
_____
Fecha

---

Acuse de recibo del extranjero

He recibido el aviso sobre mi entrevista relativa al temor razonable. Tengo entendido que puedo consultar con un abogado o un representante acreditado de mi elección antes de la entrevista, siempre y cuando no atrase indebidamente el procedimiento ni constituya gastos para el gobierno.

X ▨▨▨▨ _____
Firma de la persona referida al funcionario de asuntos de asilo
4/30/2025
Fecha

Form M-488 (Rev. 9-19-01)N Page 2

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. Immigration and Customs Enforcement**

Alien Name: ███████████████

Alien Number (A #): ███████

Date: 05/02/2025

## NOTICE OF REMOVAL

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) intends to remove you to  MEXICO  .

---

### CERTIFICATE OF SERVICE

I certify that, on today's date, the contents of this notice were read to ███████████████ in the SPANISH language, and I served the alien a copy of this notice in person.

REFUSED TO SIGN
WITNESSED BY _____
Signature of Alien

_____
Title and Signature of ICE Official

_____
Name or Number of Interpreter (if applicable)

05/02/2025
Date of Service

9:30 am
Time of Service