UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| D.V.D., et al., | ) | |
|     Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 25-10676-BEM |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) ) | |
|     Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON
PLAINTIFFS' MOTION FOR EMERGENCY RELIEF**

**MURPHY, J.**

Plaintiffs have moved for a temporary restraining order to prevent non-citizen removals to third countries, including but not limited to Libya and Saudia Arabia, without prior written notice and a meaningful opportunity to raise fear-based claims. Dkt. 89. The Court agrees with Plaintiffs that this motion should not be required, *see id.* at 2, as the relief sought is already provided by the Preliminary Injunction entered in this case, Dkts. 64, 86. Accordingly, the Court construes Plaintiffs' motion as one for clarification.

The April 18, 2025 Preliminary Injunction requires all third-country removals to be preceded, *inter alia*, by written notice to both the non-citizen and the non-citizen's counsel in a language the non-citizen can understand as well as a meaningful opportunity for the non-citizen to raise a fear-based claim for CAT protection. Dkt. 64 at 46–47. The April 30, 2025 Amendment to the Preliminary Injunction further clarifies that the Department of Homeland Security may not evade this injunction by ceding control over non-citizens or the enforcement of its immigration responsibilities to any other agency, including but not limited to the Department of Defense.

Case 1:25-cv-10676-BEM    Document 91    Filed 05/07/25    Page 2 of 2

2

Dkt. 86. If there is any doubt—the Court sees none—the allegedly imminent removals, as reported by news agencies and as Plaintiffs seek to corroborate with class-member accounts and public information, would clearly violate this Court's Order.

**So Ordered.**

Dated: May 7, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court