UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | No. 1:25-cv-10676-BEM |

**STIPULATED CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER FOR EXPEDITED DISCOVERY RELATED TO PLAINTIFF O.C.G. (ECF NO. 80)**

IT IS HEREBY STIPULATED AND AGREED by the parties hereto, through their undersigned counsel, and the Court hereby Orders pursuant to Federal Rules of Civil Procedure 502(d) and (e), as follows:

The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege, and no party shall be held to have waived any rights by such inadvertent production, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. Nothing within this protective order precludes a party from challenging the designation of a document as privileged.

The parties intend that this stipulated order shall supplement but not replace the provisions of Fed. R. Evid. 502(b)(1) and (2).

**I.     DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

**II.    PROCEDURES**

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall: (a) refrain from reading the document any more closely that is necessary to ascertain that it is privileged; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number or hash value range; (d) return, sequester, and destroy all copies of such documents, along with any notes, abstracts, or compilations of the content thereof, within five (5) business days of the discovery by the receiving party. The receiving party must certify that it has destroyed all copies of such documents, along with any notes, abstracts, or compilations of the content thereof to the producing party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the receiving party. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party written notice of the claim of privilege ("privilege notice"). Upon written notice of an unintentional production by the producing party (or oral notice if notice is delivered on the record at a deposition), the receiving party must promptly return, sequester, or destroy the specified document and any hard copies that the receiving party has and may not sue or disclose the information until the privilege

2

claim has been resolved. The producing party shall also provide an updated privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information.

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4. The receiving party must sequester any notes taken about the document. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved.

5. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

6. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The receiving party shall have ten (10) business days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection. If no contest is made within (10) business days, the documents, and any notes taken about the document, must be returned or destroyed.

7. The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

8.      Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor. Any party may request expedited treatment of any request for the Court's determination of the claim.

9.      The mere disclosure of a document in discovery does not, in and of itself, constitute a waiver of any privilege by the producing party. In accordance with Federal Rules of Civil Procedure 26(b)(5)(B), the producing party is entitled to the immediate return, destruction, or sequestration of a produced document designated in writing as privileged, without having to first demonstrate that the disclosure was inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents, or that the producing party failed to take reasonable steps to rectify the error. If the designation of a document as privileged is disputed, the parties will present the dispute to the Court through appropriate motion, after first attempting to reconcile the matter by meeting and conferring in accordance with Local Rule 7.1. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed.  The Court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

10.     If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are

overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

**Counsel for Defendants:**

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | MATTHEW P. SEAMON<br>Senior Litigation Counsel |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | /s/*Mary L. Larakers*<br>MARY L. LARAKERS<br>(Texas Bar # 24093943) |
| ANTHONY P. NICASTRO<br>Acting Director | Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation |
| ELIANIS N. PEREZ<br>Assistant Director | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile)<br>mary.l.larakers@usdoj.gov |

**Counsel for Plaintiffs:**

| | |
|---|---|
| s/*Trina Realmuto*<br>Trina Realmuto*<br>Kristin Macleod-Ball*<br>Mary Kenney*<br>Tomas Arango<br>NATIONAL IMMIGRATION<br>  LITIGATION ALLIANCE<br>10 Griggs Terrace<br>Brookline, MA, 02446<br>(617) 819-4649<br>trina@immigrationlitigation.org<br><br>Anwen Hughes*<br>HUMAN RIGHTS FIRST | Matt Adams*<br>Leila Kang*<br>Aaron Korthuis*<br>Glenda M. Aldana Madrid*<br>NORTHWEST IMMIGRANT<br>  RIGHTS PROJECT<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104<br>(206) 957-8611<br>matt@nwirp.org |

75 Broad Street, 31st Floor
New York, NY 10004
(212) 845-5244
HughesA@humanrightsfirst.org

                                              *Attorneys for Plaintiffs*

\* *Admitted pro hac vice*

**IT IS SO ORDERED**.

Dated:

_____

Honorable Brian E. Murphy
United States District Judge