UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| D.V.D., *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br>                Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br>                Defendants. | No. 1:25-cv-10676-BEM <br> **PROTECTIVE ORDER FOR EXPEDITED DISCOVERY RELATED TO PLAINTIFF O.C.G. (ECF NO. 80)** |

**1. <u>PURPOSES AND LIMITATIONS</u>**

On April 28, 2025, this Court ordered that the parties engage in certain limited discovery. ECF No. 80 ("Order"). Therefore, the parties seek a limited protective order regarding compliance with this Order. Compliance with the Order will involve disclosure of sensitive, confidential, and/or private information for which special protection is warranted.

Accordingly, to adequately and reasonably protect and preserve the confidentiality of such information; to expedite the flow of information between the parties; and to serve the ends of justice, a protective order for such confidential information is justified. As such, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. It does not confer blanket protection on all information provided by Defendants to Plaintiffs; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2. <u>"CONFIDENTIAL INFORMATION"</u>**

"Confidential Information" shall include any information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to:

(1) the names, addresses, and alien registration number ("A number") and any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and identified in Federal Rule of Civil Procedure 5.2; (2) any personally identifiable information related to third parties other than the individual whose information is being sought; (3) names, phone numbers, and email addresses of federal employees; (4) sensitive information about the internal investigations processes, programs, procedures, staffing, resources, databases, intelligence and/or methods, which is law enforcement sensitive, the release of which to the public may adversely impact identifiable law enforcement or national security interests, this includes information compiled for law enforcement purposes, including but not limited to investigative files and techniques related to the integrity of the immigration system, criminal activity, public safety, or national security, and investigative referrals; (5) information designated for Attorneys' Eyes Only; and (6) any other information protected or restricted from disclosure by state or federal statute or regulation, including but not limited to 8 U.S.C. § 1367, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.[1]

Documents designated as "ATTORNEYS EYES ONLY" for purposes of this Protective Order shall include but not be limited to highly sensitive nonpublic information, the disclosure of which could cause serious injury or damage to the parties.

Notwithstanding the general limitations on disclosure to third parties set out in 8 C.F.R. §§ 208.6 and 1208.6, this Court finds that the exceptions in 8 C.F.R. §§ 208.6(c)(2) and 1208.6(c)(2) apply and direct Defendants to provide the limited information necessary to be disclosed to Plaintiffs to comply with the Court's Order (ECF No. 80) in this case.

3. **SCOPE**

---

[1] The existence of this Stipulated Protective Order does not necessarily authorize or require the disclosure of all or any information protected from disclosure by statute or regulation. Further, this Stipulated Protective Order applies only to information necessary to comply with the Court's April 28, 2025, Order, and does <u>not authorize</u> or require broader disclosure to Plaintiffs.

This Stipulated Protective Order governs only disclosures undertaken to comply with the Court's Order in this case. *See* ECF No. 80. It does not apply to any other information or authorize or require any broader disclosure.

The protections conferred by this Stipulated Protective Order cover not only those portions of such documents containing Confidential Information (as define above), but also (1) any information copied or extracted from those portions of documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or counsel that might reveal Confidential Information.

However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain. This Stipulated Protective Order binds the parties and their respective agents, successors, personal representatives and assignees.

## 4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles.  Plaintiffs may use Confidential Information that is disclosed in connection with the Final Order in this case, including all information derived therefrom (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this class action. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Confidential Information must be stored and maintained by Plaintiffs at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. Nothing in this Order shall preclude the disclosure of Confidential Information to the class member to whom the information pertains. This Order shall not preclude Plaintiffs' Counsel from using the information obtained from Defendants through discovery

production, or otherwise, to contact current or former class members, their attorneys or family members.

4.2     <u>Disclosure of "Confidential" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Defendants, Plaintiffs may disclose any Confidential Information only to:

(a)     Plaintiffs' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know., including O.C.G.'s immigration counsel with a G-28 on file with Immigration and Customs Enforcement or E-28 on file with the immigration court as of May 12, 2025,  If any of Plaintiffs' Counsel, support staff, or other employees cease to represent Plaintiffs' in this action for any reason, such individual shall no longer have access to or be authorized to receive any Confidential Information;

(b)     the Court, court personnel, and court reporters and their staff;

(c)     parties;

(d)     copy or data imaging services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information and protect Confidential Information in accordance with provisions of this Stipulated Protective Order;

(e)     the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information; and

(f)     any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know;

.

All persons listed in subparagraphs 4.2(d)-(f) to whom Confidential Information is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a copy of the Acknowledgment and Agreement to be Bound, attached hereto as EXHIBIT A. Counsel for each party shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals). This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

Nothing in this Stipulated Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, except as set forth above, and this Stipulated Protective Order does not prohibit or absolve the Parties from complying with such other obligations. This Stipulated Protective Order is limited to compliance with the Court's Order. *See* ECF No. 80.

4.3     <u>Filing Confidential Information and Use of Confidential Information in Court</u> Before filing Confidential Information with the Court, discussing or referencing such material in court filings, or using the Confidential Information in Court the filing party shall confer with the Defendants' counsel (where practical, at least seven days prior to the intended date of use) to determine whether Defendants' counsel will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 83.6.11 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The Parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

4.4     Nothing in this Order precludes the disclosure of a document designated "Confidential," so long as the protected information is redacted.

## 5. DESIGNATING PROTECTED INFORMATION

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Defendants must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to Defendants' attention that information or items that they designated for protection do not qualify for protection, Defendants must promptly notify all other parties that they are withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed. The Defendants must affix the word "CONFIDENTIAL" to each page of paper or electronic document that contains Confidential Information.

5.3     <u>Inadvertent Failures to Designate.</u>  If Defendants inadvertently fail to designate material as Confidential Information at the time of production, they shall take reasonable steps to notify Plaintiffs' counsel of the failure within five (10) business days of discovering the failure. Defendants shall promptly supply Plaintiffs with new copies of any documents bearing corrected confidentiality designations, and Plaintiffs' counsel shall return or destroy the original materials, and certify in writing to the producing party that such information has been destroyed. Production of such Confidential Information, in and of itself, shall not constitute waiver of any claim of confidentiality.

**6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1     <u>Timing of Challenges.</u>  Any party may challenge a designation of confidentiality at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.

6.3     <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the Defendants must file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 83.6.11, if applicable) within three (5) business days of the meet and confer. The burden of persuasion in any such motion shall be on the Defendants. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**7.  DEPOSITIONS**

7.1     For testimony given during a deposition, the Defendants may designate a deposition or portion of a deposition as "Confidential" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions. Such designations must be made within five (10) business days of receiving the final transcript. Until the aforesaid period to designate the deposition has passed, (1) the entire transcript shall be deemed as Confidential Information under the terms of this agreement and (2) any court filings including information derived from any deposition shall be filed under seal in accordance with the local rules unless otherwise agreed by the parties.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the other party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this agreement; and

(d)     decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who received Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Plaintiffs' counsel learn that, by inadvertence or otherwise, they have disclosed Confidential Information to any person or in any circumstance not authorized under this agreement, Plaintiffs' counsel must immediately (a) notify in writing Defendants' counsel of the unauthorized disclosure(s), (b) use their best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When Defendants give notice to Plaintiffs that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Plaintiffs are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order that provides for production without prior privilege review.

**11. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>**

Within 60 days after the termination of this action, including all appeals and any monitoring agreed to or ordered, the Plaintiffs shall destroy all Confidential Information obtained and in their possession, custody, or control, except as this Court may otherwise order. The parties shall agree upon appropriate methods of destruction. Notwithstanding this provision, each entity serving as counsel is entitled to retain one archival copy of all Confidential Information. The confidentiality obligations imposed by this agreement shall remain in effect until Defendants agree otherwise in writing or a court orders otherwise.

**12. <u>MISCELLANEOUS</u>**

12.1    Enforceability Upon Signing.  By signing the Stipulated Protective Order, the parties agree to be bound by its terms and until those terms are modified by order of the Court.

12.2    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any party to seek its modification by the Court in the future.

12.3    Right to Assert Other Objections.  By stipulating to entry of this Stipulated Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

**Counsel for Defendants:**

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | MATTHEW P. SEAMON<br>Senior Litigation Counsel |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | /s/*Mary L. Larakers*<br>MARY L. LARAKERS<br>(Texas Bar # 24093943) |
| ANTHONY P. NICASTRO<br>Acting Director | Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation |
| ELIANIS N. PEREZ<br>Assistant Director | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile)<br>mary.l.larakers@usdoj.gov |

**Counsel for Plaintiffs:**

s/*Trina Realmuto*

| | |
|---|---|
| Trina Realmuto* | Matt Adams* |
| Kristin Macleod-Ball* | Leila Kang* |
| Mary Kenney* | Aaron Korthuis* |
| Tomas Arango | Glenda M. Aldana Madrid* |
| NATIONAL IMMIGRATION<br>  LITIGATION ALLIANCE | NORTHWEST IMMIGRANT<br>  RIGHTS PROJECT |
| 10 Griggs Terrace | 615 Second Avenue, Suite 400 |
| Brookline, MA, 02446 | Seattle, WA 98104 |
| (617) 819-4649 | (206) 957-8611 |
| trina@immigrationlitigation.org | matt@nwirp.org |

Anwen Hughes*
HUMAN RIGHTS FIRST
75 Broad Street, 31st Floor
New York, NY 10004
(212) 845-5244
HughesA@humanrightsfirst.org

*Attorneys for Plaintiffs*

\* *Admitted pro hac vice*

**IT IS SO ORDERED**.

Dated:  *May 13, 2025*

 */s/ Brian E. Murphy*
_____

Honorable Brian E. Murphy
United States District Judge

# EXHIBIT A

**STIPULATION EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued in the case of *D.V.D. v. DHS.*, pending in the District of Massachusetts and bearing Case 1:25-cv-10676-BEM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____