UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| D.V.D., *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:25-cv-10676-BEM |

**DEFENDANTS' RESPONSE TO THE COURT'S MAY 7, 2025 ORDER**

On May 7, 2025, this Court ordered each party to "submit a memorandum. . . addressing whether [the Department of Defense] should be joined as a party in this case." ECF No. 93. Defendants respectfully submit this response. The Department of Defense ("DoD") should not be joined as a party in this case.

Federal courts possess the authority to add and remove parties, *see* Fed. R. Civ. P. 21, but it is Plaintiffs' responsibility to control the scope of their complaint, and the Court should not take on that role in these circumstances. *See, e.g.*, *United States v. Torres-Rosa*, 209 F.3d 4 (1st Cir. 2000) (concluding that it is not the court's obligation "to do counsel's homework"); *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citation omitted); *see also United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (Courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). Plaintiffs are "the master of the complaint," and

1

therefore control much about their lawsuit. *Caterpillar Inc. v. Williams*, 482 U. S. 386, 398-399 (1987). They could amend their complaint to include DoD, if that is in their interest, *see* Fed. R. Civ. P. 15(a)(1)(B), subject to appropriate defenses under the federal rules. *See* Fed. R. Civ. P. 12. But that has not happened to date.

Instead, Plaintiffs' existing suit seeks "to challenge the policy or practice of the Department of Homeland Security (DHS) of deporting, or seeking to deport, them to a *third* country – a country *never* designated for removal – without first providing them with notice or opportunity to contest removal[.]" ECF No. 1 at ¶ 1. The operative Complaint contains no factual allegations or legal claims regarding DoD or any government officials other than those at DHS. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (plaintiff must show "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"). Moreover, Plaintiffs have neither moved to amend their Complaint pursuant to Fed. R. Civ. P. 15 nor sought to join DoD as a defendant under Rules 18-19. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (noting that a plaintiff "gets to determine which substantive claims to bring against which defendants"). To the extent that Plaintiffs wish to bring legal claims against DoD, they must either act to amend their Complaint or file a new lawsuit. Accordingly, the Court should not *sua sponte* add DoD as a party to this case.

To the extent this Court had concerns about the actions of the Defense Department in relation to a prior injunctive order, those concerns have been fully addressed prospectively by its order issued to the actual defendant in this suit, DHS. In that order, this Court imposed the requirement on DHS that "prior to removing, *or allowing or permitting another agency to remove*, an alien from Guantanamo Bay to a third country, Defendants must comport with the terms of the April 18, 2025 preliminary injunction by providing the due-process guarantees set forth in Dkt. 64

at 46-47." ECF No. 86 (emphasis added). That order is tailored to the relief sought by Plaintiffs—limitations on third country removals under the immigration laws, Title 8 of the U.S. Code, of a class of plaintiffs subject to Title 8 removal orders. DoD does not independently operate with Title 8 authority. DoD operates the U.S. Naval Station Guantanamo Bay (NSGB) in Guantanamo Bay, Cuba, and in that capacity operates flights to and from the Naval Station. *See* ECF No. 72-1 at ¶¶ 11-12, 17-18, 26-27, 50-51. This case does not challenge DoD's armed forces mission at NSGB or its authority to operate the NSGB. And properly constructed relief against DHS has already prospectively addressed the concerns identified by Plaintiffs. Thus, it is not necessary to add DoD as a defendant to provide complete relief to the class regarding the implementation of Title 8, and there is no need to join DoD as a party in this action.

Dated: May 14, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ELIANIS N. PEREZ
Assistant Director

/s/*Matthew P. Seamon*
MATTHEW P. SEAMON
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-2648
(202) 305-7000 (facsimile)
Matthew.Seamon2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | /s/ *Matthew P. Seamon* |
|  | Matthew P. Seamon |
| Dated: May 14, 2025 | Senior Litigation Counsel |