# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　No. 1:25-cv-10676-BEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' AMENDED RESPONSES TO PLAINTIFFS' EXPEDITED DISCOVERY REQUESTS REGARDING PLAINTIFF O.C.G.**

i

## INTRODUCTION

Defendants provide the following objections and amended responses to Plaintiffs' Expedited Discovery Requests Regarding Plaintiff O.C.G. ("Requests"), served on April 30, 2025, in accordance with Federal Rules of Civil Procedure 26 and 33, 34, and 36, Local Rules of the District Court of Massachusetts, and the Court's Order Granting Expedited Discovery ("Order") (ECF No. 80). Defendants first provided Plaintiffs with responses to these requests on May 12, 2025.

## PRELIMINARY STATEMENT

Defendants' objections are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. Defendants also submit these Responses subject to: (a) any objections as to competency, relevancy, materiality, privilege, and admissibility of any of the answers; (b) the right to object to other discovery procedures involving and relating to the subject matter of the interrogatories herein; and (c) a reservation of the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.  Finally, inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## OBJECTIONS TO INSTRUCTIONS

Defendants object to the Instructions to the extent they are inconsistent with, or purport to impose obligations on Defendants beyond those imposed by, the Federal Rules of Civil Procedure, Local Rules for the District Court of Massachusetts, and the Court's Order Granting Expedited Discovery ("Order") (ECF No. 80).

## DEFENDANTS' SPECIFIC RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce O.C.G.'s complete immigration case file (also known as the A-File).

**Response to Request for Production No. 1:**

Defendants will produce any non-privileged information responsive to this request.

**Request for Production No. 2:**

Produce the complete transcript of O.C.G.'s immigration court removal proceedings.

**Objection:**

Defendants object to this Request to the extent it seeks transcribed records of O.C.G.'s immigration court removal proceedings.

**Response to Request for Production No. 2:**

Subject to the foregoing objection, Defendants will produce the recordings of O.C.G.'s immigration court removal proceedings.

**Request for Production No. 3:**

Produce all entries, printouts, and data in the ENFORCE Alien Removal Module (EARM) database pertaining to O.C.G. from on and after January 1, 2025.

**Response to Request for Production No. 3:**

Defendants will produce any non-privileged information responsive to this Request.

## DEFENDANTS' SPECIFIC AMENDED RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that neither O.C.G. nor O.C.G.'s counsel in his removal proceedings received written notice that he would be removed to Mexico prior to O.C.G.'s removal on February 21, 2025.

**Objection:**

Defendants object to this Request as compound and vague and ambiguous.

**Response to Request for Admission No. 1:**

Subject to the foregoing objections, Defendants admit that ICE did not provide written notice of O.C.G's removal to O.C.G. or O.C.G.'s counsel as ICE was not obligated to. O.C.G. admits that an ICE officer verbally notified him that he was being removed to Mexico (ECF No. 8-4 at ¶ 9).

**Request for Admission No. 2:**

Admit that O.C.G. did not receive oral notice that he would be removed to Mexico prior to exiting the Eloy detention Center on February 21, 2025.

**Response to Request for Admission No. 2:**

Defendants admit this Request.

**Request for Admission No. 3:**

Admit that O.C.G. did not receive a reasonable fear interview regarding his fear of return to Mexico prior to his removal to Mexico on February 21, 2025.

**Objection:**

Defendants object to this Request to the extent it calls for information outside of Defendant's knowledge and calls for Defendants to speculate as to O.C.G.'s fear of return to Mexico.

3

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**Response to Request for Admission No. 3:**

Subject to the foregoing objections, Defendants admit that O.C.G. did not receive a reasonable fear interview. Defendants deny that Defendants were required to conduct a reasonable fear interview. Upon reasonable inquiry, the information known or readily available to Defendants is insufficient to enable Defendants to either admit or deny this Request. Defendants do not know the identity of individual who verbally notified O.C.G. of his removal to Mexico. Defendants therefore deny this Request.

**Request for Admission No. 4:**

Admit that O.C.G. did not have an opportunity to file a motion to reopen his removal proceedings between the time he was allegedly informed verbally of his imminent removal to Mexico and the time he was in fact removed to Mexico.

**Objection:**

Defendants object to this Request to the extent it is vague, compound, ambiguous, and calls for pure conjecture and speculation.

**Response to Request for Admission No. 4:**

Subject to the foregoing objections, Defendants admit that O.C.G. did not file a motion to reopen after he was verbally informed of his removal to Mexico.

**Request for Admission No. 5:**

Admit that O.C.G. asked to call his immigration counsel after he was verbally informed that he was going to be removed to Mexico.

**Objection:**

Defendants object to this Request to the extent it is vague and ambiguous and calls for information outside of Defendants' knowledge.

**Response to Request for Admission No. 5:**

4

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Upon reasonable inquiry, the information known or readily available to Defendants is insufficient to enable Defendants to either admit or deny this Request. Defendants do not know the identity of the individual who verbally notified O.C.G. of his removal to Mexico. Defendants therefore deny this Request.

# DEFENDANTS' SPECIFIC AMENDED RESPONSES TO PLAINTIFFS' INTERROGATORIES

**Interrogatory No. 1:**

Identify all individuals who participated in the planning and execution of O.C.G.'s removal and describe each person's role in the planning and execution of O.C.G.'s removal.

**Objection:**

Defendants object to the phrase "participated in the planning and execution of" as vague, overbroad, and ambiguous. This phrase is not defined, subject to multiple interpretations, and may or may not include a variety of administrative or other actions, like detention and transportation, that are unrelated to the scope of this expedited discovery.

**Response to Interrogatory No. 1:**

Subject to the foregoing general and specific objections, Defendants identify the following individuals who verified that O.C.G. had a final order of removal, checked system databases for potential stays in O.C.G.'s case, and scheduled him for removal:

- ICE Enforcement and Removal Operations (ERO) Deportation Officer ▇▇ ▇▇ ran pre-departure checks to confirm O.C.G. had no stays and was cleared for removal.
- ICE ERO Supervisory Detention and Deportation Officer ▇▇ ▇▇ reviewed the pre-departure checks and provided concurrence.
- ICE ERO Deportation Officer ▇▇ ▇▇ served O.C.G. removal paperwork.
- ICE ERO Deportation officer ▇▇ ▇▇ confirmed O.C.G.'s identity before he was cleared for removal.
- Defendants do not know the identity of the individual who verbally informed O.C.G. that he was being removed to Mexico as described in O.C.G.'s declaration (ECF No. 8-4 at ¶ 9).

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**Interrogatory No. 2:**

Identify all records, systems, databases, individuals, and information portals consulted in the preparation of the Declaration of Brian Ortega, ECF No. 31-1.

**Objection:**

Defendants object to this Request to the extent it seeks information protected from discovery by several privileges including the law enforcement privilege, deliberative process privilege, and attorney-client privilege.

**Response to Interrogatory No. 2**:

Subject to the foregoing objections, Defendants respond as follows: Assistant Field Officer Director Brian Ortega reviewed ENFORCE Alien Removal Module (EARM) and ENFORCE Alien Detention Module (EADM) entries associated with O.G.C. as well as his A-file.

**Interrogatory No. 3:**

Identify the individual or individuals referenced in paragraphs 12 and 13 of the Declaration of Brian Ortega, ECF No. 31-1, including the individual(s) who "advised that Mexico was accepting removals," the individual(s) that "scheduled O.C.G. for removal to Mexico," and the individual(s) that "verbally asked O.C.G. if he was afraid of being returned to Mexico."

**Response to Interrogatory No. 3:**

Defendants respond as follows: ERO-Phoenix Field Office Director ███ ███ informed ERO personnel that Mexico was accepting removals from other countries. Deportation Officer ███ ███ served O.C.G. with documents related to his removal from the United States. Defendants cannot identify the person who verbally asked O.C.G. whether he had a fear of returning to Mexico. Deportation Officer ███ ███ ran pre-departure checks to confirm O.C.G. was cleared for removal.

**Interrogatory No. 4:**

7

State the date on which ERO scheduled O.C.G. for removal to Mexico, as stated in paragraph 12 of the Declaration of Brian Ortega, ECF No. 31-1.

**Response to Interrogatory No. 4:**

Defendants respond as follows: O.C.G. was scheduled for removal on February 20, 2025, and removed on February 21, 2025.

| | |
|---|---|
| Respectfully submitted,<br><br>YAAKOV M. ROTH<br>Acting Assistant Attorney General<br><br>ELIANIS N. PEREZ<br>Assistant Director | /s/*Mary L. Larakers*<br>MARY L. LARAKERS<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile)<br>mary.l.larakers@usdoj.gov |

## VERIFICATION

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the responses to Plaintiffs' Interrogatories are true and correct, to the extent that the factual information sought is not entirely within my personal knowledge or the personal knowledge of any one employee of the United States. The information necessary to answer this discovery was provided by a review of available records and information gathered collectively and from persons having personal knowledge of this matter.

Signed this 16th day of May, 2025.



JOHN E CANTU
Digitally signed by JOHN E CANTU
Date: 2025.05.16 17:21:13 -07'00'

_____

Name: John E. Cantú

Title: Field Office Director