## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>　　　　Defendants. | Case No. 25-cv-10676-BEM |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' RESPONSE TO THE COURT'S MAY 7, 2025 ORDER (DKT. 93) AND REPLY IN SUPPORT OF JOINDER OF THE DEPARTMENT OF DEFENSE**

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................... 1

II.  THE COURT SHOULD JOIN DoD AS A PARTY .................................................... 1

    A.  Rule 19 Requires Joinder of Any Required Party, and the Court Has Independent
        Authority to Add a Party at Any Stage of the Litigation................................................ 1

    B.  Defendants' Assertions and Ongoing Conduct Demonstrate the Need to Join
        DoD as a Defendant ..................................................................................................... 3

III. CONCLUSION................................................................................................................ 4

## I.    INTRODUCTION

Joinder of the Department of Defense (DoD) is both procedurally proper and legally compelled under the Federal Rules of Civil Procedure. Contrary to Defendants' assertion that it is solely Plaintiffs' responsibility to amend their complaint, *see* Dkt. 100 at 1-2, Rule 19 imposes an affirmative obligation on courts to ensure that required parties are joined whenever feasible. That obligation is especially warranted here, where the necessity of adding DoD has become clear in light of developments occurring after the initial complaint.

Plaintiffs have set forth evidence demonstrating that DoD has deported and supported attempt deportations of class members, and the Department of Homeland Security (DHS) has disclaimed, in sworn testimony, providing any direction to DoD to conduct at least some of those deportations. Nothing in Defendants' response to this Court's order is to the contrary. Thus, joinder of DoD is required for the reasons set forth in Plaintiffs' brief. *See* Dkt. 98.

## II.    THE COURT SHOULD JOIN DoD AS A PARTY

### A.    Rule 19 Requires Joinder of Any Required Party, and the Court Has Independent Authority to Add a Party at Any Stage of the Litigation.

Defendants ignore the distinct function of Rule 19 in claiming that it is solely Plaintiffs' responsibility to amend their complaint. *See* Dkt. 100 at 1–2. Where a party is deemed required, "the court *must* order" joinder. Fed. R. Civ. P. 19(a)(2) (emphasis added); *see also* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1609 (3d ed. 2025) ("[T]he mandatory language in Rule 19(a)(1) . . . and . . . in (a)(2) . . . seems to reflect a desire on the part of the drafters that persons needed for a just adjudication be joined whenever possible."). Both the drafters of Rule 19 and courts have recognized that a required party "may be added . . . *on the court's initiative*." Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment; *see also, e.g., Delgado v. Plaza Las Americas, Inc.*, 139 F. 3d 1, 2 (1st Cir. 1998) ("We have squarely held

1

that a district court may raise the issue of nonjoinder *sua sponte*."). Defendants acknowledge, as

they must, that Rule 21 authorizes the Court to add a party "[o]n its own," and "on just terms."

Fed. R. Civ. P. 21; *see also, e.g.*, *Gonzalez v. Cruz*, 926 F.2d 1, 5 & n.6 (1st Cir. 1991) (citing

Rule 21 in support of proposition that the district court may sua sponte consider whether an

absent party must be joined as an indispensable party). Notwithstanding this Court's authority to

add DoD as a party sua sponte, the Court afforded both parties the opportunity to submit briefing

on the propriety of adding DoD as a defendant in this matter. *See* Dkt. 93. Defendants' reliance

on cases emphasizing party-driven litigation—none of which address the issue of court-initiated

joinder, *see* Dkt. 100 at 1–2—misses the mark.

Further, Rule 19 contemplates that a party "may be added . . . at *any* stage of the action,"

regardless whether a plaintiff names them, particularly where, as here, "the relationship of an

absent [party] to the action, and the practical effects of an adjudication upon [them] and others,

may not be sufficiently revealed at the pleading stage." Fed. R. Civ. P. 19 advisory committee's

note to 1966 amendment; *see also, e.g.*, *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825

F. Supp. 340, 344 (D. Mass. 1993) ("Parties may be . . . added by order of the court . . . at any

stage of the action and on such terms as are just . . . even after trial or on appeal." (second

omission in original) (internal quotation marks and citation omitted)). That need is particularly

acute here, where the need to add DoD arises both from subsequent events that have occurred

since the filing of the complaint, such as DoD's removal of four class members to third

countries, and Defendants' own (implausible) assertion that DHS did not direct, and thus did not

control, such removals. *See infra* Section II.B. Notably, under Rule 15(d), "[o]n motion and

reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading

setting out any transaction, occurrence, or event that happened after the date of the pleading to be

2

supplemented." Federal courts long have recognized that the need for joinder may arise based on post-complaint conduct and evolving factual developments. *E.g.*, *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." (internal footnote omitted)); *see also, e.g.*, *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("New claims, *new parties*, and allegations regarding events that occurred after the original complaint was filed are all properly permitted under Rule 15(d)." (emphasis added)).[1]

> **B.**  **Defendants' Assertions and Ongoing Conduct Demonstrate the Need to Join DoD as a Defendant**

Defendants concede that "DoD does not independently operate with Title 8 authority." Dkt. 100 at 3. Yet, Defendants simultaneously acknowledged that DoD "removed" a minimum of four individuals to a third country (El Salvador), while also maintaining that DHS did not "direct" these removals. Dkt. 72-1 ¶¶ 12, 18, 27, 51; *see also* Dkt. 72 at 2; Dkt. 98 at 4-5. Thus, Defendants' own statements establish that, regardless of DoD's legal authority, DoD *has* conducted removals.

Defendants also make the irrelevant points that Plaintiffs do not challenge DoD's authority to operate Naval Station Guantánamo Bay (NSGB) and do not expressly mention DoD's actions in their complaint. Dkt. 100 at 3. Defendants are correct that Plaintiffs' claims do not relate do not "challenge DoD's armed forces mission at NSGB or its authority to operate the NSGB." *Id.* Instead, they challenge DoD's role in the constitutional, statutory, and regulatory violations laid out in the complaint—failing to ensure that class members receive basic, legally

---

[1]    Plaintiffs do not believe an amendment to the Complaint is necessary; however, if the Court concludes otherwise, Plaintiffs could file an amended complaint to name DoD.

required protections before they are deported to third countries. *See* Dkt. 1. While the complaint does not expressly mention DoD's role in that process, this is unsurprising, given DoD's acknowledged lack of legal authority to conduct deportation. *See* Dkt. 100 at 3. Moreover, Plaintiffs could not have anticipated DHS' new and unprecedented abrogation of its role in deportations of noncitizens, let alone class members.

Finally, Defendants err in asserting that this Court's April 30, 2025 amendment to the preliminary injunction (PI) eliminates the need to join DoD as a defendant. Dkt 100 at 2-3. While the amendment prevents Defendants from "allowing or permitting another agency to remove" class members *from Guantánamo Bay* without required protections, *see* Dkt. 86, DoD's actions are not limited to NSGB. Instead, as evidenced by Plaintiffs' emergency motion filed on May 7, 2025, *see* Dkt. 89, DoD has continued its involvement with, at a minimum, attempted removals of class members from the continental United States even after the Court amended the PI, *see* Dkt. 98-2 ¶ 32 (describing military involvement in attempted removals to Libya); *see also* Dkt. 98-3 ¶ 11 (same).

* * *

In short, Defendants' sworn statements and admissions to DoD's involvement in class members' deportations presents a straightforward case for joinder under Rule 19 or, in the alternative, Rule 20. Joinder is required to ensure this Court can grant complete relief and in light of DoD's interests in the subject of this action.

## III.    CONCLUSION

The Court should join DoD as a defendant in this action.

//

//

Respectfully submitted,

s/*Trina Realmuto*
_____

Trina Realmuto*                         Matt Adams*
Kristin Macleod-Ball*                   Leila Kang*
Mary Kenney*                            Aaron Korthuis*
Tomas Arango                            Glenda M. Aldana Madrid*
**NATIONAL IMMIGRATION**                **NORTHWEST IMMIGRANT**
**  LITIGATION ALLIANCE**               **  RIGHTS PROJECT**
10 Griggs Terrace                       615 Second Avenue, Suite 400
Brookline, MA, 02446                    Seattle, WA 98104
(617) 819-4649                          (206) 957-8611
trina@immigrationlitigation.org         matt@nwirp.org

Anwen Hughes*
**HUMAN RIGHTS FIRST**
75 Broad Street, 31st Floor
New York, NY 10004
(212) 845-5244
HughesA@humanrightsfirst.org
                                        *Attorneys for Plaintiffs*

\* *Admitted pro hac vice*

Dated: May 19, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 s/ *Kristin Macleod-Ball*
Kristin Macleod-Ball

DATED: May 19, 2025