UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 1:25-cv-10676-BEM |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF REGARDING JOINDER OF THE DEPARTMENT OF DEFENSE**

Plaintiffs' brief regarding joinder (ECF No. 98) fails to explain why the Department of Defense ("DoD") should be joined as a party to this case. Moreover, Plaintiffs do not even attempt to argue that their Complaint asserts any right to relief against DoD. For these reasons, and as Defendants argued in their response to this Court's May 7, 2025 Order (ECF No 100), it is improper for the Court to join DoD as a party under these circumstances.

In their brief, Plaintiffs argue—for the first time—that DoD should be joined as a party to this case. ECF No. 98 at 3. But to date they have neither moved for joinder nor attempted to amend their Complaint to state a claim against DoD. Plaintiffs' brief invokes permissive joinder, but Plaintiffs have notably not asserted any legal claim against DoD as required by Federal Rule of Civil Procedure 20. *See* Fed. R. Civ. P. 20(a)(2)(A) (a party may be joined as a defendant where plaintiffs assert a "right to relief . . . against them jointly, severally, or in the alternative."). The operative Complaint levels no factual or legal allegations against DoD; indeed, it does not

1

reference DoD *at all*. But Plaintiffs are "the master of [their] complaint," *Caterpillar Inc. v. Williams*, 482 U. S. 386, 398-399 (1987), and to the extent that they wish to add DoD as a party, they should do so through an amended pleading under Rule 15. The Court and the parties would then be in a position to test the sufficiency of those allegations pursuant to Rule 12. But Plaintiffs have not chosen to do so. Without any allegations in the Complaint against DoD, the agency is not properly a party to this action. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (a party lacks standing to sue when it fails to make necessary allegations).

Moreover, Plaintiffs' brief fails to explain why the amended preliminary injunction is not sufficient to address any concerns about the Court's ability to provide effective relief. Plaintiffs reference Rule 19, but fail to explain why DoD must be joined for this Court to provide complete relief. *See* Fed. R. Civ. P. 19(a)(1)(A) (providing for joinder where "the court cannot accord complete relief among existing parties"). The amended preliminary injunction prevents DHS from "removing, *or allowing or permitting another agency to remove*, an alien from Guantanamo Bay to a third country," without providing the procedures laid out in the Court's injunction. ECF No. 86 (emphasis added). That order is carefully tailored to the relief Plaintiffs seek—limitations on third country removals under the immigration laws, Title 8 of the U.S. Code, of a class of plaintiffs subject to Title 8 removal orders. Absent any argument that the amended preliminary injunction is insufficient to afford complete relief on this claim, or that a similar permanent injunction would also be insufficient, Rule 19 simply does not provide a basis for adding DoD as a party. For these reasons, there is no need to join DoD as a party in this action and the Court should decline to do so *sua sponte*.

Dated: May 19, 2025                                    Respectfully submitted,

                                                          YAAKOV M. ROTH
Acting Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ELIANIS N. PEREZ
Assistant Director

/s/*Matthew P. Seamon*
MATTHEW P. SEAMON
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-2648
(202) 305-7000 (facsimile)
Matthew.Seamon2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                                         /s/ *Matthew P. Seamon*
                                                                        Matthew P. Seamon
Dated: May 19, 2025                                    Senior Litigation Counsel