UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*, | )<br>)<br>) |
| Individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) No. 1:25-cv-10676-BEM<br>) |
| v. | )<br>) |
| U.S. Department of Homeland Security, *et al.*, | )<br>) |
| Defendants. | )<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ON BEHALF OF O.C.G.**

i

## INTRODUCTION

This Court should deny Plaintiff O.C.G.'s Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 104). Plaintiffs' request for relief—to facilitate O.C.G.'s return to the United States—is extraordinary in a case arising in district court. For the reasons discussed at length in the Government's opposition to Plaintiffs' motion for preliminary injunctive relief (ECF Nos. 31, 51), this Court lacks jurisdiction to order Defendants to return O.C.G. Additionally, the procedures O.C.G. received during his removal proceedings comport with any due process requirements particularly since O.C.G. has already been removed. Therefore, this Court should deny O.C.G.'s motion.[1]

## STANDARD OF REVIEW

"A preliminary injunction is an 'extraordinary and drastic remedy.'" *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.,* 645 F.3d 26, 32 (1st Cir. 2011). In deciding a preliminary injunction motion, the Court "must consider: (1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." *Gonzales-Droz v. Gonzalez-Colon,* 573 F.3d 75, 79 (1st Cir. 2009) (internal citation and quotation marks omitted). "The party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in its favor." *Esso Std. Oil Co. (Puerto Rico) v. Monroig-Zayas,* 445 F.3d 13, 18 (1st Cir. 2006). The movant's likelihood of success on the merits weighs most heavily in the preliminary injunction calculus, *Ryan v. U.S. Immigr. and Customs Enf't,* 974 F.3d 9, 18 (1st Cir. 2020), and if the movant "cannot

---

[1] The Government recognizes, and deeply regrets, its completely inadvertent disclosure of O.C.G.'s alien number and name on the public docket. *See* ECF No. 103-1. Undersigned counsel for the government took immediate action upon recognizing the inadvertent error and immediately apologized to the Court's clerk and counsel for O.C.G.

1

demonstrate that he is likely to succeed in this quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). Where, as here, a movant asks for a mandatory preliminary injunction seeking affirmative action on behalf of the Government it should be granted only "when the exigencies of the situation demand such relief." *Braintree Labs., Inc. v. Citigroup Glob. Markets Inc.,* 622 F.3d 36, 41 (1st Cir. 2010).

## ARGUMENT

### I. Plaintiff O.C.G. Is Not Likely to Succeed on the Merits of His Claims Because This Court Lacks Jurisdiction to Order his Return to the United States.

#### A. Section 1252(g) Bars Review of O.C.G.'s Claims.

Section 1252(g) bars claims arising from the three discrete actions identified in § 1252(g), including, as relevant here, the decision or action to "execute removal orders." Congress spoke clearly, emphatically, and repeatedly, providing that "no court" has jurisdiction over "any cause or claim" arising from the execution of removal orders, "notwithstanding any other provision of law," whether "statutory or nonstatutory," including habeas, mandamus, or the All Writs Act. 8 U.S.C. § 1252(g).

While this Court has already held that it has jurisdiction over legal arguments raised by Plaintiffs and issued relief for class members within the United States (ECF No. 64 at 21-22); it is quite another thing to order the return of an alien whom DHS had already removed pursuant to its statutory third country removal authority at the time Plaintiffs filed suit. Section § 1252(g) "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. American-Arab Anti-Discrimination Committee* ("*AADC*"), 525 U.S. 471, 482 (1999). Ordering the return of O.C.G. is directly contrary to this purpose. While aliens within the United States have not yet reached the culmination of the removal process; O.C.G.'s removal proceedings culminated in his removal from the United States over a month prior to this suit's

filing. Ordering his return would deconstruct, fragment and ultimately prolong his removal from the United States in direct contravention of § 1252(g)'s purpose.² This Court should therefore deny his motion.

### B. Section 1252(a)(5) and (b)(9) Bar O.C.G.'s Claims Because He Had the Ability to File a Statutory Motion to Reopen from Abroad.

Unlike other aliens for whom this Court found the procedures available in immigration court to be "legally insufficient and logistically impossible, effectively foreclosing all meaningful judicial review," ECF No. 64 at 14, Plaintiff O.C.G. had several opportunities to have his fear claim to Mexico effectively reviewed. Therefore, his claim is barred by § 1252(b)(9). *See Aguilar v. U.S. Immigration & Customs Enf't Div. of the Dep't of Homeland Sec.*, 510 F.3d 1, 11 (1st Cir. 2007) (holding that § 1252(b)(9) bars claims that can be "raised efficaciously within the administrative proceedings delineated by the INA.").

[redacted]

---

² Numerous district courts have refused, pursuant to § 1252(g), to order the return of aliens. *See H.T. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-146-CDL-MSH (M.D. Ga. Dec. 29, 2020), *recommendation adopted*, 2021 WL 5444776 at *5 (M.D. Ga. Feb. 23, 2021) (finding the § 1252(g) barred challenges to Respondents' alleged refusal to facilitate Petitioner's return because the claim arises from execution of the removal order.); *Alomaisi v. Decker*, No. 20-cv-5059 (VSB) (SLC), 2021 WL 611047, at *8 (S.D.N.Y. Jan. 27, 2021) (finding jurisdiction lacking under, *inter alia*, § 1252(g), where Plaintiff filed a habeas petition seeking an order returning him to the United States from Yemen to pursue a motion to reopen that was pending at the time the petition was filed), *report and recommendation adopted Alomaisi v. Decker*, 2021 WL 3774117 (S.D.N.Y. Aug. 25, 2021); *Yearwood v. Barr*, 391 F. Supp. 3d 255, 263 (S.D.N.Y. 2019) (dismissing for lack of jurisdiction, including under § 1252(g), habeas corpus petition seeking alien's return to the United States despite ICE's previous agreement that petitioner could stay in the United States for medical treatment).

3



Second, unlike other aliens in the class, O.C.G. had an opportunity to file a statutory motion to reopen in the ninety days following his withholding of removal proceedings which ended in February 2025 from abroad. 8 U.S.C. § 1299a(c)(7); 8 C.F.R. § 1003.23; *see Reyes-Tores v. Holder,* 645 F.3d 1073, 1076-77 (9th Cir. 2011) (allowing statutory motions to reopen to be filed from outside the United States). There is no indication that he did so. However, because the opportunity nonetheless existed, his case again differs from other class members and is barred by § 1252(b)(9) which requires that aliens seek relief from their removal orders through the well-trodden immigration court system. And even still, O.C.G. could file a *sua sponte* motion to reopen with the immigration court and ultimately obtain review in the Court of Appeals because he was

---

[3] U.S. Department of Homeland Security, Instructions for Application for Asylum and for Withholding of Removal at 4, available at https://www.uscis.gov/sites/default/files/document/forms/i-589instr.pdf (last accessed May 20, 2025).
[4] *See* U.S. Department of Homeland Security, Application for Asylum and for Withholding of Removal at 6, available at https://www.uscis.gov/sites/default/files/document/forms/i-589.pdf (last accessed May 20, 2025).

ordered removed in the Ninth Circuit. 8 C.F.R. § 1003.23; *Rubalcaba v. Garland,* 998 F.3d 1301, 1034 (9th Cir. 2021) (holding that the post-departure bar does not apply to the immigration court's *sua sponte* authority to reopen proceedings); *Bonilla v. Lynch,* 840 F.3d 575, 588 (9th Cir. 2016) (allowing review of the denial of a *sua sponte* motion to reopen for "legal or constitutional error"). O.C.G. cannot claim that he lacks access to judicial review and therefore, § 1252(b)(9) bars his claim.

Additionally, while Plaintiffs point to many courts of appeals decisions ordering the return of aliens to the United States, these cases are distinguishable because (1) the alien was ordered returned in the context of a petition for review, (2) the alien had not been ordered removed, or (3) the removal order was invalid or stayed. *See* ECF No. 105 at 14. This Court should therefore deny O.C.G.'s motion.

### C. FARRA Further Bars O.C.G.'s Return.

Independently, ordering the return of O.C.G. would violate Section 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), which implements Article 3 of the Convention Against Torture. It provides that "[n]otwithstanding any other provision of law, and except as provided [by regulation], *no court shall have jurisdiction to review the regulations adopted to implement this section*, and *nothing in this section shall be construed as providing any court jurisdiction to consider or review* claims raised under the Convention or this section[.]" FARRA § 2242(d) (emphasis added). O.C.G.'s motion requests that Defendants facilitate his return to the United States to implement the CAT via additional and different procedures beyond those adopted in DHS's implementing regulations. Indeed, this Court has seemingly recognized that the CAT regulations do not demand the relief Plaintiffs seek and instead has held that the Due Process Clause requires further procedures. ECF No. 64 at 37-40. But "no court"—and certainly

5

not the district court—has jurisdiction to review DHS's implementation of CAT and order further procedures. Yet that is precisely what this Court would do here by ordering the return of O.C.G—mandate how CAT must be implemented in the context of O.C.G.'s third country removal. Therefore, FARRA is fatal to Plaintiff O.C.G.'s motion.

### II. Plaintiff O.C.G. Lacks any Statutory, Regulatory, or Due Process Right to the Procedures He Seeks.

Finally, as this Court seemingly recognizes, there is no statute or regulation requiring the return of O.C.G. for DHS to provide additional removal procedures. Defendants maintain that O.C.G. have received all the process to which he is due. Due process does not require an additional round of proceedings after the final order of removal issues, *see Carlson v. Landon*, 342 U.S. 524, 537 (1952), especially for O.C.G. who was never admitted to the United States, *see Dept. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 1982 (2020) (calling Ninth's Circuit's holding that an alien had a due process right to judicial review of his expedited removal order "contrary to more than a century of precedent"). *See Pena-Muriel v. Gonzales*, 489 F.3d 438, 433 (1st Cir. 2007) ("[T]he fact that a vacatur may be an 'appropriate' basis for reopening a deportation order does not establish a due process right to such reopening after one has departed the country."). Additionally, Plaintiff O.C.G. admits he was notified of his removal to Mexico. ECF No. 8-4 at ¶ 9. Given O.C.G.'s declaration, and the myriad of process he was provided in his removal proceedings, he fails to establish that the Due Process Clause demands his return to the United States. *See Thuraissigiam*, 591 U.S. at 138.

### III. The Remaining Preliminary Injunction Factors Do Not Favor Plaintiffs.

When a movant fails to establish that he is likely to succeed on the merits, "the remaining [preliminary injunction] factors become matters of idle curiosity." *New Comm Wireless Servs., Inc.,* 287 F.3d at 9. As explained above, O.C.G. is not likely to succeed on the merits of their

6

claims. Consequently, he is not entitled to preliminary relief regardless of the other preliminary injunction factors.

## **CONCLUSION**

For the forgoing reasons, this Court should deny Plaintiff O.C.G.'s motion for a temporary restraining order and preliminary injunctive relief (ECF No. 104).

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ELIANIS N. PEREZ
Assistant Director

MATTHEW P. SEAMON
Senior Litigation Counsel

/s/*Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Mary L. Larakers*
Mary L. Larakers
Dated: May 20, 2025                                   Senior Litigation Counsel