UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., et al., )<br>)<br>            Plaintiffs, )<br>)<br>    v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, et al., )<br>)<br>            Defendants. )<br>) | Civil Action No.<br>25-10676-BEM |

## MEMORANDUM ON PRELIMINARY INJUNCTION

**MURPHY, J.**

At today's hearing, the Court found that Defendants violated the Preliminary Injunction entered in this case by failing to provide six non-citizen class members a "meaningful opportunity" to assert claims for protection under the Convention Against Torture before initiating removal to a third country. *See* Dkt. 64 at 46–47.

Defendants maintain that ambiguity in the phrase "meaningful opportunity" precipitated this controversy. Indeed, when the Court issued the Preliminary Injunction, it declined to elaborate on what constitutes a "meaningful opportunity," preferring instead to let experience show through hard cases the finer points of what is required under the Due Process Clause.

To be clear, this is not one of those hard cases. Giving every credit to Defendants' account, the non-citizens at issue had fewer than 24 hours' notice, and zero business hours' notice, before being put on a plane and sent to a country as to which the U.S. Department of State issues the following warning: "Do not travel to South Sudan due to **crime**, **kidnapping**, and **armed conflict**." *South Sudan Travel Advisory*, U.S. DEPARTMENT OF STATE, Mar. 8, 2025, https://perma.cc/XQN7-VXHV (emphasis in original). As detailed on the record during today's

hearing, further facts regarding the unavailability of information, the hurried and confused notice that the individuals received, language barriers, and attorney access compound and confirm this Court's finding that no reasonable interpretation of the Court's Preliminary Injunction could endorse yesterday's events.

Nevertheless, given Defendants' position that further detail would help Defendants comply, the Court offers the following summary and clarification of its Preliminary Injunction:

All removals to third countries, *i.e.*, removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal, *see* 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen's counsel in a language the non-citizen can understand. Dkt. 64 at 46–47. Following notice, the individual must be given a meaningful opportunity, **and a minimum of ten days**, to raise a fear-based claim for CAT protection prior to removal. *See id.* If the non-citizen demonstrates "reasonable fear" of removal to the third country, Defendants must move to reopen the non-citizen's immigration proceedings. *Id.* If the non-citizen is not found to have demonstrated a "reasonable fear" of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of their immigration proceedings. *Id.*

This Preliminary Injunction applies to the Defendants, including the Department of Homeland Security, as well as their officers, agents, servants, employees, attorneys, any person acting in concert, and any person with notice of the Preliminary Injunction. Fed. R. Civ. P. 65(d)(2); *see also* Dkts. 86, 91. Accordingly, no Defendant may avoid their duty to follow the Preliminary Injunction by involving or ceding responsibility to any other person. *See* Dkt. 86.

**So Ordered.**

Dated: May 21, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court