# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| D.V.D., *et al.*,<br>Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-10676-BEM |

**DECLARATION OF ACTING ASSISTANT DIRECTOR**
**MARCOS D. CHARLES**

Pursuant to 28 U.S.C. § 1746, I, Marcos D. Charles, declare as follows:

1. I am an Acting Assistant Director for Field Operations at Enforcement and Removal Operations ("ERO") at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). As the Acting Assistant Director, I am responsible for oversight of the twenty-five ERO Field Offices, ensuring all field operations are working to efficiently execute the agency mission.

2. I began my career with the U.S. Government as a Border Patrol Agent for the former Immigration and Naturalization Service in Hebbronville, TX. Over time I was promoted to Senior Border Patrol Agent, Supervisory Border Patrol Agent, and Field Operations

Supervisor. I joined ICE in 2008 as the Assistant Officer in Charge. Overtime I was promoted to Supervisory Detention and Deportation Officer, Assistant Field Office Director, Chief of Staff, Deputy Field Office Director, and Field Office Director before becoming the Acting Assistant Director.

3. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business.

4. Pursuant to the Court's inquiries about the individuals on the plane during the May 21, 2025 hearing, I submit this declaration to inform the Court of the identities and serious criminal histories of the seven aliens at issue in the litigation on the plane. (ECF No. 104).

█████████████ (E.A.H.)

5. I have personally reviewed the case of E.A.H.
6. E.A.H. is a native and citizen of Cuba.
7. On May 11, 1999, E.A.H. was convicted in the Eleventh Circuit Court of Florida, County of Dade, for Robbery, in violation of Florida Statutes § 812.13(2)(c); Robbery Using Deadly Weapon or Firearm, in violation of Florida Statutes §§ 812.13(2)(a) and 777.011; Attempted Arm Robbery, in violation of Florida Statutes §§ 812.13(2)(a)(b), 777.04, and 777.0111; Attempted Second Degree Murder, in violation of Florida Statutes §§ 782.04(2), 777.04, and 775.087; Unlawful Possession of a Firearm or Weapon by a Convicted Felon, in violation of Florida Statutes §§ 790.23(1); and Robbery Using a Deadly Weapon or Firearm, in violation of Florida Statutes §§ 812.13(2)(A) and 777.011.

8. As a result of these criminal convictions, E.A.H. was sentenced to four years in prison to be followed by two years of probation.

9. On September 13, 1999, E.A.H. was ordered removed to Cuba by an immigration judge. E.A.H. did not file an appeal, and his removal order became administratively final on that date.

10. On February 6, 2007, E.A.H. was convicted in the Eleventh Judicial Circuit of Florida, Miami-Dade County, of Robbery/Strongarm, in violation of Florida Statute 812.13 2(c); Falsely Impersonating an Officer, in violation of Florida Statute § 843.08; and Kidnapping, in violation of Florida Statute 787.01.2, and was sentenced to fifteen years in prison to be followed by five years of probation.

███████████████████████ (J.M.R.)

11. I have personally reviewed the case of J.M.R.

12. J.M.R. is a native and citizen of Cuba.

13. On October 10, 2008, J.M.R. was convicted in the Eighteenth Judicial Circuit of Florida, Brevard County, of Arson in the Second Degree, in violation of Florida Statutes § 806.01(2), and was sentenced to fifteen years of probation.

14. On November 8, 2010, J.M.R. was convicted in the Eleventh Judicial Circuit of Florida, Miami-Dade County, of Cocaine/Trafficking, in violation of Florida Statutes §§ 893.135(1), (B)(1), and 777.011, and was sentenced to three years in prison.

15. On October 21, 2020, J.M.R. was convicted in the Seventh Judicial Circuit of Florida, Volusia County, of Possession of a Firearm by a Convicted Felon, in violation of Florida Statute § 790.22(1), and was sentenced to four years in prison.

16. On October 21, 2020, J.M.R. was convicted in the Seventh Judicial Circuit of Florida, Volusia County, of Possession of Paraphernalia, in violation of Florida Statutes § 893.147(1), and was sentenced to 364 days in prison.

17. On January 12, 2022, J.M.R. was convicted in the Ninth Judicial Circuit of Florida, Orange County, of Attempted First Degree Murder with a Weapon, in violation of Florida Statute § 782.04(1)(A)(1), and was sentenced to four years in prison.

████████████████ (T.N.)

18. I have personally reviewed the case of T.N.

19. T.N. is a citizen of the Lao People's Democratic Republic (Laos).

20. On November 13, 1995, T.N. was convicted in the Superior Court of California, County of Riverside, for First Degree Murder, in violation of California Penal Code § 187; Attempted Murder, in violation of the California Penal Code §§ 664 and 187; and Second-Degree Robbery, in violation the California Penal Code § 211, and was sentenced to life in prison without parole.

21. Conviction records and media reporting on his convictions show that on May 16, 1994, T.N. robbed and murdered a sixty-four-year-old German tourist and seriously injured her husband near a scenic outlook in Idyllwild, California..[1]

22. On March 2, 2018, T.N. was resentenced by the same court to life with the possibility of parole following a change in California law regarding minor offenders.

---

[1] ████████████████████████████████████████████████████████

23. On July 12, 2023, T.N. was ordered removed to Laos by an immigration judge and waived appeal.

▇▇▇▇▇▇▇▇▇▇▇ (J.M.G.)

24. I have personally reviewed the case of J.M.G.

25. J.M.G. is a native and citizen of Mexico.

26. On January 11, 2005, J.M.G. was convicted in the Thirteenth Circuit Court of Florida, County of Hillsborough, for Murder in the Second Degree, in violation of Florida Statutes § 782.04(2), and sentenced to twenty-five years in prison.

27. On June 16, 2005, J.M.G. was ordered removed to Mexico by an immigration judge and waived appeal.

28. Recently, J.M.G. was identified as and admitted to being a member of a criminal organization. While incarcerated, ▇▇▇▇▇▇▇▇▇ incurred multiple disciplinary violations; some of these violations were related to gang activity.

▇▇▇▇▇▇ (K.M.)

29. I have personally reviewed the case of K.M.

30. K.M. is a native and citizen of Burma.

31. On September 3, 2019, K.M. was convicted in the Iowa District Court, County of Marshall, of Lascivious Acts with a Child, in violation of Iowa Code § 709.8(1)(a), and was sentenced to no more than ten years of incarceration, based on a three-count information alleging that K.M. fondled or touched the pubes or genitals of a child, and performed a sex act with a person under the age of twelve or thirteen years of age.

32. On September 23, 2021, K.M. was ordered removed by an immigration judge. On March 17, 2023, the Board of Immigration Appeals dismissed his appeal.

███████ **(N.M.)**

33. I have personally reviewed the case of N.M.

34. N.M. is a native and citizen of Burma.

35. On September 22, 2020, N.M. was convicted in the District Court of Nebraska, County of Lancaster, of Attempted Sexual Assault in the First Degree, in violation of Nebraska Revised Statutes §§ 28-201(4)(B) and 28-319(1)(A), and was sentenced from twelve to fourteen years in prison, based on criminal complaint alleging that N.M. attempted to sexually penetrate a victim without consent or when he knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of the conduct.

36. On August 17, 2023, N.M. was ordered removed by an immigration judge and waived appeal.

███████ **(T.T.P.)**

37. I have personally reviewed the case of T.T.P.

38. T.T.P. is a native and citizen of Vietnam.

39. On January 12, 2001, T.T.P. was convicted in the Superior Court of Washington, County of Pierce County, of Murder in the First Degree, in violation of Washington Revised Code § 9A.32.030(1)(b), and sentenced to 264 months of imprisonment.

40. On January 12, 2001, T.T.P. was convicted in the Superior Court of Washington, County of Pierce, of Assault in the Second Degree, in violation Washington Revised Code § 9A.36.021(1)(a), and sentenced to fifty months of imprisonment.

41. On June 17, 2009, T.T.P. was ordered removed to Vietnam by an immigration judge and waived appeal.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the 22nd day of May 2025

*MARCOS D CHARLES*
Digitally signed by MARCOS D CHARLES
Date: 2025.05.22 16:50:34 -04'00'

Marcos D. Charles
Acting Assistant Director
Field Operations
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security