# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| D.V.D., *et al.*, | ) | |
| | ) | |
| Individually and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:25-cv-10676-BEM |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

## INTRODUCTION

Defendants move for this Court to quash, for a protective order, or otherwise disallow Plaintiffs' subpoenas to the Department of Defense (DoD)—a non-party to this litigation. Plaintiffs have failed to comply with the *Touhy* regulations, which are a pre-requisite to obtaining discovery from non-party federal agencies. Second, the subpoenas to DoD seek information that can be obtained from DHS are therefore unnecessarily duplicative. Such duplicative discovery is burdensome particularly in the context of this expedited discovery wherein the Court has ordered the parties to complete depositions by June 26. To the extent that discovery to DoD is appropriate at all, any such discovery should be stayed unless and until Plaintiffs can articulate a need for such information *after* discovery from DHS is complete. Defendants further move this Court for a protective order with respect to Plaintiffs' voluminous requests for production of documents directed at Defendant Department of Homeland Security (DHS). The requests are overly burdensome, disproportionate to the needs of the case, and outside the scope of this limited, expedited discovery, particularly because the Court expects the parties to complete written and document discovery by June 13, 2025. Defendants are working diligently to assess these requests, identify potentially responsive information, and prepare fulsome responses, but the volume of information and documents Plaintiffs are seeking exceeds what Defendants can reasonably produce in such an expedited timeframe. Therefore, the Court should issue a protective order as to Plaintiffs' requests for production directed at DHS.

## BACKGROUND

On May 7, 2025, the Court ordered expedited discovery limited to: (1) "the factual circumstances surrounding the removal of the four alleged class members identified in Defendants' April 23, 2025 response (Dkt. 72)," (2) the relationship between the Department of Homeland Security and the Department of Defense, including, but not limited to, each agency's role with

regard[] to removals, the management of Guantanamo Bay, and the March 7, 2025 memorandum of understanding between the two agencies," and (3) the facts in the declaration of Tracy J. Huettl." ECF No. 92.

On May 12, 2025, Plaintiffs served deposition notices on DHS seeking to depose: (1) the individual(s) who served as the "full-time liaison officer" between DHS and DoD at U.S. Naval Station Guantanamo Bay; (2) the DHS Enforcement and Removal Operations (ERO) officer(s) "who released custody of" four class members to DoD; (3) Tracy J. Huettl; and (3) the agency under Rule 30(b)(6) on the topics identified in this Court's order. Ex. B. That same day, Plaintiffs served subpoenas on DoD seeking to depose: (1) the DoD officers who assumed custody of the four alleged class members from DHS, (2) the agency under Rule 30(b)(6) on the topics identified in this Court's order and which are identical to the topics in the Rule 30(b)(6) deposition notice Plaintiffs served on DHS, and (3) Lieutenant Colonel Robert Green. Ex. C. On May 14, 2025, Plaintiffs served 15 interrogatories, 20 requests for admission, and 23 requests for production of documents on Defendants. Ex. A.

## STANDARD GOVERNING PROTECTIVE ORDER

Under Fed. R. Civ. P. 26(c), the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order issued under Fed. R. Civ. P. 26(c) may, among other things, "forbid[] inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

Under amended Rule 26(b), the scope of permissible discovery is subject to a proportionality requirement." *Tilem v. Travelers Commercial Ins. Co.*, 2018 WL 4963124, at *7 (C.D. Cal. May 2018). Thus, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). The proportionality requirement is "designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

"District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). Under Fed. R. Civ. P. 26(b)(2)(C), Courts must limit discovery requests which are either outside the scope permitted by Rule 26(b)(1), or which are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Courts have a duty to enforce Rule 26 by denying disproportionate and abusive discovery and to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015).

## ARGUMENT

Defendants move for this Court to quash, for a protective order, or otherwise disallow Plaintiffs' subpoenas to DoD, which is not a party to this litigation. Plaintiffs have failed to comply with the *Touhy* regulations, which are a pre-requisite to obtaining discovery from non-party federal agencies. Second, the subpoenas to DoD seek information that can be obtained from DHS are therefore unnecessarily duplicative. Such duplicative discovery is particularly burdensome in the context of this expedited discovery wherein the Court has ordered the parties to complete depositions by June 26. Accordingly, this Court should quash or otherwise disallow Plaintiffs' subpoenas seeking to depose DoD officials.

Additionally, Defendants move this Court for a protective order from having to produce responses to Plaintiffs' 23 requests for production directed at DHS by June 13, 2025. Defendants have been working diligently and will continue to work diligently, to identify potentially responsive information and prepare fulsome responses. However, the volume of information and documents Plaintiffs are seeking exceeds what Defendants can reasonably produce in such an expedited timeframe. Therefore, the Court should issue a protective order as to Plaintiffs' requests directed at DHS to the extent the Court expects Defendants to produce all responsive documents by June 13.

I.    **Plaintiffs' discovery requests directed at DoD are improperly directed at a non-party entity, duplicative, and disproportionate to the needs of the case.**

A.    **Plaintiffs have not complied with 5 U.S.C. § 301 and the relevant *Touhy* regulations.**

Plaintiffs directed discovery requests seeking official information from DoD in the form of deposition testimony. But these requests are improper, because DoD is not a party to this action.

Pursuant to 5 U.S.C. § 301, federal agencies may promulgate regulations establishing conditions for the disclosure of official information. *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007); *see also* 5 U.S.C. § 301 ("[T]he head of an Executive department ... may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."). The Supreme Court affirmed the authority of federal agencies to promulgate such regulations in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951). Consequently, regulations that fall within the scope of § 301 are commonly referred to as *Touhy* regulations.

The Department of Defense has promulgated such *Touhy* regulations. *See* 32 C.F.R. § 97. These regulations establish policies and prescribe procedures for the release of official information

in litigation and the presentation of witness testimony by DoD personnel. *Id.* § 97.2. Specifically, any requests for the release of such information "must describe, in writing and with specificity, the nature of the official information or witness testimony sought [and] its relevance to the litigation[.] *Id.* § 97.9. Requests must also address whether the "request or demand is overbroad, unduly burdensome or otherwise inappropriate" and whether the information sought is classified, privileged, or "irrelevant, cumulative or disproportional to the needs of the case." *Id.* § 97.8-97.9.

Because Plaintiffs' notices do not satisfy the requirements laid out in 32 C.F.R. § 97, Plaintiffs have not complied with the *Touhy* process. Accordingly, Plaintiffs should not be permitted to pursue discovery against DoD at this time. *United States v. Adil*, No. 1:21-cr-277, 2022 U.S. Dist. LEXIS 243576, at *4 (E.D. Va. Aug. 3, 2022) (noting that a party must first comply with the *Touhy* process before seeking judicial intervention); *McLvenny-Robinson v. Veteran's Fiduciary*, No. 22-1084 (RAM), 2022 U.S. Dist. LEXIS 51498, at *4 (D.P.R. Mar. 22, 2022) (granting motion to quash subpoena because party serving subpoena had not complied with the *Touhy* regulations). Moreover, given the nature and sensitivity of military operations at Naval Station Guantanamo Bay, much of the deposition testimony that Plaintiffs seek would potentially be classified at the Secret level, as would many exhibits relied upon in the depositions. This further elevates the burden of conducting such discovery and demonstrates how disproportional Plaintiffs' requests are to the needs of this case at this time. Plaintiffs have addressed none of these factors in their subpoenas despite the requirement to do so under the applicable regulations. 32 C.F.R. § 97.8-97.9. For these reasons, Plaintiffs should not be permitted to pursue discovery against DoD at this time.

### B.  The deposition notices are duplicative and outside the scope of discovery.

Additionally, the deposition notices are outside the scope of discovery authorized by Rule 26 because they are unnecessarily duplicative of the discovery Plaintiffs seek from DHS. *See* Fed.

R. Civ. P. 26(b)(2)(C)(i). The topics in Plaintiffs' Rule 30(b)(6) notice directed to DoD are identical to the topics in the Rule 30(b)(6) notice directed to DHS. Ex. B-C. The deposition notices directed to individual DoD and DHS officers both seek information about DoD's assumption of custody over the four individual aliens. *Id*. While Plaintiffs do not explain the basis for seeking the deposition for Lieutenant Colonel Robert Greene,[1] this Court did not authorize discovery related to DoD that Plaintiffs cannot independently obtain from DHS. *See* ECF No. 92. Indeed, Plaintiffs' subpoenas do not identify any information they seek from DoD belonging solely to DoD. Accordingly, given the duplicative nature of the discovery Plaintiffs seek from DoD, this Court should quash or otherwise disallow the subpoenas. *Controlled Kinematics, Inc. v. Novanta Corp.*, 2019 at 2019 WL 3082354 at *20 (D. Mass. July 15, 2019) (holding that subpoenas seeking discovery from a nonparty about its relationship with a party sought discovery that was "unreasonably duplicative and that [could] be obtained from [the party] in a more convenient and less burdensome way"). At the very least, Plaintiffs should have to seek the relevant information from DHS to the maximum extent possible before seeking additional discovery from a non-party agency.

Additionally, the expedited nature of this discovery reinforces that Plaintiffs' subpoenas to DoD are disproportionate to the needs of the case. This Court currently expects the parties to complete discovery in less than a month—June 26, 2025. Plaintiffs have served 23 requests for

---

[1] From Feb. 14, 2025, through May 27, 2025, Lt Col Green served as the Commander of Task Force Guardian, the element responsible for safeguarding and controlling illegal aliens under the direction of, and in support of DHS and Immigration and Customs Enforcement (ICE) agents. Task Force Guardian supports Joint Task Force Southern Guard (JTF-SG) at Naval Station Guantanamo Bay, Cuba (NSGB). In coordination with DHS and ICE agents and contractors, Lt Col Green oversaw DoD's involvement in Holding Area Operations and advises the JTF-SG Commander and staff on all Holding Area Operations at the Windward High Threat Illegal Alien (HTIA) Holding Facility (Camp VI).

production, 20 requests for admissions, and 15 interrogatories, many of which seek documents belonging to both DHS and DoD and information on the relationship between DHS and DoD. And still, Plaintiffs served six deposition notices for DoD officials. It is simply not proportional for Plaintiffs, in this expedited discovery, to seek such voluminous written discovery in addition to *six* depositions from a non-party particularly because Plaintiffs cannot articulate, at this time, what information DHS will be unable to provide such that they would need such information from DoD. At a minimum, due to the broad nature of Plaintiffs' other discovery requests, this Court should stay any discovery from DoD unless and until Plaintiffs can articulate a need for such information *after* discovery from DHS is complete.

## II. Many of Plaintiffs' discovery requests directed at DHS are overly burdensome, disproportionate to the needs of the case at this time, and beyond the scope of the Court's expedited discovery order.

Due to the breadth of Plaintiffs' discovery requests, which Defendants are still in the process of digesting, and the universe of potentially responsive documents, which Defendants are in the process of identifying, it is impossible for Defendants to articulate all of its potential objections to Plaintiffs' discovery requests. *See* Ex. A. However, at this time, due to the large volume of documents Defendants have collected as potentially responsive, it is manifestly clear that it will be impossible for Defendants to produce the documents responsive to Plaintiffs' discovery requests for production by June 13, 2025. *See* ECF No. 92. Indeed, in run-of-the-mill discovery, the Government may respond to requests for production in thirty days, but would negotiate with Plaintiffs to produce documents on a rolling basis where plaintiffs seek voluminous electronically stored information (ESI). Here, Plaintiffs have served requests for production that— in terms of breadth—resemble those that would be served in full merits discovery. Yet, this Court has ordered that Defendants produce all responsive documents by June 13, 2025. *See* ECF No. 92. Based on the volume of potentially responsive documents Defendants have identified, DHS has

informed undersigned counsel that doing so is an impossible task. Therefore, Defendants respectfully request that this Court either, (1) limit Plaintiffs' requests for production, or (2) allow Defendants additional time to produce responsive documents.

If the Court is inclined to limit Plaintiffs' requests for production, this Court should disallow the following requests that are particularly burdensome and require the review of substantial amounts of ESI. In particular, RFP No. 1 ("Produce any document by or between DHS and DoD employees, staff, or agents related to the detention, transfer, release, and/or removal of the four class members."), RFP No. 5 ("Produce any and all documents regarding the TRO from Defendants, individually or collectively, to DoD officers or employees."), and RFP No. 15 ("Produce any and all invoices, receipts, or other financial documents related to payments and/or reimbursements between DHS and DoD related to the custody of noncitizens in Guantanamo between March 1, 2025 and April 30, 2025, including for flights transporting noncitizens from the continental United States to Guantanamo and flights from Guantanamo to a country other than the United States.") are extraordinarily broad and would require Defendants to search for, collect, and review for responsiveness and privilege potentially many thousands of documents. This is not feasible under the expedited timeline that the Court has set out.

At this time, Defendants are unable to ascertain a realistic timeline for the production of documents but are working diligently to do so. Accordingly, should this Court be inclined to allow Defendants to roll production of responsive documents past June 13, Defendants propose that they file a status report in seven days proposing a more realistic timeline for the production of responsive documents.

Finally, RFP Nos. 11, 13, 14, request information outside of scope of the Court's order because they seek information related to the removal of aliens not identified by Defendants in their

April 23, 2025 Response (ECF No. 72). Accordingly, this Court should disallow them and clarify

that this Court's expedited discovery order does not allow the discovery into removals beyond

those identified in ECF No. 72.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion. Plaintiffs should

not be permitted to pursue discovery against a non-party agency without complying with the

applicable procedures. Moreover, the Court should grant a protective order with respect to

Plaintiffs' requests for production to DHS.


Respectfully submitted,

|  |  |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | /s/*Matthew P. Seamon*<br>MATTHEW P. SEAMON<br>(California Bar #309249)<br>Senior Litigation Counsel |
| DREW ENSIGN<br>Deputy Assistant Attorney General | U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station |
| ELIANIS N. PEREZ<br>Assistant Director | Washington, DC 20044<br>(202) 598-2648<br>(202) 305-7000 (facsimile) |
| MARY L. LARAKERS<br>Senior Litigation Counsel | Matthew.Seamon2@usdoj.gov |

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

I, Matthew Seamon, certify that pursuant to L.R. 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who oppose this motion.

*/s/ Matthew P. Seamon*
Matthew P. Seamon
Senior Litigation Counsel

Dated: May 30, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Matthew P. Seamon*
Matthew P. Seamon
Senior Litigation Counsel

Dated: May 30, 2025