**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| D.V.D., *et al.*, | ) | |
| | ) | |
| Individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:25-cv-10676-BEM |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' MOTION TO SEAL DECLARATION OF DEPUTY ASSISTANT SECRETARY OF DEFENSE BRYAN ELLIS

Defendants hereby move the Court, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7.2 to seal, in its entirety, the Declaration of the Deputy Assistant Secretary of Defense for African Affairs in the Office of the Under Secretary of Defense for Policy, Department of Defense (DoD) and corresponding portions of Defendants' response to Intervenors' Motion to Intervene and Unseal Court Records (ECF No. 163). Compelling reasons support sealing Ellis' declaration because it contains highly sensitive information concerning topics of national security that are exempted from disclosure under 10 U.S.C. § 130c. The disclosure of the sensitive details in this declaration would adversely affect the interests of the United States.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the public's right to access judicial records is "not unfettered." *United States v. Kravetz*, 706 F. 3d 47, 59 (1st Cir. 2013). As the Supreme Court has held, "in

1

assessing the Government's claim that disclosure may harm national security, courts must exercise the traditional 'reluctan[ce] to intrude upon the authority of the Executive in military and national security affairs.'" *United States v. Zubaydah*, 595 U.S. 195, 204 (2022) (quoting *Department of Navy v. Egan*, 484 U.S. 518 (1988)); *see also New York Times Co. v. U.S.*, 406 U.S. 942, 943 (1971) (permitting "record or argument relating to matters claimed to affect national security [to be] filed in sealed form"). Further, due to the highly sensitive nature of "law sensitive information of foreign governments," Congress has expressly exempted this information from disclosure.

The purpose of the Ellis declaration is to explain the reasons for sealing the Secretary of Defense's May 22, 2025, declaration, as well as the operational risk that could befall the United States should the Secretary's declaration be released to the public. Notably, this Court granted Defendants' unopposed motion to seal the Hegseth declaration. ECF No. 134. Further, the Ellis declaration includes information that should be protected from disclosure under 8 U.S.C. § 130c. Accordingly, Defendants respectfully request that this Court grant this motion. Undersigned counsel for Defendants certifies that, pursuant to L.R. 7.1, she contacted counsel for Intervenors who indicated, via email, that they oppose this motion.

Dated: July 7, 2025                    Respectfully submitted,

                                       BRETT A. SHUMATE
                                       Acting Assistant Attorney General

                                       ELIANIS N. PEREZ
                                       Assistant Director

                                       /s/*Mary L. Larakers*
                                       MARY L. LARAKERS
                                       Senior Litigation Counsel
                                       U.S. Department of Justice, Civil Division
                                       Office of Immigration Litigation
                                       P.O. Box 868, Ben Franklin Station

Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
Mary.l.larakers@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

<u>/s/ *Mary L. Larakers*</u>
Mary L. Larakers
Dated: July 7, 2025                    Senior Litigation Counsel

4