UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>    Plaintiffs,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>    Defendants. | Civil Action No. 25-cv-10676-BEM |

**PLAINTIFFS' MOTION FOR AN INDICATIVE RULING
UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1**

I.  **INTRODUCTION**

Plaintiffs seek an indicative ruling that this Court would dissolve its previously-issued preliminary injunction if the U.S. Court of Appeals for the First Circuit remands the appeal of the preliminary injunction in Case No. 25-1393, as dissolution is warranted in light of the Supreme Court's June 23, 2025, rendering the injunction inoperable through not only the disposition of the appeal by the First Circuit, but also through the Supreme Court's final judgment in any timely filed petition for a writ of certiorari. The Supreme Court's ruling has deprived Plaintiffs and class members of the critical procedural protections that this Court correctly ordered given the "clear and simple" "threatened harm" at stake: "persecution, torture, and death." Dkt. 64 at 44. Because this ruling constitutes a significant changed circumstance and because Plaintiffs can seek redress through their concurrently-filed motion for partial summary judgment in the time that the parties and courts would spend further litigating the injunction, Plaintiffs respectfully move this Court for an indicative ruling that it would dissolve the injunction upon remand.

II. **STATEMENT OF RELEVANT PROCEDURAL HISTORY**

  A.  **The Preliminary Injunction**

Plaintiffs filed this case on March 23, 2025, challenging Defendants' policy or practice of removing noncitizens to third countries without providing meaningful notice or an opportunity to seek protection from persecution and torture under the Immigration and Nationality Act (INA), the Convention Against Torture (CAT), and related statutory and regulatory provisions. Dkt. 1. At the same time, Plaintiffs filed a motion for class certification, Dkts. 4 and 5, proposing a class consisting of: "[a]ll individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom [the U.S. Department of Homeland Security (DHS)] has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative

1

country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed." Dkt. 4 at 1; Dkt. 5 at 2. Plaintiffs concurrently filed a motion for a temporary restraining order (TRO) and a preliminary injunction (PI) on behalf of the named plaintiffs and all class members. Dkts. 6 and 7. The Court granted Plaintiffs' TRO motion on March 28, 2025, Dkt. 34, and held a hearing on the remaining requests for class certification and a PI on April 10, 2025, *see* Dkt. 62. On April 15, 2025, Defendants filed a "provisional[] request" for a "stay pending appeal of any order granting" a PI in Plaintiffs' favor. Dkt. 63 at 1.

On April 18, 2025, this Court certified the proposed class and issued classwide preliminary injunctive relief. Dkt. 64. Specifically, the Court found that prior to any third-country removal, Defendants must provide noncitizens (and their counsel, if any) with written notice of the country of removal in a language the noncitizen understands and a meaningful opportunity to assert a claim for CAT protection related to that third country. *Id*. at 46-47. The Court specifically found that Plaintiffs had established a likelihood of success on the merits, *id.* at 37-44, irreparable harm, *id.* at 44-45, and that the balance of equities and public interest weighed in favor of preliminary relief given the Court's conclusion that it is "likely that these deportations have or will be wrongfully executed," *id.* at 45-46. Further, the Court issued a separate order denying Defendants' previously-filed provisional motion for a stay pending appeal of the PI. Dkt. 65.

**B.    The Supreme Court's Stay of the Preliminary Injunction**

On April 22, 2025, Defendants filed a notice of interlocutory appeal of the PI to the First Circuit, Dkt. 69, along with an emergency motion to stay the PI. On May 16, 2025, the First Circuit denied stay motion, noting "concerns regarding the continuing application of the

2

Department of Homeland Security's March 30 Guidance,"[1] as well as "the irreparable harm that will result from wrongful removals in this context." Order at 1-2, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. May 16, 2025).

Defendants then filed an emergency application for a stay with the Supreme Court. *See* Appellants' Stay App., *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025). On June 23, 2025, the Supreme Court granted Defendants' application, staying the April 18 PI in full pending disposition of the First Circuit appeal *and* the final disposition of any timely filed petition for certiorari, specifying that "'[i]n the event certiorari is granted, the stay shall terminate upon the sending down of the judgment of the Court." including issuance of the judgment if the petition were granted. *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025).

On July 3, 2025, the Supreme Court granted the government's subsequent motion to clarify that its stay ruling applied to this Court's May 21st remedial order. *DHS v. D.V.D.*, No. 24A1153, 2025 WL 1832186, at *1 (U.S. July 3, 2024).

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 62.1, in response to a motion for an indicative ruling, a district court may defer a ruling, deny the motion, or state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). The Rule provides the court with the discretion to choose from one of those three options. *Optum, Inc. v. Smith*, 353 F. Supp. 3d 127, 129 (D. Mass. 2019); *Quinones v.*

---

[1] On March 30, 2025, Defendant Department of Homeland Security issued a memorandum entitled "Guidance Regarding Third Country Removals," Dkt. 43-1 (March 30 Memo), which sets out procedures related to third country removals of individuals with final orders of removal under 8 U.S.C. §§ 1229a, 1231(a)(5), or 1228(b). On July 9, U.S. Immigration and Customs Enforcement (ICE) issued guidance regarding implementation of the now-operative March 30 Memo. *See* Dkt. 190-1 (July 9 Guidance).

3

*Frequency Therapeutics, Inc.*, 347 F.R.D. 560, 564 (D. Mass. 2024). If the court indicates that it would grant the motion or that it raises a substantial issue, the moving party "must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1." Fed. R. Civ. P. 62.1(b). If the court of appeals then grants a remand, the district court has the authority to decide the underlying motion. Fed. R. Civ. P. 62.1(c).

District courts analyze a motion to dissolve a preliminary injunction under Federal Rule of Civil Procedure 60(b). *See, e.g.*, *Momenta Pharms., Inc. v. Amphastar Pharms., Inc.*, 834 F. Supp. 2d 29, 31 (D. Mass. 2011) (clarifying "[a] preliminary injunction is a 'judgment'" under Rule 60(b)). Rule 60(b)(5) allows the district court to relieve a party from a final judgment, order, or proceeding where, inter alia, "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

IV.  **ARGUMENT**

    A.  **This Court Has Jurisdiction to Issue an Indicative Ruling to Dissolve the Preliminary Injunction.**

An appeal typically divests a district court of independent authority to "alter the judgment under review[] without leave of the appellate court." *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011); *see also Kreisberg ex rel. Nat'l Lab. Rels. Bd. v. Emerald Green Bldg. Servs., LLC*, 164 F. Supp. 3d 181, 185 (D. Mass. 2015) (noting leave of the court of appeals was necessary where prevailing party sought to amend a "temporary injunction" that was on appeal). A Rule 62.1 motion for an indicative ruling is the proper avenue for seeking such leave from the court of appeals in order to grant dissolution of a preliminary injunction. *See Justiniano v. Walker*, 986 F.3d 11, 18 n. 8 (1st Cir. 2021) (identifying Rule 62.1 as the means of moving the district court to vacate a dismissal that was on appeal); 16 Wright & Miller's Federal Practice & Procedure § 3921.2 (3d ed., updated May 21, 2025) (noting that "Rule 62.1 makes

4

uniform the procedure that had been adopted by most circuits to address Civil Rule 60 motions to vacate a judgment pending on appeal," including "a motion to dissolve [an] injunction" on a 28 U.S.C. § 1292(a)(1) appeal).

Here, Defendants filed an appeal of this Court's order granting a preliminary injunction, invoking the court of appeals' jurisdiction under 28 U.S.C. § 1292(a)(1), on April 22, 2025. *See supra* p. 2. That appeal is currently pending. Accordingly, this Court may grant Plaintiffs' motion to dissolve the preliminary injunction by first stating its intention to do so through an indicative ruling under Rule 62.1.[2] Plaintiffs would then notify the First Circuit Court of Appeals to allow that court to decide whether to "remand for further proceedings." Fed. R. App. P. 12.1(b). If the First Circuit does so, this Court could then dissolve the preliminary injunction. *Id*.

### B. The Supreme Court's Order Constitutes a Significant Change in Factual and/or Legal Circumstances Warranting Dissolution of the Injunction

Dissolution of the injunction is warranted because the Supreme Court's June 23 order effectively eliminated all the "preliminary" relief provided, not just through the pendency of the First Circuit's disposition of the appeal, but also through any judgment rendered by the Court following a subsequent timely filed petition for certiorari. *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025). Because it is stayed, the preliminary injunction is no longer benefiting Plaintiffs and class members.

Moreover, even if the First Circuit affirms the injunction, it still will not benefit class members because any decision in favor of Plaintiffs will not take immediate effect when Defendants again inevitably seek further review by the Supreme Court. Indeed, Defendants have made it abundantly clear through the acts of appealing this Court's temporary restraining order

---

[2] Alternatively, the court may "state . . . that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).

and preliminary injunction and then moving to clarify the Supreme Court's order that they will appeal any First Circuit decision benefiting Plaintiffs and class members. *See D.V.D. v. DHS*, No. 25-1311 (1st Cir. filed Mar. 29, 2025); *D.V.D. v. DHS*, No. 25-1393 (1st Cir. filed Apr. 28, 2025); *DHS v. DVD*, No. 24A1153, 2025 WL 1832186 (U.S. July 3, 2024). Because the Supreme Court specifically stayed the preliminary injunction "pending . . . disposition of a petition for a writ of certiorari, if such writ is timely sought" and, if the Court grants the petition, through the "sending down of the judgment," *D.V.D.*, 145 S. Ct. at 2153, the injunction would likely remain inoperative and provide no relief to class members for at least another year or more—until the Court rules on the validity of a preliminary injunction following appeal. Moreover, as noted below, *infra* p. 9-10, the Court may then decide not to address the merits of the case, but instead to focus on Defendants' primary arguments addressing the availability of classwide injunctive relief under 8 U.S.C. § 1252(f)(1).

Courts look to Rule 60(b) when a party seeks relief from a district court's order. *See supra* Section III. Relevant here, the Rule provides for relief where prospective application of the order "is no longer equitable." Fed. R. Civ. P. 60(b)(5). To make that showing, the moving party must demonstrate a significant change in factual or legal landscape after issuance of the injunction. *See Agostini v. Felton*, 521 U.S. 203, 215 (1997); *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992); *Rosie D. v. Baker*, 958 F.3d 51, 56 (1st Cir. 2020). In addition, the moving party must demonstrate that the change in facts was significant and unanticipated. *Rosie D.*, 958 F.3d at 56. In *Rufo*, the Court remanded a case seeking modification of a consent decree regarding prison conditions, adopting a "flexible standard" to assess whether a change in fact and in law required modification. 502 U.S. at 393. The Court elaborated that changed circumstances could include (1) "factual conditions [that] make compliance with the decree substantially more

onerous"; (2) "unworkab[ility] because of unforeseen obstacles"; or (3) "detriment[] to the public interest." *Rufo*, 502 U.S. at 384; *see also Rosie D.*, 958 F.3d at 56 (adopting standard). In *Agostini*, applying the flexible Rule 60(b)(5) standard from *Rufo*, the Court found that a change in its Establishment Clause precedent warranted relief from a permanent injunction barring public school teachers from providing instruction at religious schools. 521 U.S. at 237.[3]

Here, prospective application of the preliminary injunction is "no[] longer equitable" under Rule 60(b)(5). The Supreme Court's stay order is a binding precedent that constitutes both a significant factual and legal change. The order stayed the injunction, rendering it inoperable pending disposition of both Defendants' present appeal of the injunction in the First Circuit Court of Appeals and any subsequent timely filed petition for writ of certiorari. Thus, compliance with the injunction is simply "unworkable" because the Supreme Court's decision amounts to an "unforeseen obstacle" that has effectively nullified the protection the injunction was designed to provide. *Rufo*, 502 U.S. at 384. Moreover, "the public interest" is not served by needless litigation on preliminary relief that no longer provides any preliminary relief. *Id.* Notably, in this case, it is the party that originally sought the preliminary injunction that is seeking its dissolution, confirming that such action does not cause detriment to the opposing party, as Defendants have consistently objected to any preliminary injunctive relief.

Finally, as a practical matter, it is futile to devote judicial and party resources to litigating an injunction that is preliminary in nature when, in the same or less time it would take to do so,

---

[3] *See also Concilio de Salud Integral de Loíza, Inc. v. Pérez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008) ("[T]he standard that the district court must apply when considering a motion to dissolve [a preliminary] injunction is whether the movant has made a showing that changed circumstances warrant the discontinuation of the order." (quoting *Spring Commc'ns. Co. L.P. v. CAT Commc'n. Int'l, Inc.*, 335 F.3d 235, 242 (3d Cir. 2003)) (alterations in original)); *Dr. José S. Belaval, Inc. v. Pérez-Perdomo*, 465 F.3d 33, 38 (1st Cir. 2006) (requiring a "significant change" in circumstances (quotation omitted)).

this Court could issue a final ruling on Plaintiffs' motion for partial summary judgement. *See infra* Section IV.C.

For all these reasons, the Supreme Court's ruling constitutes a significant factual and legal change warranting dissolution of the injunction.

### C. Plaintiffs' Claims Can Be Expeditiously Resolved by Relief Under the Declaratory Judgment Act and Administrative Procedure Act

In lieu of pursuing litigation with respect to the preliminary injunction where the Supreme Court has stayed any preliminary relief, Plaintiffs have concurrently filed a motion for partial summary judgment that seeks declaratory relief and relief under the Administrative Procedure Act (APA) on Counts I, III, and IV of the Complaint. Plaintiffs also have moved for an expedited hearing on their partial summary judgment motion because no preliminary relief is available and they seek to mitigate the ongoing harm.

Expeditious treatment of Plaintiffs' motion for summary judgment is appropriate for three reasons. First, the material facts here are largely undisputed, and the case presents pure legal questions lending themselves to resolution via summary judgment. *See Martin v. Tricam Indus., Inc.*, 379 F. Supp. 3d 105, 107 (D. Mass. 2019) ("[T]he court shall grant summary judgment if the moving party shows, based on the materials in the record, 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56)). Among other key facts, there is no dispute as to the content of Defendants' policy regarding third-country removals. Defendants have filed that policy with the Court, *see* Dkt. 43-1, and it outlines that (1) Defendants will accept blanket assurances from countries stating that the country will not torture or persecute any person removed from the United States, (2) Defendants do not need to provide *any* notice when removing a person to a country that has

8

provided such diplomatic assurances, (3) Defendants will only provide limited notice[4] if someone is to be removed to a third country that has not provided such assurances, (4) a noncitizen must affirmatively and immediately state a fear upon receiving that notice, and (5) the noncitizen will then be required to demonstrate full eligibility for withholding or CAT protection within 24 hours. *See id.* This policy is reenforced by ICE's July 9 Guidance regarding implementation of that policy. Dkt. 190-1.[5] In short, the record is clear on what Defendants' policy is and how Defendants believe it is appropriate to implement that policy. As a result, there is no genuine dispute of material facts.

Second, expeditious relief through summary judgment is appropriate given the declaratory relief that Plaintiffs seek and the harm that will ensue until this case reaches final judgment. While the Supreme Court provided no guidance as to why it vacated the preliminary injunction, Defendants repeatedly emphasized 8 U.S.C. § 1252(f)(1) in their application for a stay. *See* Appellants' Stay App., *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025).[6] Even if Plaintiffs were to prevail before the First Circuit on the pending appeal of the preliminary injunction, which could take months,[7] it is thus possible, if not likely, that instead of addressing the merits of this

---

[4]   The history of this litigation to date has produced a robust record, particularly as to what notice Defendants consider sufficient for purposes of implementing their policy. Defendants' history of violations or attempted violations of the TRO and PI reflect that, in their view, they need to provide at most 24 hours' notice of removal, they do not need to provide notice to attorneys, and they do not need to provide notice in a noncitizen's native language. *See, e.g.*, Dkts. 44 at 29, 99-2, 99-3, 118, 10-2 ¶ 7, 132 at 5.

[5]   The July 9 Guidance is identical to Defendants' March 30 Memo except that, in cases where diplomatic assurances do not exist, it provides that an officer will serve a "Notice of Removal" with interpretation and may effectuate removal after 24 hours, but that "[i]n exigent circumstances," with approval from chief counsel of DHS or ICE, six hours' notice suffices if ICE provides the noncitizen "means and opportunity to speak with an attorney." Dkt. 190-1 at 1-2.

[6]   *See also D.V.D.*, 145 S. Ct. at 2160 (Sotomayor, J., dissenting) ("Only one jurisdictional objection remains with any force[:] . . . §1252(f)(1) . . . .").

[7]   The First Circuit has tentatively concluded that the appeal "may be ready for argument or

case, the Supreme Court would issue a ruling limited to whether § 1252(f)(1) precludes a classwide injunction as to third-country removals. To ensure that this jurisdictional statute does not unduly delay a determination regarding whether relief is available for the class, Plaintiffs instead now seek final declaratory relief and relief under the APA on Counts I, III, and IV.

Notably, that declaratory relief does not become final and binding until the appeals process concludes, *see, e.g.*, *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 155 (1963),[8] underscores why expeditious treatment of Plaintiffs' summary judgment motion is warranted. Without a final judgment, Plaintiffs and class members face significant and irreparable harm, as this Court has previously recognized. That harm "is clear and simple: persecution, torture, and death." Dkt. 64 at 44. For example, in the case of Plaintiff O.C.G., Defendants deported him to the very country where he had been raped, and that country in turn removed him to his native country—the same country from which an immigration judge had granted him protection after finding he was likely to be persecuted if returned there. *See* Dkt. 132 at 4-5. While this case continues to be litigated, more O.C.G.-like removals are occurring and will continue to occur, leaving class members to face the exact harm that the withholding and CAT provisions of the INA and Foreign Affairs Reform and Restructuring Act of 1998 are designed to prevent. *See* Dkt. 190-1; *see also A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025) (explaining there was irreparable injury where class of noncitizen detainees faced "an imminent threat of severe, irreparable harm" via their immediate removal without any process).

---

submission at the coming November, 2025 session." *See* Appellee's Briefing Notice, *D.V.D. v. U.S. Dep't of Homeland Sec.,* No. 25-1393 (1st Cir. July 10, 2025).

[8]     Declaratory relief, however, is not "toothless." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 300 F. Supp. 3d 328, 341 (D.P.R. 2018), *aff'd,* 919 F.3d 638 (1st Cir. 2019). Once the decision becomes final, it is expected that the judgment "will be given effect by [the] authorities." *Steffel v. Thompson*, 415 U.S. 452, 469 (1974).

Finally, expeditious relief through summary judgment is also appropriate pursuant to the APA. As the First Circuit has explained, summary judgment motions in APA actions are "a vehicle to tee up a case for judicial review and, thus, an inquiring court must review an agency action not to determine whether a dispute of fact remains but, rather, to determine whether the agency action" satisfies the APA's applicable standard of review. *Boston Redevelopment Auth. v. Nat. Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016). To do so, the Court asks "whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Littlefield v. United States Dep't of the Interior*, 656 F. Supp. 3d 280, 290 (D. Mass.), *aff'd*, 85 F.4th 635 (1st Cir. 2023). Here, as detailed above, Defendants' policy or practice is before the Court, and the robust record of agency actions and statements about how they intend to proceed is also before the Court. Accordingly, the Court can move forward on summary judgment to determine whether the agency policy is arbitrary and capricious, not in accordance with law, short of statutory right, without observance of procedure required by law, and in violation of the Due Process Clause of the Fifth Amendment. *See* Dkt. 1 ¶¶ 99-107, 112-117.

## V.    CONCLUSION

As the preliminary injunction no longer serves its purpose—to protect the class from likely irreparable harm during the pendency of its litigation—and it detracts resources from the diligent pursuit of a resolution to this case on the merits, Plaintiffs respectfully request this Court to issue an indicative ruling that, should the First Circuit Court of Appeals remand the case back to this Court, it would dissolve the preliminary injunction.

Respectfully submitted,

s/*Trina Realmuto*

| | |
|---|---|
| Trina Realmuto* | Matt Adams* |
| Kristin Macleod-Ball* | Leila Kang* |
| Mary Kenney* | Aaron Korthuis* |
| **NATIONAL IMMIGRATION** | Glenda M. Aldana Madrid* |
|    **LITIGATION ALLIANCE** | **NORTHWEST IMMIGRANT** |
| 10 Griggs Terrace |    **RIGHTS PROJECT** |
| Brookline, MA, 02446 | 615 Second Avenue, Suite 400 |
| (617) 819-4649 | Seattle, WA 98104 |
| trina@immigrationlitigation.org | (206) 957-8611 |
| | matt@nwirp.org |

Anwen Hughes*
Inyoung Hwang*
 **HUMAN RIGHTS FIRST**
121 W. 36th St., PMB 520
New York, NY 10018

*Attorneys for Plaintiffs and Class Members*

*\* Admitted pro hac vice*

Dated: July 15, 2025

## CERTIFICATE OF SERVICE

I, Trina Realmuto, hereby certify that on July 15, 2025, I caused a true and correct copy of the foregoing document to be filed with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to counsel of record for all parties.

<u>/s/ *Trina Realmuto*</u>
Trina Realmuto
National Immigration Litigation Alliance