UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>Defendants. | Civil Action No. 25-cv-10676-BEM |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO ENTER FINAL JUDGMENT ON COUNTS I, III, AND IV**

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Partial Summary Judgment on Count I (5 U.S.C. § 706(2)(A), (C)), Count III (Fifth Amendment Due Process Clause, 5 U.S.C. § 706(2)(D)), and Count IV (Declaratory Judgment Act) of the Complaint. The grounds for this motion are set forth in the accompanying memorandum of law, exhibits in support thereof, the Complaint, this Court's rulings, and the applicable law. A proposed order also accompanies this motion.

As indicated in the proposed order, upon entry of an order granting or denying partial summary judgment, Plaintiffs respectfully request that the Court enter final judgment as to the Counts I, III, and IV. Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no

1

just reason for delay." "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Where the claims at issue "were separable from the others remaining to be adjudicated," and where "no appellate court would have to decide the same issues more than once," issuing separate final judgments is appropriate under Rule 54(b). *Id.*

As explained in the accompanying memorandum, judicial efficiency and the equities support Rule 54(b) certification. Plaintiffs' complaint raises three distinct claims: (1) those related to notice and opportunity to be heard prior to a third country removal (Counts I-IV), (2) a claim regarding the legality of detention prior to those removals (Count V), and (3) claim under the Freedom of Information Act (Count VI). The parties already have spent months litigating the claims related to notice and opportunity to be heard. Those claims are distinct and separate from the other issues in Plaintiffs' complaint, and thus final resolution of them now will not result in duplicative work for this Court or any appellate court that considers them. Moreover, the equities here strongly favor certification. As Plaintiffs have explained, *see* Dkt. 192, the nature of the declaratory relief sought means that binding final relief will not take effect until the appeals process concludes. In the meantime, the consequences of Defendants' challenged policy and practice are profound. Accordingly, final and immediate resolution of this claim is imperative.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Plaintiffs believe that oral argument may assist the Court.

Respectfully submitted,

s/*Trina Realmuto*

| | |
|---|---|
| Trina Realmuto* | Matt Adams* |
| Kristin Macleod-Ball* | Leila Kang* |
| Mary Kenney* | Aaron Korthuis* |
| **NATIONAL IMMIGRATION** | Glenda M. Aldana Madrid* |
| **  LITIGATION ALLIANCE** | **NORTHWEST IMMIGRANT** |
| 10 Griggs Terrace | **  RIGHTS PROJECT** |
| Brookline, MA, 02446 | 615 Second Avenue, Suite 400 |
| (617) 819-4649 | Seattle, WA 98104 |
| trina@immigrationlitigation.org | (206) 957-8611 |
| | matt@nwirp.org |

Anwen Hughes*
Inyoung Hwang*
 **HUMAN RIGHTS FIRST**
121 W. 36th St., PMB 520
New York, NY 10018

*Attorneys for Plaintiffs and Class Members*

\* *Admitted pro hac vice*

July 15, 2025

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I certify that, in accordance with Local Rule 7.1(a)(2), I emailed Defendants' counsel Mary Larakers, Matthew Seamon, and Elianis Perez on July 15 at 9:11 am to inform counsel that Plaintiffs intended to file this motion. As of the time of this filing, Defendants have not provided a position.

s/ *Trina Realmuto*
Trina Realmuto

**CERTIFICATE OF SERVICE**

  I, Trina Realmuto, hereby certify that on July 15, 2025, I caused a true and correct copy of the foregoing document to be filed with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to counsel of record for all parties.

<u>/s/ *Trina Realmuto*</u>
Trina Realmuto
National Immigration Litigation Alliance