UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*, <br><br>Individually and on behalf of all others similarly situated, <br><br>        Plaintiffs, <br><br>    v. <br><br>U.S. Department of Homeland Security, *et al.*, <br><br>        Defendants. | No. 1:25-cv-10676-BEM |

**DEFENDANTS' MOTION TO QUASH AND FOR RELIEF FROM DISCOVERY**

**INTRODUCTION**

Defendants move for this Court to quash or otherwise disallow Plaintiffs' 17 discovery requests relating to the declarations of Brian Ortega. Plaintiffs' requests seek a myriad of documents and information and go well beyond the scope of the limited discovery that the Court has permitted on this narrow issue. Many of the requests also seek information that is clearly privileged and protected from disclosure. Moreover, Plaintiffs' 11 interrogatories must be quashed because the Court did not permit the parties to propound interrogatories; instead, it permitted only the production of metadata and the deposition of specific agency witnesses. *See* Tr. of May 21, 2025 H'rg at 72:5-7, 74:19-22.

Defendants further move this Court for relief from its limited discovery order. The Court authorized limited discovery focused on a single issue: ascertaining how the inadvertent misrepresentation in Brian Ortega's March 25, 2025 Declaration ("Ortega Declaration") (ECF No. 31-1 at ¶ 13) was made to the Court. The facts that the Court ordered the parties to determine through this discovery can be obtained by other means that are more convenient, less burdensome, and less expensive. Namely, via a review of the attached declaration. Because the purpose of this limited discovery can be achieved in an easier and less onerous way, Plaintiffs' interrogatories and requests for production of documents are therefore unnecessarily duplicative, overly burdensome, and disproportionate to the needs of the case. For these reasons, the Court should quash Plaintiffs' discovery requests and grant relief from its discovery order.

**BACKGROUND**

In a hearing on May 21, 2025, the Court addressed the factual inaccuracy regarding Mr. O.C.G. that was contained in the Ortega Declaration. The Court considered holding an evidentiary hearing to determine the origin of the inaccuracy in the declaration. Tr. of May 21, 2025 H'rg at 71:19-23 ("[W]hat I was considering doing is having an evidentiary hearing . . . and see if we can

get to the bottom of how this happened and whether it was . . . inadvertence [or] deliberate obfuscation"). Instead, the Court decided to have the parties "do it amongst yourselves. Go depose these two individuals, go seek the metadata, and come back with a position to this Court." Tr. of May 21, 2025 H'rg at 72:5-7; *see also id.* at 74:19-22 ("[Y]ou can go depose those three individuals, Mr. Ortega and the two individuals in question; you can hire a computer expert to examine the metadata"), 75:13-14 ("But, for the time being, we'll go forward with the depositions").

On May 23, 2025, the Court ordered Defendants to facilitate Mr. O.C.G.'s return to the United States. ECF No. 132. The Court also noted that it had "ordered discovery, including depositions of the individuals involved in the false declaration and underlying data entries, to better understand how this happened." ECF No. 132 at 3. On June 17, 2025, Plaintiffs served 11 interrogatories and 6 requests for production of documents on Defendants. Ex. A.

## STANDARD GOVERNING DISCOVERY RELIEF

Under Fed. R. Civ. P. 26(c), the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order issued under Fed. R. Civ. P. 26(c) may, among other things, "forbid[] inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

Under amended Rule 26(b), the scope of permissible discovery is subject to a proportionality requirement." *Tilem v. Travelers Commercial Ins. Co.*, 2018 WL 4963124, at *7 (C.D. Cal. May 2018). Thus, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

2

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. (quoting Fed. R. Civ. P. 26(b)(1)). The proportionality requirement is "designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." *Mfg. Automation & Software Sys., Inc. v. Hughes*, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

"District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). Under Fed. R. Civ. P. 26(b)(2)(C), Courts must limit discovery requests which are either outside the scope permitted by Rule 26(b)(1), or which are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Courts have a duty to enforce Rule 26 by denying disproportionate and abusive discovery and to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015).

## **ARGUMENT**

Defendants move for this Court to quash or otherwise disallow Plaintiffs' sweeping discovery requests. *See* Ex. A. The Court's oral and written orders did not contemplate interrogatories nor Plaintiffs' broad requests for production. Tr. of May 21, 2025 H'rg at 72:5-7 ("Go depose these two individuals, go seek the metadata, and come back with a position to this Court."); *see also id.* at 74:19-22 ("[Y]ou can go depose those three individuals, Mr. Ortega and the two individuals in question; you can hire a computer expert to examine the metadata"). The Court did not permit the parties to propound interrogatories *at all*, and certainly did not permit interrogatories explicitly seeking the content of privileged conversations. *See* Interrogatory No. 9 ("Describe in detail the 'further investigation' that Brian Ortega took as described in paragraph 6 of his declaration at Dkt. 103-1, including the dates on which he took such steps, the sources

3

consulted, the dates those sources were consulted, and what Brian Ortega learned from each source, particularly as it relates to ICE's inability 'to identify an officer or officers who asked O.C.G. if he feared a return to Mexico.'"). The Court also did not order the production of material outside the limited metadata behind the two EARM entries. Because Plaintiffs' discovery requests are plainly beyond the scope of the limited discovery that the Court has permitted on this narrow issue, the Court should quash or otherwise disallow them.

Additionally, Plaintiffs' interrogatories and requests for production are overly broad, unduly burdensome, and not proportional to the needs of this limited discovery. The Court directed the parties to engage in narrow factfinding to resolve one issue: how the inadvertent misrepresentation in the Ortega Declaration was made to the Court. ECF No. 132 at 3; Tr. of May 21, 2025 H'rg at 72:5-7, 74:19-22. However, the Court did not authorize broad, wide-ranging discovery into a host of issues that are, at best, tangentially related to the subject of this limited discovery. *See, e.g.*, RFP No. 4 ("Produce any policies, instructions, guidance, protocols, user manuals, training manuals, or similar documents for DHS employees' use of EARM or EADM"). Because the purpose of this limited discovery is to determine the cause of the declaration's inadvertent error, that goal can be achieved in an easier and less onerous way than through Plaintiffs' discovery requests.

Specifically, after further investigation into the error, Defendants respectfully submit the attached declaration of Brian Ortega explaining the reason for the error. *See* Ex. B. As the declaration makes clear, the inaccuracy was the result of an inadvertently erroneous entry in ICE's ENFORCE Alien Removal Module (EARM). Mr. Ortega's March 25, 2025 declaration inaccurately stated that "prior to O.C.G being removed to Mexico, [ICE Enforcement and Removal Operations (ERO)] verbally asked O.C.G. if he was afraid of being returned to Mexico. At this

4

time, O.C.G. stated he was not afraid of returning to Mexico." ECF No. 31-1 at ¶ 13; Ex. B at ¶ 4. This statement was based on an EARM entry indicating that O.C.G. was asked about fear of removal to Mexico and then did not assert a fear of being removed to Mexico. Ex. B at ¶ 5. However, upon further investigation, it was revealed that the deportation officer who made that entry and the entry on February 20, 2025—Officer R.Z.—assumed O.C.G. was asked about fear of removal to Mexico and did not assert a fear and Officer R.Z. made the erroneous February 21, 2025 EARM entry based on this assumption. *Id.* at ¶¶ 7-9. He made this assumption because it was Officer R.Z.'s routine practice at that time to affirmatively ask about fear of return and he believed it to also be the practice of other deportation officers. *Id.* Regrettably, Officer R.Z. did not confirm with the deportation officer who served O.C.G. his removal paperwork—Officer G.S.—whether he did, in fact, ask O.C.G. about a fear of removal to Mexico and what O.C.G.'s response was. *Id.* at ¶ 10. Because of this mistaken assumption, Officer R.Z.'s February 21, 2025 EARM entry was inaccurate. *Id.* at ¶¶ 7, 8. Mr. Ortega subsequently relied on this EARM entry when preparing his March 25, 2025 declaration, which is how this inadvertently erroneous entry resulted in the factual inaccuracy in ¶ 13 of the declaration. *Id.* at ¶ 5. Although the resulting misrepresentation to the Court was inadvertent, Defendants wish to emphasize how deeply they regret and apologize for this error. Further, Defendants have taken corrective action to prevent such an error from reoccurring. *Id.* at ¶ 11.

The result of Defendants' investigation has revealed a remarkably simple, although deeply regrettable error, made by a single deportation officer. Therefore, Defendants respectfully submit that no further discovery into this matter is proportional to achieve its purpose: "to better understand how this happened," ECF No. 132 at 3; *i.e.*, how the inadvertent misrepresentation in the Ortega Declaration was made. Accordingly, Defendants respectfully request relief from the

5

Court's discovery orders regarding O.C.G. and request that this Court accept the attached declaration as a complete explanation satisfying the reasons for its discovery order. However, to the extent that the Court has further questions on this matter, Defendants believe those can be best resolved via a Court order for another declaration addressing those questions, or in another manner this Court deems appropriate.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion.

Respectfully submitted,

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | /s/*Matthew P. Seamon*<br>MATTHEW P. SEAMON<br>(California Bar #309249)<br>Senior Litigation Counsel |
| DREW ENSIGN<br>Deputy Assistant Attorney General | U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station |
| ELIANIS N. PEREZ<br>Assistant Director | Washington, DC 20044<br>(202) 598-2648<br>(202) 305-7000 (facsimile) |
| MARY L. LARAKERS<br>Senior Litigation Counsel | Matthew.Seamon2@usdoj.gov |

## LOCAL RULE 7.1 CERTIFICATION

I, Matthew Seamon, certify that pursuant to L.R. 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who oppose this motion.

Dated: July 18, 2025

/s/ *Matthew P. Seamon*
Matthew P. Seamon
Senior Litigation Counsel

## CERTIFICATE OF SERVICE

I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 18, 2025

/s/ *Matthew P. Seamon*
Matthew P. Seamon
Senior Litigation Counsel