# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>Defendants. | Case No. 25-cv-10676-BEM |

**PLAINTIFFS' DISCOVERY REQUESTS REGARDING
THE DECLARATIONS OF BRIAN ORTEGA
AND UNDERLYING DATA ENTRIES (DKTS. 31-1 & 103-1)**

TO:    Defendants and their attorneys of record

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34 and the Court's order regarding discovery, *see* Dkt. 132 at 3, into statements made in the declarations of Brian Ortega and the underlying data entries on which he allegedly relied, Plaintiffs hereby request that Defendants answer and respond to the following Interrogatories and Requests for Production by July 18, 2025. All responses and productions shall be made to the office of Plaintiffs' attorneys, c/o Trina Realmuto, National Immigration Litigation Alliance, 10 Griggs Terrace, Brookline, MA, 02446 or via email / file transfer, as appropriate.

The following Instructions and Definitions are to be considered applicable to each Interrogatory and Request for Production below.

1

## INSTRUCTIONS

1. In answering these Discovery Requests, furnish all information and documents known to or controlled by you, your agents, employees, attorneys, and your attorneys' agents, investigators, and employees.

2. Where an Interrogatory asks for a date, a number, or any other specific information, a statement that the precise date, number, or other specific information is unknown to you is inadequate where you are capable of approximating the information requested.

3. Answers may be inserted in the spaces provided in the Interrogatories. If additional space is necessary in answering any Interrogatory, complete the answers on additional sheets bearing the same number as the number of the Interrogatory which is being answered.

4. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying your reasons for your inability to answer the remainder and stating whatever information, knowledge, or belief you do have concerning the unanswered portion.

5. If, in responding to any of these Discovery Requests, Defendants encounter any ambiguity in construing either the Request or a definition or instruction relevant to it, Defendants shall set forth the matter deemed ambiguous and the construction used in responding to the Request.

6. Should any of the documents requested have existed at one time, but currently are lost, destroyed, missing, or otherwise beyond the control of the Defendants, Defendants shall identify:

    a. The name, title, description, or type of each such document;

    b. The subject matter with which each such document dealt;

    c. The name, address, and telephone numbers of the person drafting or originating each such document;

    d. The date each such document was drafted or originated;

    e. The names, addresses, and telephone number of all persons who have had custody of each such document; and

    f. The facts surrounding the loss or destruction of each such document and if that date is not known, the closest approximation thereof.

7. If you withhold any information or documents based upon a claim of privilege or work product protection, provide a privilege log containing the following information: (i) identify the withheld information or document(s), including its date, author(s), addressee(s), and any other recipients; (ii) identify the contents of the information being withheld with sufficient particularity to enable Plaintiffs to promptly bring the matter before the District Court for a ruling on the claim of privilege; and (iii) identify the privilege or doctrine under which the information is being withheld.

8. In answering these Discovery Requests, language should be read in light of the context in which it is used. Consequently, the singular includes the plural, and the plural includes the singular, where appropriate. Furthermore, the masculine is intended to also refer to the feminine, where appropriate, and vice versa. The use of any tense of a verb shall also include within its meaning all other tenses.

9. Each Document or thing produced in response to these Requests shall be produced as it is kept in the normal course of business, including, but not limited to, all file folders, binders, notebooks, and other devices by which such papers or things may be organized or separated.

## **DEFINITIONS**

1. "All" and "each" shall be construed as "all and each" to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of that scope.

2. "And" and "or" shall be construed either conjunctively or disjunctively, i.e., to mean "and/or," to bring within the scope of these Interrogatories or Requests for Production any information that might otherwise be construed to be outside their scope.

3. "EARM" shall mean Immigration and Customs Enforcement's (ICE) Enforce Alien Removal Module.

4. "EADM" shall mean ICE's Enforce Alien Detention Module.

5. "Identify" with respect to a natural person means: to state the person's name, address, telephone number, title of employment, employer, work address, and work telephone number.

6. "Including" shall mean including, but not limited to.

7. O.C.G. refers to Plaintiff O.C.G. in this case. O.C.G.'s identity is known to Defendants.

8. "You," "Your," or "Defendants" shall mean and include the Defendants in this case—Department of Homeland Security (DHS), Kristi Noem, Secretary of Homeland Security, and Pamela Bondi, Attorney General of the United States —and include any subdivisions or employees of Defendants, including the Department of Justice, the Executive Office for Immigration Review, U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, U.S. Citizenship and Immigration Services, and U.S. Border Patrol, and their

officers, employees, representatives, attorneys, and agents, and/or all persons acting or purporting to act on its or their behalf, collectively and individually.

**REQUESTS FOR PRODUCTION**

1. Produce all metadata and historical content associated with the comments in ICE_O.C.G._6 for the entries timestamped 02/21/2025 09:44AM and 02/20/2025 05:17PM. This includes, but is not limited to, information regarding each entry's author(s) and/or editor(s), date and time of creation, all modification, update, edit, alteration, or deletion history (including dates and times of any such history), access history (including date and time of any such history), prior field values reflecting historical content, embedded comments, document properties, and any and all other electronically stored information (ESI) embedded within or associated with the file or entry.

    Answer:

2. Produce all metadata and historical content associated with all entries that (1) Brian Ortega asserts he reviewed in EADM when preparing his declaration at Dkt. 31-1 and which (2) relate to questioning O.C.G. about his fear of removal or any alleged response by O.C.G. to any such questioning that EADM purports to document. *See* Resp. to Pls' Interrogatory No. 2 for Expedited Discovery Related to O.C.G. (May 16, 2025). This includes, but is not limited to, information regarding each EADM entry's author(s) and/or editor(s), date and time of creation, all modification, update, edit, alteration, or deletion history (including dates and times of any such history), access history (including date and time of any such

history), prior field values reflecting historical content, embedded comments, document properties, and any and all other electronically stored information (ESI) embedded within or associated with the file or entry.

<u>Answer:</u>

3. Produce any technical manuals, administrator manuals, data dictionary, system catalog, system log, or similar documents or files that explain, contextualize, or are necessary to review or digest the data produced in response to Request for Production 1 and 2.

<u>Answer:</u>

4. Produce any policies, instructions, guidance, protocols, user manuals, training manuals, or similar documents for DHS employees' use of EARM or EADM.

<u>Answer:</u>

5. Produce all entries, printouts, and data from EADM that Brian Ortega asserts he reviewed in EADM when preparing his declaration at Dkt. 31-1. *See* Resp. to Pls' Interrogatory No. 2 for Expedited Discovery Related to O.C.G. (May 16, 2025).

<u>Answer:</u>

6. Produce documents sufficient to show the user interface for accessing, inputting, modifying, updating, editing, altering, and deleting information or entries in an EARM and/or EADM case, including any user interfaces where an individual would make or edit entries or comments such as those displayed in ICE_O.C.G._6.

Answer:

## INTERROGATORRIES

1. Identify the persons associated with the following EARM usernames / accounts, as reflected in ICE_O.C.G._6: (1) FPH1601A; (2) FHQ5040A, (3) FPH3847A. In answering this Interrogatory, identify all persons with authority or ability to use or make entries and/or edits in EARM using each such username / account, to the extent more than one person has such access to each username / account.

Answer:

2. Identify each person who made the following EARM entries, as reflected in ICE_O.C.G._1-6:

   a. Entry dated 02/21/2025, 9:44am
   b. Entry dated 02/20/2025, 5:17pm
   c. Entry dated 02/20/2025, 5:10pm
   d. Entry dated 02/20/2025, 5:09pm
   e. Entry dated 02/20/2025, 4:26pm

<u>Answer:</u>

3. Identify the persons associated with the EADM usernames / accounts for all entries that (1) Brian Ortega asserts he reviewed in EADM when preparing his declaration at Dkt. 31-1 and which (2) relate to questioning O.C.G. about his fear of removal or any alleged response by O.C.G. to any such questioning that EADM purports to document. *See* Resp. to Pls' Interrogatory No. 2 for Expedited Discovery Related to O.C.G. (May 16, 2025). In answering this Interrogatory, identify all persons with authority or ability to use or make entries and edits in EADM using each such username / account, to the extent more than one person has such access.

<u>Answer:</u>

4. Identify each person who made each EADM entry that (1) Brian Ortega asserts he reviewed when preparing his declaration at Dkt. 31-1, and which (2) relate to questioning O.C.G. about his fear of removal or any alleged response by O.C.G. to any such questioning that EADM purports to document. *See* Resp. to Pls' Interrogatory No. 2 for Expedited Discovery Related to O.C.G. (May 16, 2025).

<u>Answer:</u>

5. Explain the process by which a person modifies, updates, edits, or alters a comment entry in EARM and the resulting changes in EARM's user interface and/or printouts like those at ICE_O.C.G._6 as a result of that modification, update, edit, or alteration. In answering this interrogatory, explain (1) whether it is possible to modify, update, edit, alter, or delete a comment; (2) if so, whether the original comment, edited information, or both is displayed in the user interface and/or printouts such as the one produced at ICE_O.C.G._6; (3) if the comment is edited but the original text of the comment is not displayed in the user interface and/or printouts, whether the "date entered" and "entered by" fields in the user interface and/or printouts are updated to reflect the date an entry was edited and to reflect the user who entered the edited information.

   Answer:


6. Specify whether the EARM data fields for comments that are visible in the user interface or printouts are limited to the ones displayed in the printout produced at ICE_O.C.G._6—that is, "Date Entered," "Entered by," "Type," and "Comments"—or if more fields exist. If more fields exist, identify all such fields and all information contained in those fields for the entries timestamped 02/21/2025 09:44AM and 02/20/2025 05:17PM in ICE_O.C.G._6.

   Answer:

7. Identify all the "systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business" that Brian Ortega consulted when preparing his declaration at Dkt. 103-1. In answering this question, identify the dates that he accessed or communicated with these sources of information.

<u>Answer</u>:

8. Identify the date on which You first learned that ICE was "ICE was unable to identify an officer or officers who asked O.C.G. if he feared a return to Mexico." Dkt 103-1 ¶ 6.

<u>Answer</u>:

9. Describe in detail the "further investigation" that Brian Ortega took as described in paragraph 6 of his declaration at Dkt. 103-1, including the dates on which he took such steps, the sources consulted, the dates those sources were consulted, and what Brian Ortega learned from each source, particularly as it relates to ICE's inability "to identify an officer or officers who asked O.C.G. if he feared a return to Mexico." Dkt. 103-1 ¶ 6.

<u>Answer</u>:

10. Identify who drafted or edited Brian Ortega's declaration at Dkt. 31-1. Specify each person's role in drafting or editing, and on what date they drafted or edited the declaration.

<u>Answer</u>:

11. Describe all steps that Brian Ortega took to verify the content of ¶ 13 of his declaration at Dkt. 31-1 prior to the filing of that declaration.

Answer:


DATED this 17 day of June, 2025.

s/*Trina Realmuto*

Trina Realmuto*
Kristin Macleod-Ball*
Mary Kenney*
**NATIONAL IMMIGRATION LITIGATION ALLIANCE**
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org

Anwen Hughes*
Inyoung Hwang*
**HUMAN RIGHTS FIRST**
121 W. 36th St., PMB 520
New York, NY 10018
(212) 845-5244
HughesA@humanrightsfirst.org

Matt Adams*
Leila Kang*
Aaron Korthuis*
Glenda M. Aldana Madrid*
**NORTHWEST IMMIGRANT RIGHTS PROJECT**
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org

*Attorneys for Plaintiffs and Class Members*

* *Admitted pro hac vice*

11

## VERIFICATION

_____, being first duly sworn on oath, affirms the following: I am authorized to, and hereby do, make this verification for and on behalf of Defendants. I have read the within and foregoing responses to Plaintiffs' discovery requests regarding the declarations of Brian Ortega and underlying data entries (Dkts. 31-1 & 103-1), know the contents thereof, and affirm that they are full, truthful, and complete.

VERIFIED this _____ day of July 2025.

Typed Name: _____

Title: _____

## CERTIFICATION

The undersigned attorney for Defendants has read the foregoing answers to interrogatories and requests for admission and certifies they are in compliance with the Federal Rules of Civil Procedure.

ANSWERS dated this \_\_\_\_ day of July 2025.

_____        _____

Attorney Name                                                              Date

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, I served a true and correct copy of the foregoing document via electronic mail to the following counsel for Defendant:

Mary L. Larakers, Mary.L.Larakers@usdoj.gov

Matthew Seamon, Matthew.Seamon2@usdoj.gov

Elianis Perez, Elianis.Perez@udsoj.gov

Jonathan Guynn, Jonathan.Guynn@usdoj.gov

s/ *Aaron Korthuis*
Aaron Korthuis
Northwest Immigrant Rights Project

Dated: June 17, 2025