UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>　　　　　Defendants. | Case No. 25-cv-10676-BEM |

**JOINT STATUS REPORT PURSUANT TO DKT. 198**

Pursuant to the Court's Electronic Order of July 23, 2025, Plaintiffs D.V.D., M.M., E.F.D., and O.C.G. (Plaintiffs) and Defendants U.S. Department of Homeland Security (DHS), DHS Secretary Kristi Noem, and U.S. Attorney General Pamela Bondi (Defendants) hereby file this status report to "provide a general statement of the parties' positions" on Plaintiffs' Motion for an Indicative Ruling (Dkt. 191) and Motion to Stay Discovery (Dkt. 195), "address the impact of a decision on the motion to stay with regards to Defendants' Motion to Quash" (Dkt. 197), and address a new proposed deadline for filing a L.R. 16.1(d) statement. *See* Dkts. 198, 201.

1. **Plaintiffs' Motion for an Indicative Ruling (Dkt. 191)**

    a. *Plaintiffs' Position:* Plaintiffs' Motion for an Indicative Ruling under Federal Rule of Civil Procedure 62.1 seeks to dissolve the previously issued preliminary injunction in the event the U.S. Court of Appeals for the First Circuit remands the

1

appeal of the preliminary injunction in Case No. 25-1393. Dkt. Nos. 191-192. That motion was filed on July 15, 2025. On July 17, 2025, the First Circuit consolidated that appeal with Defendants' notice of appeal from this Court's orders pertaining to injunctive relief. *See* Dkt. 180 (Defendants' notice of appeal); *D.V.D. v. U.S. DHS*, Nos. 25-1393 and 1631, Document No. 00118314455 (1st Cir. July 17, 2025) (consolidating appeals). Plaintiffs continue to believe the Court should grant the motion for an indicative ruling for the reasons set forth therein, and that the indicative ruling should apply to both consolidated appeals (First Cir. Nos. 25-1393 and 1631).

The Court's decision on Plaintiffs' motion for an indicative ruling does not affect discovery or Defendants' motion to quash, Dkt. 197.

b. ***Defendants' Position:*** Defendants oppose Plaintiffs' Motion for an Indicative Ruling. Plaintiffs sought—and received—a nationwide preliminary injunction from this Court. Dkts. 6, 64. That injunction is currently on appeal to the First Circuit. Dkts. 69, 180. Defendants have already expended significant resources on the appeal and intend to file their opening brief expeditiously once the First Circuit resets the briefing schedule.[1] Defendants would clearly be prejudiced by a remand of the appeal and dissolution of the injunction at this stage in the appellate process. Furthermore, there is no legitimate reason to short-circuit appellate review and

---

[1] Defendants initially filed their opening brief on June 30, 2025. *See* Brief of Defendants-Appellants, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 30, 2025). After Defendants filed their amended notice of appeal, Dkt. 180, the First Circuit issued an order consolidating the appeals, vacating the prior briefing schedule, and directing the clerk to set a new briefing schedule. *See* Electronic Order, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. July 17, 2025).

dissolve the injunction. The Supreme Court has stayed the injunction pending appellate review, *see DHS v. D.V.D.*, No. 24A1153 (S. Ct. Jun. 23, 2025), but the parties' positions have not changed and the issues on appeal are not even remotely moot. Indeed, the weighty legal questions at issue in the appeal of the injunction—including Defendants' jurisdictional arguments under 8 U.S.C. § 1252 and the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), and the merits of Plaintiffs' claims under the Administrative Procedure Act (APA), and the Due Process Clause of the Fifth Amendment—are substantively *identical* to those raised by Plaintiffs' pending Motion for Partial Summary Judgement (Dkt. 193). There is no legally cognizable reason to cease appellate litigation on those issues now. Instead, Plaintiffs' motion is merely an attempt to engage in legal gamesmanship. As Plaintiffs readily concede, Dkt. 192 at 2, they wish to abandon their injunction solely to pursue what is essentially preliminary declaratory relief on those same claims. And in so doing, they hope to evade the Supreme Court's stay and effectively deprive Defendants of their right to seek appellate review of an adverse order. Defendants do not believe that this Court should endorse Plaintiffs' attempt to use procedural chicanery to circumvent a clear order from the Supreme Court.

2. **Plaintiffs' Motion to Stay Discovery Related to TRO Compliance and Request to Expedite Hearing on Plaintiffs' Motion for Partial Summary Judgment (Dkt. 195)**

   *Plaintiffs' Request to Stay Discovery Related to TRO Compliance*

   a. *Plaintiffs' Position:* Plaintiffs have moved this Court to stay discovery on alleged violations of the temporary restraining order (TRO) to allow the parties and the Court to focus on Plaintiffs' motion for partial summary judgment, given the

irreparable harm class members face absent final relief. Defendants' initial discovery responses will require Plaintiffs to file, and this Court to adjudicate, motion(s) to compel in order to ascertain the information sought. Moreover, a whistleblower complaint addressing that TRO violation and the recent release of four alleged class members who are the focus of the TRO compliance discovery from the maximum-security prison in El Salvador likely will broaden the scope of that discovery. *See* Teo Armus et al., *U.S. Deportees, Freed from Salvadoran Prison, Describe "Horror Movie,"* Wash. Post, Jul. 22, 2025; Protected Whistleblower Disclosure of Erez Reuveni Regarding Violation of Laws, Rules & Regulations, Abuse of Authority, and Substantial and Specific Danger to Health and Safety at the Department of Justice, 16-21 (June 24, 2025), https://s3.documentcloud.org/documents/25982155/file-5344.pdf. Plaintiffs anticipate seeking (1) testimony from the whistleblower, (2) depositions of officials implicated in that whistleblower's complaints and testimony, and/or (3) testimony from class members who were deported in violation of the TRO (if Plaintiffs' counsel can establish contact with them).

Plaintiffs ask the Court to stay TRO compliance discovery pending the conclusion of briefing on their motion for partial summary judgment, Dkt. 193.

Plaintiffs propose that, within 10 days of the conclusion of briefing, the parties shall submit both a joint status report proposing an amended discovery schedule related to TRO compliance and their joint statement pursuant to Local Rule 16.1(d).

b. ***Defendants' Position:*** Defendants agree to Plaintiffs' request to stay discovery

regarding alleged violations of this Court's temporary restraining order. However, Defendants believe this discovery should not just be stayed pending briefing on summary judgment. Instead, it should be stayed pending the resolution of Defendants' appeal of the preliminary injunction. Because the Supreme Court has stayed the injunction, further discovery related to compliance is not necessary or proportional to the needs of this case at this time. Moreover, if the injunction is ultimately overturned on appeal, there will be no basis for civil contempt related to any violations because "[t]he right to remedial relief falls with an injunction which events prove was erroneously issued." *U.S. v. United Mine Workers*, 330 U.S. 258, 295, 67 S. Ct. 677, 696 (1947); *see also Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 675-76 (9th Cir. 1981) (vacating a remedial civil contempt judgment because the underlying injunction was invalidated); *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) (reversing contempt order because the underlying order was overturned on appeal). Defendants intend to file a motion to stay all proceedings in this case (including this discovery and summary judgment briefing) pending resolution of the preliminary injunction appeal. Defendants intend to file that motion and fulsomely lay out their arguments in support of such a stay on or before Friday, August 1.

Defendants believe a new deadline for the Local Rule 16.1(d) case management and discovery statement should be set after the Court rules on the parties' four currently pending motions (*i.e.*, Plaintiffs' Motion for an Indicative Ruling (Dkt. 191), Motion to Stay Discovery (Dkt. 195), and Motion for Partial Summary Judgment (Dkt. 193), and Defendant's Motion to Quash (Dkt. 197)) and

5

Defendants' forthcoming motion to stay proceedings pending the resolution of the preliminary injunction appeal. The outcome of each of those motions will have a significant impact on case management moving forward, including the permissible scope and timeline of remaining discovery (if any) and the schedule for summary judgment or other briefing. Accordingly, Defendants propose a L.R. 16.1(d) deadline set some reasonable period after the resolution of those motions.

### *Plaintiffs' Request for an Expedited Summary Judgment Hearing*

a. ***Plaintiffs' Position:*** Plaintiffs' motion also asks the Court to schedule a hearing on Plaintiffs' motion for partial summary judgment as soon as practicable. *See* Dkt. 195. This portion of the motion does not impact the discovery schedule or Defendants' Motion to Quash.

b. ***Defendants' Position:*** Defendants oppose Plaintiffs' additional request to expedite hearing on Plaintiffs' motion for partial summary judgment as unnecessary. As stated above, Defendants intend to file by Friday, August 1 a motion to stay all proceedings in this case (including summary judgment briefing) pending resolution of the preliminary injunction appeal. Defendants agree with Plaintiffs that this portion of the motion does not impact Defendants' Motion to Quash.

3. **Defendants' Motion to Quash (Dkt. 197)**

    a. ***Defendants' Position:*** Defendants believe their Motion to Quash should be granted for the reasons set forth in that motion. Defendants do not believe that Plaintiffs' Motion to Stay Discovery impacts Defendants' Motion to Quash. Plaintiffs' Motion

seeks to stay discovery regarding alleged violations of this Court's temporary restraining order (Dkt. 34). *See* Dkt. 92. Defendants' Motion to Quash seeks to conclude the discovery regarding a separate issue: the inaccuracy in the March 25, 2025 Declaration of Brian Ortega. *See* Tr. of May 21, 2025 H'rg at 72:5-7, 74:19-22. Because the motions address two different sets of discovery, a decision on one motion should not have any direct impact on the other.

b. ***Plaintiffs' Position:*** Plaintiffs contend that discovery related to Plaintiff O.C.G. and the erroneous declaration submitted by Brian Ortega should move forward. To that end, Plaintiffs submit that the Court should adjudicate Defendants' motion to quash discovery, Dkt. 197, without delay. Defendants filed that motion on July 18, 2025, and Plaintiffs anticipate timely filing their opposition to that motion on August 1, 2025.

Respectfully submitted,

| | |
|---|---|
| s/*Trina Realmuto* <br> Trina Realmuto* <br> Kristin Macleod-Ball* <br> Mary Kenney* <br> Tomás Arango <br> **NATIONAL IMMIGRATION LITIGATION ALLIANCE** <br> 10 Griggs Terrace <br> Brookline, MA, 02446 <br> (617) 819-4447 <br> trina@immigrationlitigation.org <br><br> Matt Adams* <br> Leila Kang* <br> Aaron Korthuis* <br> Glenda M. Aldana Madrid* <br> **NORTHWEST IMMIGRANT RIGHTS PROJECT** <br> 615 Second Avenue, Suite 400 <br> Seattle, WA 98104 <br> (206) 957-8611 <br> matt@nwirp.org <br><br> Anwen Hughes* <br> Inyoung Hwang* <br> **HUMAN RIGHTS FIRST** <br> 121 W. 36th St., PMB 520 <br> New York, NY 10018 <br> (212) 845-5244 <br> HughesA@humanrightsfirst.org <br><br> *Attorneys for Plaintiffs and Class Members* <br><br> * *Admitted pro hac vice* | BRETT A. SHUMATE <br> Assistant Attorney General <br><br> DREW C. ENSIGN <br> Deputy Assistant Attorney General <br><br> ELIANIS N. PEREZ <br> Assistant Director <br><br> MARY L. LARAKERS <br> Senior Litigation Counsel <br><br> s/ *Matthew P. Seamon* <br> MATTHEW P. SEAMON <br> (California Bar #309249) <br> Senior Litigation Counsel <br> U.S. Department of Justice, Civil Division <br> Office of Immigration Litigation <br> P.O. Box 868, Ben Franklin Station <br> Washington, DC 20044 <br> (202) 598-2648 <br> (202) 305-7000 (facsimile) <br> Matthew.Seamon2@usdoj.gov <br><br> *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/ *Matthew P. Seamon*
MATTHEW P. SEAMON
Senior Litigation Counsel

Dated: July 25, 2025