UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>Defendants. | Case No. 25-cv-10676-BEM |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STAY DISCOVERY (ECF NO. 195)

On July 15, 2025, Plaintiffs moved to stay discovery and expedite a hearing on Plaintiffs' motion for partial summary judgment. As Defendants explained in the parties' July 25, 2025 joint status report, Defendants agree to Plaintiffs' request to stay discovery regarding alleged violations of this Court's temporary restraining order but oppose Plaintiffs' additional request to expedite hearing on Plaintiffs' motion for partial summary judgment.

As Defendants will explain in their forthcoming motion to stay this case, the compliance discovery should not just be stayed pending briefing on summary judgment. Instead, it should be stayed pending the resolution of Defendants' appeal of the preliminary injunction. Because the Supreme Court has stayed the injunction, further discovery related to compliance is not necessary or proportional to the needs of this case at this time. Moreover, if the injunction is ultimately overturned on appeal, there will be no basis for civil contempt related to any violations because

1

"[t]he right to remedial relief falls with an injunction which events prove was erroneously issued." *U.S. v. United Mine Workers*, 330 U.S. 258, 295, 67 S. Ct. 677, 696 (1947); *see also Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 675-76 (9th Cir. 1981) (vacating a remedial civil contempt judgment because the underlying injunction was invalidated); *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) (reversing contempt order because the underlying order was overturned on appeal).

Similarly, Plaintiffs' motion for summary judgment should be stayed—not expedited. *See Coinbase, Inc. v. Bielski,* 599 U.S. 736, 741 (2023) (holding that district courts must stay proceedings where an interlocutory appeal on arbitrability is ongoing). Plaintiffs' motion for summary judgment raises the same issues "involved in the [preliminary injunction] appeal," including those concerning this Court's subject matter jurisdiction. *Id.* There is simply no conceivable reason to proceed with litigation of this case where "whether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Id.* "[I]t makes no sense for [this case] to go forward while the court of appeals cogitates on whether there should be one." *Id.* Accordingly, Defendants agree to Plaintiffs' request to stay discovery regarding alleged violations of this Court's temporary restraining order but oppose Plaintiffs' request to expedite their summary judgment motion. Moreover, as Defendants will more fully explain in their forthcoming motion, the Court should stay this case—including discovery and summary judgment briefing—in its entirety.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ELIANIS N. PEREZ
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

/s/*Matthew P. Seamon*
MATTHEW P. SEAMON
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-2648
(202) 305-7000 (facsimile)
Matthew.Seamon2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/ *Matthew P. Seamon*
MATTHEW P. SEAMON
Senior Litigation Counsel

Dated: July 29, 2025