**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| D.V.D., *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br>　　　　　Plaintiffs, <br><br>　　　v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br>　　　　　Defendants. | No. 1:25-cv-10676-BEM |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN INDICATIVE RULING (ECF NO. 191)**

**INTRODUCTION**

A plaintiff is the master of its complaint, but that does not leave a plaintiff free from the consequences of its litigation choices as its lawsuit unfolds. After consuming Defendants' and the Court's resources to an inordinate degree, Plaintiffs now attempt to escape the consequences of their litigation strategy by asking the Court to undo the preliminary injunction it granted at Plaintiffs' request. The Court should deny Plaintiffs' motion as a transparent attempt to change course midstream and evade the consequences of its own litigation strategy.

Through the first stage of this litigation, Plaintiffs committed to a bold strategy: certifying a nationwide class and winning a preliminary injunction. That bold strategy produced big wins at first: Plaintiffs won a preliminary injunction from this Court in April and prevailed against Defendants' stay motion in the First Circuit in May.

That changed in June, when the Supreme Court stayed the injunction. But by that point, Plaintiffs had already committed to their strategy, forcing Defendants to pour tremendous resources into class certification, preliminary injunction, and stay briefing, as well as simultaneous discovery on multiple discrete topics. All along, Plaintiffs insisted on a breakneck pace. For example, when Defendants sought an extension of the deadline to file an opening brief in the First Circuit on the day the Supreme Court's stay issued, in light of extensive ongoing discovery and the need to adapt the brief to reflect the Supreme Court's decision, Plaintiffs opposed.

The Court committed substantial resources to Plaintiffs' strategy, too, premised on Plaintiffs' view that a preliminary injunction was an exigent need, by deciding the motions on a rapid schedule and adjudicating numerous disputes between the parties before and since. The Court has handled an average of more than two docket entries in this case every business day since Plaintiffs filed their complaint in late March—a remarkable expenditure of the Court's resources.

1

Plaintiffs now attempt to throw all of that away. They seek to dissolve the preliminary injunction this Court granted—at their urging—and to pursue a declaratory judgment to the same effect instead. That would moot the very appeal they recently insisted must go forward with no delays. It would mean that Plaintiffs have spent the last four months wasting the time of this Court, the First Circuit, and the Supreme Court, not to mention Defendants, in litigating a preliminary injunction in an emergency posture. And it is a transparent attempt to evade the Supreme Court's assessment of the proper interim status quo while this litigation unfolds. The Supreme Court has already emphatically rejected one such attempt. *DHS v. D.V.D.*, No. 24A1153, 2025 U.S. LEXIS 2666 (July 3, 2025). This Court has rejected another. Electronic Order, *Phan v. DHS*, No. 1:25-cv-11910 (D. Mass. July 4, 2025), ECF No. 8. The Court should reject this third attempt, too.

## **PROCEDURAL BACKGROUND**

On March 23, 2025, Plaintiffs moved for class certification and a preliminary injunction. ECF Nos. 4, 6. On April 18, 2025, the district court granted Plaintiffs' motion for class certification and granted a classwide preliminary injunction. ECF No. 64. Defendants promptly appealed and sought a stay. ECF No. 69; Defendants-Appellants' Emergency Mot. to Stay, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. April 22, 2025). On May 16, 2025, the First Circuit denied Defendants' request. Electronic Order, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. May 16, 2025).

On May 27, 2025, Defendants sought a stay of the injunction from the U.S. Supreme Court. App. for a Stay of the Injunction*, DHS v. D.V.D.*, No. 24A1153 (S. Ct. May 27, 2025). On June 23, 2025, the Supreme Court granted Defendants' application and stayed this Court's injunction "pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and disposition of a petition for a writ of certiorari," if any. *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025). That same day, Defendants sought a 15-day extension of the deadline for their opening appeal brief in the First Circuit, which was due on June 30, in light of the burdensome and fast-paced

discovery ongoing in this Court and the need to adapt the brief to reflect the Supreme Court's ruling and the 18-page dissenting opinion. *See* Mot. to Extend Time, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 23, 2025). Plaintiffs opposed a 30-day extension and did not respond to a request for consent to a 15-day extension. *Id*. at 3. The First Circuit did not rule on the motion before the June 30 deadline. *See* Electronic Order, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. July 9, 2025).

Accordingly, on June 30, seven days after the Supreme Court's stay decision, Defendants filed their opening appeal brief with the First Circuit. *See* Br. of Defendants-Appellants, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 30, 2025). After Defendants filed an amended notice of appeal, ECF No. 180, the First Circuit issued an order consolidating the appeals, vacating the prior briefing schedule, and directing the clerk to set a new briefing schedule. *See* Electronic Order, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. July 17, 2025). Plaintiffs filed this motion on July 13, 2025. ECF No. 191.

## **LEGAL BACKGROUND**

Under Federal Rule of Civil Procedure 62.1, a party may seek a ruling regarding relief that the court lacks authority to grant because of an appeal that has been docketed and is pending. A district court may deny the motion, defer a ruling, state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). When assessing these motions in the context of a preliminary injunction, the First Circuit has indicated that district courts should apply Rule 60(b)(5). *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008). Accordingly, the movant must show "it is no longer equitable that the [injunction] should have prospective application, and that there has been the kind of significant change in circumstances that the Rule requires." *Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 38 (1st Cir. 2006) (quotation omitted). The court's

3

decision to make such a ruling is discretionary. *See, e.g.*, *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1206 (8th Cir. 2015); *Dice Corp. v. Bold Techs.*, 556 F. App'x 378, 384 (6th Cir. 2014).

## ARGUMENT

**I.    Plaintiffs' motion is an improper attempt to circumvent the Supreme Court's stay order and does not satisfy the requirements for an indicative ruling.**

Plaintiffs seek an indicative ruling that this Court would dissolve the preliminary injunction if the First Circuit remands for that purpose. In essence, Plaintiffs seek to prematurely terminate ongoing appellate litigation on the issues raised by their lawsuit, forcibly remand Defendants' pending appeal, and withdraw the preliminary injunction that they sought just a few months ago. But Plaintiffs' extraordinary request has no legal basis; instead, it is merely a calculated attempt to circumvent the Supreme Court's stay order.

Plaintiffs' stated basis for their motion is a "significant changed circumstance." ECF No. 192 at 2. But there has been no such change. The Supreme Court has stayed the injunction pending appellate review, *see DHS v. D.V.D.*, No. 24A1153 (S. Ct. Jun. 23, 2025), but the parties' positions have not changed, the appeal is ongoing, and the issues on appeal are not even remotely moot. Indeed, the weighty legal questions at issue in the appeal of the injunction—including Defendants' jurisdictional arguments under 8 U.S.C. § 1252 and the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), and the merits of Plaintiffs' due process and Administrative Procedure Act (APA) claims—are substantively *identical* to those raised by Plaintiffs' pending Motion for Partial Summary Judgment (ECF No. 193). *Compare* ECF No. 7 at 11 (seeking injunctive relief because due process requires "meaningful notice and an opportunity to present a fear-based claim prior to removal to a third country"), *with* ECF No. 194 at 14 (seeking declaratory relief because due process requires "a meaningful opportunity to present a fear-based claim for withholding of removal and/or CAT protection to an IJ prior to removal to a country other than the previously

4

designated country of removal"). Put simply, the legal and factual circumstances implicated by this lawsuit have not changed in any significant way since this Court issued the preliminary injunction.

The real—and *only*—basis for Plaintiffs' motion is their effort to escape the Supreme Court's decision to stay the injunction pending appeal. *See* ECF No. 192 at 2 ("The Supreme Court's ruling has deprived Plaintiffs and class members of the critical procedural protections that this Court correctly ordered"). As Plaintiffs readily concede, they wish to abandon their injunction solely to pursue what is essentially preliminary declaratory relief on those same claims. *Id.* And in so doing, they hope to evade the Supreme Court's stay and effectively deprive Defendants of their right to seek appellate review of an adverse order. A motion for indicative ruling is not a vehicle to sidestep an order from the Supreme Court.

In order to prevail on their request to dissolve their own injunction, the "change in circumstances" that Plaintiffs must show is that they are no longer likely to succeed on the merits of their claims or suffer irreparable harm. *See Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994). Plaintiffs do not even attempt to argue that such a change has occurred. Of course they don't: Plaintiffs vociferously maintain that they will prevail on the merits of their statutory and due process claims and that they will suffer irreparable harm without immediate relief from this Court. *See* ECF No. 194 at 14 (asserting that statutes, regulations, and due process "entitle class members to a meaningful opportunity to present a fear-based claim for withholding of removal and/or CAT protection to an IJ prior to removal to a country other than the previously designated country of removal"); ECF No. 192 at 11 (arguing that "class members face significant and irreparable harm"). Because Plaintiffs have not shown the requisite change in circumstances, their request for an indicative ruling must fail.

5

## II. Remanding and dissolving the injunction would prejudice Defendants and is not in the interests of justice.

Furthermore, the relief that Plaintiffs seek would prejudice Defendants and would not promote the interests of justice or judicial economy. Defendants have already expended significant resources on the appeal by filing, *inter alia*, an opening brief and motion for stay with the First Circuit, an opening appeal brief with the First Circuit, an application for stay to the Supreme Court, and a motion to clarify the scope of that stay. *See* Defendants-Appellants' Emergency Mot. to Stay, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. April 22, 2025); Br. of Defendants-Appellants, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 30, 2025); App. for a Stay of the Injunction, *DHS v. D.V.D.*, No. 24A1153 (S. Ct. May 27, 2025); Mot. to Clarify, *DHS v. D.V.D.*, No. 24A1153 (S. Ct. June 24, 2025). Defendants would be prejudiced by an order dissolving the injunction and mooting the appeal after the Defendants have already expended substantial resources briefing the issues at every level of the federal court system and filing their opening merits brief on appeal.

Nor would an indicative ruling serve the interests of justice or promote judicial economy. Plaintiffs argue that dissolving the injunction and expeditiously briefing partial summary judgment would save "time that the parties and courts would spend further litigating the injunction." ECF No. 192 at 2; *id.* at 11-12 (suggesting that litigating the appeal "detracts resources from the diligent pursuit of a resolution to this case" and may "unduly delay a determination regarding whether relief is available for the class"). But the legal issues raised in Plaintiffs' Complaint and the myriad jurisdictional problems raised by Defendants' in their opposition to the injunction are already being litigated and resolved through the appellate process via Defendants' appeal of the preliminary injunction. The question of what additional process, if any, class members may be entitled to— and whether the district court has jurisdiction to make that determination or order relief in the first place—is *precisely* what the court of appeals must decide in Defendants' pending appeal. The most

efficient way to obtain further clarity on these issues from the First Circuit, and the Supreme Court if necessary, is to proceed with the appellate litigation already in progress.

Ultimately, what Plaintiffs seek is not an expeditious resolution of this case but, rather, immediate preliminary relief on their claims *while* the appellate process plays out. *See* ECF No. 192 at 10 (emphasizing "the harm that will ensue until this case reaches final judgment"). But the Supreme Court has already addressed that question and determined that Defendants may proceed with lawful third-country removals pursuant to 8 U.S.C. § 1231(b) while Plaintiffs' claims are litigated at the appellate level. Because Plaintiffs' request clearly does not meet the standard for such extraordinary relief and is instead an attempt to use procedural chicanery to circumvent a clear order from the Supreme Court, their motion should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for an indicative ruling.

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | /s/*Matthew P. Seamon*<br>MATTHEW P. SEAMON<br>Senior Litigation Counsel |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station |
| ELIANIS N. PEREZ<br>Assistant Director | Washington, DC 20044<br>(202) 598-2648<br>(202) 305-7000 (facsimile) |
| MARY L. LARAKERS<br>Senior Litigation Counsel | Matthew.Seamon2@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I, Matthew P. Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 29, 2025

                                               /s/ *Matthew P. Seamon*
                                               Matthew P. Seamon
                                               Senior Litigation Counsel