UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>             Plaintiffs,<br><br>     v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>             Defendants. | Case No. 25-cv-10676-BEM |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**INTRODUCTION**

"Two courts at once is one court too many." *City of Martinsville, Virginia v. Express Scripts, Inc.,* 128 F.4th 265, 270-71 (4th Cir. 2025). This Court should stay this case pending resolution of Defendants' appeal of this Court's preliminary injunction as required by the Supreme Court's decision in *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 741 (2023) and as a matter of discretion. Because Defendants' appeal raises issues regarding this Court's subject-matter jurisdiction, this entire case is necessarily "involved in the appeal" and must be stayed. It is impermissible for a district court to exercise jurisdiction over issues that are the subject of an appeal.

A stay is also warranted as a matter of discretion. A decision on Defendants' appeal will materially bear on the significant legal issues in this case and a stay pending appeal would streamline the questions of law and promote the orderly course of justice. Moreover, Plaintiffs would not suffer hardship as a result of a stay of proceedings, because the Supreme Court has already determined the proper interim status quo while appellate litigation proceeds. Additionally, this Court should stay compliance discovery because the ability of this Court to enforce its preliminary injunction via civil contempt rises and falls with Defendants' appeal. *See U.S. v. United Mine Workers*, 330 U.S. 258, 295, 67 S. Ct. 677, 696 (1947). Accordingly, this Court should stay this case in its entirety pending final resolution of Defendants' appeal.

**PROCEDURAL BACKGROUND**

Plaintiffs filed this lawsuit on March 23, 2025. ECF No. 1. That same day, Plaintiffs moved for class certification and a preliminary injunction. ECF Nos. 4, 6. On April 18, 2025, the district court granted Plaintiffs' motion for class certification and granted a classwide preliminary injunction. ECF No. 64. Defendants promptly appealed and sought a stay. ECF No. 69;

1

Defendants-Appellants' Emergency Mot. to Stay, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. April 22, 2025). On May 16, 2025, the First Circuit denied Defendants' request. Electronic Order, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. May 16, 2025).

On May 27, 2025, Defendants sought a stay of the injunction from the U.S. Supreme Court. App. for a Stay of the Injunction*, DHS v. D.V.D.*, No. 24A1153 (S. Ct. May 27, 2025). On June 23, 2025, the Supreme Court granted Defendants' application and stayed this Court's injunction "pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and disposition of a petition for a writ of certiorari," if any. *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025).

On June 30, 2025, Defendants filed their opening appeal brief with the First Circuit. *See* Br. of Defendants-Appellants, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 30, 2025). After Defendants filed an amended notice of appeal, ECF No. 180, the First Circuit consolidated the appeals, vacated the prior briefing schedule, and set a new briefing schedule. *See* Electronic Order, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. July 17, 2025); Electronic Order, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. July 31, 2025).

On July 13, 2025, Plaintiffs filed three motions: a partial motion for summary judgment, a motion for an indicative ruling, and a motion to stay discovery related to alleged violations of the temporary restraining order. ECF Nos. 191, 193, 195. On July 18, 2025, Defendants filed a motion to quash and for relief from discovery related to the declarations of Mr. Ortega. ECF No. 198.

## **LEGAL BACKGROUND**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). This principle espoused in *Griggs* "requires an automatic stay of district court proceedings

that relate to *any aspect* of the case involved in the appeal." *Coinbase,* 599 U.S. at 741 (emphasis added); *see also United States v. Mala*, 7 F.3d 1058, 1060-61 (1st Cir. 1993) ("an appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." (citation omitted)).

District courts also have the discretionary authority to stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). In determining whether to grant a stay, courts consider several factors, including: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-255). The pendency of a related proceeding in another tribunal is a "typical reason" for a stay of proceedings. *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See, e.g., Clinton v. Jones*, 520 U.S. at 708.

3

**ARGUMENT**

    **I.    This Court must stay all aspects of this case while the preliminary injunction is on appeal.**

Consistent with the Supreme Court's recent decision in *Coinbase, Inc.,* 599 U.S. at 741, this Court must stay this case while the Court of Appeals considers the threshold jurisdictional questions at the heart of this litigation. As the Supreme Court recognized, where the issue on appeal is whether the case belongs in district court at all, "the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc.,* 599 U.S. at 741 (citing *Griggs,* 459 U.S. at 58). "[I]it makes no sense for [a case] to go forward while the court of appeals cogitates on whether there should be one." *Id.* Here, the Court of Appeals is currently considering whether this Court has jurisdiction to consider Plaintiffs' claims seeking additional procedures prior to removal to a third country. Because those claims, as illustrated by Plaintiffs' motion for summary judgment, raise the same jurisdictional issues "involved in the [preliminary injunction] appeal," this Court must stay litigation on those claims. *Id.*; *compare* ECF No. 7 at 11 (seeking injunctive relief because due process requires "meaningful notice and an opportunity to present a fear-based claim prior to removal to a third country"), *with* ECF No. 194 at 14 (seeking declaratory relief because due process requires "a meaningful opportunity to present a fear-based claim for withholding of removal and/or CAT protection to an IJ prior to removal to a country other than the previously designated country of removal"). Accordingly, the Court should stay further proceedings in this case pending the outcome of the preliminary injunction appeal.

The Supreme Court's decision in *Coinbase* is not just limited to orders compelling arbitration. *Express Scripts, Inc.,* 128 F.4th at 270-71. "In relying on *Griggs, Coinbase* did not discriminate between arbitration and other appeals." *Id.* at 271. "*Coinbase* confirmed that *Griggs* was not a makeshift guideline with limited sweep but a general principle about the allocation of power

4

among multiple courts with claims over the same case." *Id.* at 272. Any part of a case "involved in the appeal, big or small, it lies beyond the district court's reach because two courts should not attempt to assert jurisdiction over a case simultaneously." *Id.* at 271 (internal quotations omitted). Here, Plaintiffs seek to litigate all the same issues involved in the appeal. Contrary to Plaintiffs' suggestion, their request for declaratory relief as opposed to injunctive relief does not magically exempt them from the many jurisdictional issues Defendants raise in the appeal. Their claims, as opposed to merely their request for relief, are barred from review. *See* ECF Nos, 31, 51. It is both the reviewability of their claims *and* the appropriateness of injunctive relief that are involved in the appeal. *See id.* Accordingly, this Court must stay this litigation in its entirety. *See Coinbase, Inc.,* 599 U.S. at 741.

## II.     A stay of further merits proceedings is warranted as a matter of discretion.

A stay of merits proceedings pending the final resolution of Defendants' appeal is likewise warranted as a matter of discretion. Defendants' pending appeal implicates important legal issues that the parties and the Court will necessarily have to address in future proceedings, including: whether this Court lacks jurisdiction to review Plaintiffs' claims pursuant to 8 U.S.C. § 1252(g); whether Plaintiffs' claims are channeled to a petition for review pursuant 8 U.S.C. §§ 1252(a)(5), (b)(9); whether the classwide relief Plaintiffs seek is prohibited by 8 U.S.C. § 1252(f)(1); and what additional process, if any, class members may be entitled to prior to removal to a third country. An appellate decision on those (and other) issues will thus provide the Court and the parties significant aid in the ultimate resolution of this case.

Plaintiffs would not suffer hardship as a result of a stay of proceedings, because the Supreme Court has already determined the proper interim status quo while appellate litigation is ongoing. Plaintiffs will also not be prejudiced if the Supreme Court ultimately allows their claims to move forward. Because this case presents purely legal issues, this Court can swifty issue relief

5

on any claims that survive Supreme Court review. Conversely, Defendants will be harmed absent a stay as they will have to expend significant resources to oppose Plaintiffs' summary judgment motion and conduct any discovery this Court may order.

Numerous other district courts even before the Supreme Court's decision in *Coinbase* have recognized the futility in continuing to litigate in the district court while an interlocutory appeal is pending. *See, e.g., Bean Me. Lobster, Inc. v. Monterey Bay Aquarium Found.*, No. 2:23-cv-00129-JAW, 2025 WL 1114801, at *5 (D. Me. Apr. 15, 2025) ("[T]he current appeal may advance the ultimate termination of this litigation by dismissing, or substantially narrowing, the case. Proceeding [. . .] in the trial court while the First Circuit considers a potentially dispositive appeal would be an inefficient use of the Court's and the parties' time and resources"); *InterGen N.V. v. Grina*, No. 01-11774-REK, 2003 WL 1562200, at *4 (D. Mass. Feb. 21, 2003) (granting stay because "it is not appropriate for this court to allow discovery to proceed while the case is on appeal"); *Maine v. Norton*, 148 F. Supp. 2d 81, 83 (D. Me. 2001) (stay of proceedings was appropriate because moving forward with litigation would be "inconsistent with the question pending on appeal"); *Dyer v. Penobscot Cty.*, No. 1:20-cv-00224-NT, 2020 WL 5801081, at *4 (D. Me. Sep. 28, 2020) (granting stay of proceedings pending outcome of related state court proceedings because proceeding with litigation would be inefficient and "inefficiency would work a hardship upon the defendants"). Accordingly, this Court should stay any further litigation on the merits of Plaintiffs' claims pending the resolution of the appeal of the preliminary injunction.

### III. Compliance discovery should also be stayed pending the preliminary injunction appeal.

Discovery related to compliance with the temporary restraining order should also be stayed. If the preliminary injunction is ultimately overturned on appeal, there will be no basis for civil contempt related to any violations because "[t]he right to remedial relief falls with an injunction

6

which events prove was erroneously issued." *United Mine Workers*, 330 U.S. at 295 (1947). Should the First Circuit or Supreme Court vacate the injunction, any civil contempt order would likewise be invalid. *Worden v. Searls,* 121 U.S. 14, 26 (1887); *Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 675-76 (9th Cir. 1981) (vacating a remedial civil contempt judgment because the underlying injunction was invalidated); *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) (reversing contempt order because the underlying order was overturned on appeal). Accordingly, it would be a waste of the parties' and this Court's resources to engage in expensive, time consuming contempt discovery while the appeal is pending.[1] Therefore, in addition to the reasons explained *supra,* this Court should stay compliance discovery.

## IV. Alternatively, the Court should extend Defendants' deadline to respond to Plaintiffs' motion for partial summary judgment.

If the Court determines that a stay is not warranted, Defendants alternatively request an extension of their deadline to respond to Plaintiffs' motion for summary judgment. Good cause for an extension exists because Plaintiffs' motion raises numerous substantive issues and Defendants require additional time to prepare an appropriate response.[2] Moreover, an extension is warranted to preserve the Court's and the parties' resources and prevent the expenditure of time and resources on summary judgment briefing that the Court may ultimately determine to be unnecessary. Accordingly, Defendants ask the Court to extend the deadline to respond to Plaintiffs' motion by

---

[1] Based on Plaintiffs' representations, it appears that the four class members who are the subject of the compliance discovery are no longer in El Salvadoran custody. *See* ECF No. 202 at 4 (citing news article detailing the release of Venezuelan detainees from El Salvadoran custody and their return to Venezuela). Accordingly, there does not appear to be any ongoing harm as a result of the alleged violations of this Court's order and no imminent need to complete this discovery.

[2] This is particularly true because Plaintiffs filed their motion for summary judgment even though Defendants have not yet answered or otherwise responded to the Complaint. *See* ECF No. 187 (granting Defendants' motion to extend answer deadline to September 5, 2025).

21 days after any order denying Defendants' motion to stay the case.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion.

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | /s/*Matthew P. Seamon*<br>MATTHEW P. SEAMON<br>Senior Litigation Counsel |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station |
| ELIANIS N. PEREZ<br>Assistant Director | Washington, DC 20044<br>(202) 598-2648<br>(202) 305-7000 (facsimile) |
| MARY L. LARAKERS<br>Senior Litigation Counsel | Matthew.Seamon2@usdoj.gov |

**LOCAL RULE 7.1 CERTIFICATION**

I, Matthew Seamon, certify that pursuant to L.R. 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who oppose this motion.

Dated: August 1, 2025

/s/ *Matthew P. Seamon*
MATTHEW P. SEAMON
Senior Litigation Counsel

**CERTIFICATE OF SERVICE**

I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: August 1, 2025

s/ *Matthew P. Seamon*
MATTHEW P. SEAMON
Senior Litigation Counsel