UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>　　　　　Defendants. | Civil Action No. 25-cv-10676-BEM |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Plaintiffs bring to the Court's attention the decision of the U.S. District Court for the District of Columbia in *D.A., v. Noem*, No. 1:25-cv-03135-TSC (D.D.C. Sept. 15, 2025), Dkt. 41, in support of their pending opposition to Defendants' motion to stay proceedings.

The *D.A.* case involved five class members who had won protection from deportation to their countries of origin. Slip. Op. at 2. They alleged that "in the middle of the night on September 5, 2025, they were awakened from their beds, shackled, and put on a U.S. military cargo plane without being allowed to notify family or legal counsel, and, in at least one case, without identification documents." *Id*. "Defendants transported [the class members] to Ghana with no notice or opportunity to challenge that removal, under what appears to be a hasty and unwritten agreement with Ghana, which has indicated its intention to return [the class members] to their home countries where Defendants agree they will almost certainly be persecuted." *Id*. at 5. "One [class member] was almost immediately sent back to his home country and is currently

1

in hiding." *Id*. at 3. The court denied the *D.A.* plaintiffs' motion for a temporary restraining order, concluding that, for these plaintiffs outside the country, it lacked jurisdiction to remedy their harms. *Id*. at 11-15.

These class members' deportations to Ghana without notice or the opportunity to present a fear-based claim were pursuant to the March 30 Memo and July 9 Guidance that Plaintiffs challenge in this case. The district court's decision in *D.A.* supports Plaintiffs' arguments that this policy and practice, including the reliance on so-called diplomatic assurances, are unlawful and do not provide meaningful guarantees against chain refoulement. *See* Plaintiffs' Motion for Partial Summary Judgment, Dkt. 194 at 15-20.

Respectfully submitted,

s/ *Trina Realmuto*

| | |
|---|---|
| Trina Realmuto* | Matt Adams* |
| Kristin Macleod-Ball* | Leila Kang* |
| Mary Kenney* | Aaron Korthuis* |
| NATIONAL IMMIGRATION | Glenda M. Aldana Madrid* |
|    LITIGATION ALLIANCE | NORTHWEST IMMIGRANT |
| 10 Griggs Terrace |    RIGHTS PROJECT |
| Brookline, MA, 02446 | 615 Second Avenue, Suite 400 |
| (617) 819-4447 | Seattle, WA 98104 |
| trina@immigrationlitigation.org | (206) 957-8611 |
| | matt@nwirp.org |

Anwen Hughes*
Inyoung Hwang*
HUMAN RIGHTS FIRST
121 W. 36th St., PMB 520
New York, NY 10018
hughesa@humanrightsfirst.org

*Attorneys for Plaintiffs-Appellants*

September 19, 2025