# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D., *et al.*, <br><br>Individually and on behalf of all others similarly situated, <br><br>       Plaintiffs, <br><br>   v. <br><br>U.S. Department of Homeland Security, *et al.*, <br><br>       Defendants. | No. 1:25-cv-10676-BEM |

## DEFENDANTS' MOTION FOR STAY OF CASE IN LIGHT OF LAPSE OF APPROPRIATIONS AND ALTERNATIVE MOTION TO EXTEND BRIEFING DEADLINES

i

## DEFENDANTS' MOTION FOR STAY IN LIGHT OF LAPSE OF APPROPRIATIONS AND ALTERNATIVE MOTION TO EXTEND BRIEFING DEADLINES

Defendants hereby move for a stay of this entire case, including briefing and all other deadlines.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The Department does not know when such funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. This case does not present an "emergenc[y] involving the safety of human life or the protection of property." Defendants' appeal of this Court's preliminary injunction is currently proceeding before the First Circuit Court of Appeals,[1] and the Supreme Court has already determined the interim status quo in this case by staying the preliminary injunction pending the outcome of that appeal. This Court recently set deadlines for Defendants to respond to Plaintiffs' Complaint and Motion for Partial Summary Judgment, ECF No. 218, but there is no urgent need to proceed with that briefing at this time because, as Plaintiffs acknowledge, a declaratory judgment would not immediately alter the status quo in this case. *See* ECF No. 192 at 11 ("declaratory relief does not become final and binding until the appeals process concludes, *see, e.g.*, *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 155 (1963)"). Accordingly, there is no urgent need to proceed with further district court litigation in this matter during the lapse of appropriations.

---

[1] Plaintiffs' appellate brief is due November 19, 2025. *See* Electronic Order, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Oct. 20, 2025).

1

4. Undersigned counsel for the Department of Justice therefore requests a stay of this case and all proceedings until Congress has restored appropriations to the Department.

5. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. Defendants request that, at that point, all current deadlines for the parties be extended commensurate with the duration of the lapse in appropriations – *i.e.*, each deadline would be extended by the total number of days of the lapse in appropriations.

6. Therefore, although we greatly regret any disruption caused to the Court and the other litigants, Defendants hereby move for a stay of this case until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

7. In the alternative, Defendants request a 30-day extension[2] of their deadline to respond to Plaintiffs' Complaint and Motion for Partial Summary Judgment,[3] through and including Wednesday, December 17, 2025. Defendants anticipate filing a motion to dismiss in response to Plaintiffs' Complaint, and require additional time to respond fulsomely to the arguments and allegations contained in the Complaint and Plaintiffs' Motion for Partial Summary Judgment.

8. Additionally, Defendants' opposition and motion will require multiple levels of review both within the Defendant Agencies and the Department of Justice. Such review could be further complicated due to the lapse in appropriations.

---

[2] Defendants would be seeking a shorter extension but for the Thanksgiving holiday over which undersigned counsel, Matthew Seamon, and others within the Defendant agencies and Department of Justice will be on leave.
[3] Defendants also request a similar extension of the December 17, 2025, hearing on Plaintiffs' Motion.

9.  Undersigned counsel will also be on medical leave for 1-2 weeks beginning on November 3, 2025.

10. Undersigned counsel conferred with counsel for Plaintiffs via email on October 28, 2025, who indicated that Plaintiffs oppose this motion and intend to file a response.

## CONCLUSION

For the foregoing reasons, Defendants request a stay of this case and all deadlines.

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Acting Assistant Attorney General | /s/*Mary L. Larakers*<br>MARY L. LARAKERS<br>(Texas Bar # 24093943) |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation |
| ELIANIS N. PEREZ<br>Assistant Director | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-0396 |
| MATTHEW P. SEAMON<br>Senior Litigation Counsel | (202) 305-7000 (facsimile)<br>Mary.L.Larakers@usdoj.gov |

## LOCAL RULE 7.1 CERTIFICATION

I, Mary Larakers, certify that pursuant to L.R. 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who oppose this motion.

Dated: October 28, 2025

/s/ *Mary L. Larakers*
Mary L. Larakers
Senior Litigation Counsel

## CERTIFICATE OF SERVICE

I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 28, 2025

/s/ *Mary L. Larakers*
Mary L. Larakers
Senior Litigation Counsel