## DECLARATION OF SIBUSISO MAGNIFICENT NHLABATSI

I, Sibusiso Magnificent Nhlabatsi, make the following declaration based on my personal knowledge and declare under the penalty of perjury under the laws of the United States, and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a practicing attorney licensed to practice before the Superior Courts of Eswatini. My business address is 1st Floor, Riverstone Mall, Nkoseluhlaza Street in Manzini within the Manzini District. I have been employed as Practitioner at Motsa Mavuso Attorneys since January 04, 2018. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I am one of two named parties in the case the High Court of Eswatini entitled *Sibusiso Magnificent Nhlabatsi v. The Commissioner of Correctional Services & Another* [1623] [2025] SZHC 224 (27 October 2025). A true and correct copy is attached to this declaration.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed on this 14th day of November 2025 at Malkerns, Manzini District, Eswatini.

*[signature]*
Sibusiso Magnificent Nhlabatsi

1

EXHIBIT C



# IN THE HIGH COURT OF ESWATINI

**HELD AT MBABANE**                          **CASE NO: 1623/2025**

In the matter between:

**SIBUSISO MAGNIFICENT NHLABATSI**                          **APPLICANT**

**AND**

**THE COMMISSIONER OF HIS MAJESTY'S**

**CORRECTIONAL SERVICES**                          **FIRST RESPONDENT**

**ATTORNEY GENERAL**                          **SECOND RESPONDENT**

Neutral citation       :Sibusiso  Magnificent  Nhlabatsi  v  The Commissioner of Correctional Services & Another [1623/2025] [2025] SZHC 224  (27 October 2025)

| | |
|---|---|
| **CORAM:** | **B.S DLAMINI J** |
| **DATE HEARD:** | 03 October 2025 |
| **DATE DELIVERED** | 27 October 2025 |

**Summary:** *Civil Procedure - Applicant, an Attorney of the High Court of Eswatini, seeks to have access to certain individuals who are immigrants from the United States of America in order to be able to consult with them - Applicant having received instructions as a correspondent attorney from the US - Respondents opposing the application on the basis that detainees have informed officers of the First Respondent that they do not wish to consult with Applicant.*

**Held;** *The basis of the opposition to the application is founded on hearsay - Applicant entitled to consult with the detainees and, if need, to be rejected by*

2

*them directly. Application accordingly granted with costs.*

---

# JUDGMENT

---

## INTRODUCTION

[1] Applicant, an admitted Attorney of this Court, filed an application under a certificate of urgency and sought relief in the following terms;

> "1. That the Rules of the above Honourable Court relating to time limits, forms and manner of service be dispensed with and that the matter be heard as one of urgency provided for by Rule 6 (25) of the High Court Rules.
>
> 2. Condoning Applicant's non-compliance with the Rules of the Court.
>
> 3. That the five foreign nationals currently detained at Matsapha Correctional Complex, who were transferred to Eswatini from the United States of America on or around July 16. 2025 be

*produced before the above Honourable Court for purposes of consultations with Applicant.*

4. *Alternative to prayer 3 above, the First Respondent and/or any officer or official acting on her command be hereby restrained from refusing the Applicant access to the five foreign nationals referred to above in prayer 3.*

5. *That the Applicant be hereby granted access at the Correctional Centre for consultation purposes as an attorney to the five foreign nationals currently detained at Matsapha Correctional Complex, who were transferred to Eswatini from the United States of America on or around July 16, 2025.*

6. *The Respondents should not pay the costs of this application at the Attorney and own client scale, in the event of unsuccessful opposition.*

7. *Granting the applicant further and/or alternative relief."*

    *6.    Such further and/or alternative relief the above Honourable Court may grant."*

## THE FACTS AND ARGUMENTS

[2]    On the 3rd October 2025, this Court heard arguments from the parties' legal representatives and proceeded to grant the relief sought by Applicant in an *ex tempore* ruling. The reasons for the *ex tempore* ruling are contained in this judgment.

[3]    Applicant relies on several local and international legal instruments which all embody the fundamental right to legal representation for the relief he seeks. Locally, the Court was referred to section 21 of the Constitution of the Kingdom of Eswatini which provides that;

> **"(1)    In the determination of civil rights and obligations or any criminal charge a person shall be given a fair and speedy public hearing within a reasonable time by an independent and impartial court or adjudicating authority established by law.**
>
> **(2)    A person who is charged with a criminal offence shall be-**

(a)..........

(b)..........

(c)   entitled to legal representation at the expense of the government in the case of any offence which carries a sentence of death or imprisonment for life..."

[4]   In motivating his arguments on the fundamental right to legal representation and access to thereto, the Applicant stated that;

"[6.1] The drafters of the Constitution recognized that the right to legal representation serves as a critical safeguard against arbitrary state power and ensures that individuals can effectively challenge unlawful detention or other violations of their fundamental rights. Section 21 must be read expansively to protect the substance of the right, not merely its formal expression, thereby encompassing the right of the detained persons to have meaningful access to legal counsel and the corresponding right of lawyers to reach their clients without unlawful interference."

[5] The essence of Applicant's argument is that the explanation furnished by the First Respondent's officers, namely that the detainees have expressed an unwillingness to consult with him, is in reality, a denial of their fundamental right to legal representation. The conduct of the First Respondent, is, according to Applicant, unconstitutional and unlawful.

[6] It was further argued by Applicant that being a correspondent attorney of the United States (US) based attorneys creates an attorney and client relationship between himself and the detainees. In this regard, Applicant submitted as follows;

> "**[6.4] Once the Applicant received the three letters from US attorneys requesting [for] his legal services for the detained individuals, a lawyer-client relationship was established, thereby crystalizing his constitutional right under Section 21 to access these clients and provide the requested legal representation without unlawful state interference.**"

[7] In buttressing his point on the importance of the right to legal representation, Applicant referred the Court to a number of

7

international legal instruments including the **UN Basic Principles on the Role of Lawyers; Universal Declaration of Human Rights; International Covenant on Civil and Political Rights (ICCPR) and the African Charter on Human and People's Rights.**

[8]  Opposition to the relief sought by Applicant was divided into three parts namely;

    (a)  Lack of *locus standi* by Applicant to act on behalf of the detainees in the absence of clear and proper instructions;

    (b)  Non-applicability of section 21 of the Constitution and;

    (c)  Applicant's contradictory versions in the Founding Affidavit.

[9]  On the point relating to Applicant's lack of *locus standi* to represent the detainees, it was argued on First Respondent's behalf that the mere fact that Applicant received instructions from attorneys based in the United States does not, on its own, establish an attorney and client relationship between Applicant and the detainees. The Applicant therefore does not have the right in law to bring the present

application and seek to unlawfully consult with the detainees. Put differently, the detainees did not at any stage instruct Applicant to bring the present application to Court in order to consult with them. According to the First Respondent;

"[4.2] Applicant has failed to establish any authority from the inmates to bring the present proceedings on their behalf. In the case of *Maziya v Commissioner of Police (470/2013) [2014] SZHC 32*, the Court held that a litigant must demonstrate a direct and substantial interest in the relief sought. In the absence of clear instructions from the inmates, Applicant cannot invoke the right to legal representation.

[4.3] Section 16 of the Constitution vests the right to legal representation in [on the] detainees themselves, not in third parties. The confirmatory affidavits from the US Attorneys have no probative value in establishing a mandate to institute the present proceedings. Section 16 (2) of the Constitution provides as follows;

9

> *"A person who is arrested or detained shall be informed of the right of that person to a legal representative <u>chosen by that person</u>."*

[10] According to First Respondent's counsel, Applicant was not appointed by the inmates or detainees and therefore cannot seek reliance on Section 16 (2) of the Constitution. To do so would be equal to undermining the rights of the detainees, who have the right in law to make a choice on the person or persons they wish to legally represent them in the country.

[11] Section 21 of the Constitution of the Kingdom of Eswatini is, according to the First Respondent, not applicable to the facts of the matter. The detainees are, according to the First Respondent, not facing any criminal charge and therefore the right to legal representation does not apply to them. To use the language of the First Respondent so as not to be misunderstood;

> "[6.5]...The five (5) inmates are neither charged nor arrested for a criminal offence so as to invoke the right to legal representation in terms of section 21 relied upon by

Applicant. Applicant's reliance on Section 21 of the Constitution is misplaced."

[12] On the contradictory statements allegedly made by Applicant, First Respondent contends that Applicant on the one hand, argued that he is being denied access to the detainees, whilst on the other hand, the same Applicant alleges that the inmates called him on his mobile phone and instructed him to represent them. Such contradictions amount to fundamental inaccuracies which are not permissible in litigation. The Court was referred to the case of **Khumalo v Auditor General and Others (132/2013) [2013] SZHC 56 (6 March 2013)** in which the Court held that;

"The Applicants in law are approbating and reprobating. In other words, they are blowing hot and cold. A litigant is not allowed to do so in law. He is required to then stick to that position."

## ANALYSIS AND CONCLUSION

[13] On the first ground of opposition, namely that Applicant lacks the necessary *locus standi* to institute the present application, the Court is

11

of the view that this point is totally is misdirected and misplaced. It appears that the primary component of this ground of opposition is that Applicant has not been properly instructed by the inmates so as to clothe him with the necessary right in law to bring the present application to Court.

[14] In his Founding Affidavit, the Applicant, who is an attorney of the High Court of Eswatini, states that he personally went to the place of detention of the inmates (Matsapha Maximum Correctional Facility) and was there informed by the officers of the First Respondent that the inmates do not wish to see him or consult with him as they have their own attorneys in the United States of America. It is the Applicant who was blocked from seeing or consulting with the inmates. It is him (Applicant) who was denied access to see the inmates and therefore it can only be him to approach this Court in order to claim the right of access to the inmates. The right to consult with the inmates affords Applicant a substantial and direct interest to the relief sought.

[15] What is the source of the right enjoyed by Applicant in meeting and consulting with the inmates? Attorneys all over the world work with

correspondent attorneys in matters in which they ordinarily have no jurisdiction. The First Respondent has not disputed the fact that the US based attorneys are indeed the attorneys of record for the inmates kept in the country. The position of the law is that the US based attorneys representing the inmates have no right of audience in our Courts and have no jurisdiction to personally come into the country and represent the inmates.

[16] The globally accepted legal practice is that the US based attorneys must instruct an attorney or a law firm in the country (Eswatini) which has a right of audience in our Courts to carry out the mandate of the US based attorneys. This is how the Applicant enters into the picture. He is executing a mandate or instructions as a correspondent attorney of the US based attorneys. The Applicant need not have been instructed by the inmates or have met with them prior in order to consult with them. If the detainees do not wish to consult with the Applicant, the procedure is for them to give this instruction to their US based attorneys who will in turn terminate the mandate of the Applicant. This can only happen after there has been a meeting between the Applicant and the detainees.

[17] In a paper written by **Leoni Inc.** *'Understanding the Role of a Correspondent Attorney in South Africa'* found at www.leoninaudeinc.com the authors state that;

> "A correspondent attorney in South Africa is a lawyer who acts on behalf of another lawyer or law firm that is not based in the same geographical area as where the court proceedings are taking place. Typically, law firms will engage a correspondent attorney when they need to handle a matter in a court that is outside the jurisdiction of where the firm is located. This is particularly common in South Africa due to its vast geographical diversity and the specific local knowledge required for different courts."

[18] The authors (above) further state that;

> "The primary role of a correspondent attorney is to provide local representation and assistance to out-of-town law firms. Their responsibilities include:
>
> - Filing and handling documents
> - Attending Court
> - Providing local expertise

14

- **Managing logistics."**

[19] The second and third grounds of opposition to the application are also without merit. It was submitted on First Respondent's behalf that the detainees are not facing any criminal charge nor are they engaged in any proceedings of a legal nature. This argument overlooks a primary consideration which is that the affected people are not kept in a hotel but are kept in a detention facility. Their freedom of movement, speech and other rights enjoyed by ordinary human beings are restricted. In these circumstances the inmates are entitled to legal representation as articulated in Section 16 of our Constitution. The other consideration is that if these immigrants are not facing any criminal charge or legal proceedings as argued on behalf of the Attorney General, then the Court is asking itself why the immigrants are being kept in a detention facility.

[21] The officers of the First Respondent are precluded by law from denying Applicant access to the inmates. It is improper and legally incorrect for the officers of the First Respondent to inform Applicant that the detainees do not wish to consult with him. The inmates ought

15

to directly and personally inform the Applicant that they do not wish to be represented by him or consult with him. As indicated herein above, the information must first be communicated to the instructing attorneys in the US who must in turn terminate Applicant's mandate to act in the matter. All of this ought to happen (if need be) after a proper meeting between the parties' i.e Applicant and the detainees.

[21]  It is for these reasons that the Court, after hearing arguments on the 3rd October 2025, proceeded to grant prayers 5 and 6 of the notice of motion. Costs (prayer 6) were granted at the ordinary scale.

B.S DLAMINI J

**THE HIGH COURT OF ESWATINI**

*For Applicant:*          *Attorney Mr. S. Nhlabatsi*

                         *(MotsaMavuso Attorneys)*


*For 1st Respondent:*     *Attorney Mr. S. Hlawe*

*(Attorney General's Chambers)*