## DECLARATION OF JESSICA A. DAWGERT

I, Jessica A. Dawgert, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of New York and the District of Columbia. My business address is 7389 Route 29, Suite 320, Falls Church, VA 20042. I have been employed as Partner, Federal Litigation at Blessinger Legal PLLC since June 2025. I am over the age of 18 and am competent to testify regarding the matters described below.

2. I have spent my career working in immigration law. Prior to joining my current law firm in June 2025, I spent nearly seventeen years working for the Department of Justice, as Associate Deputy Attorney General, Senior Counsel to the Deputy Attorney General, Acting Senior Counsel for the Office of Immigration Litigation, Senior Litigation Counsel, and Trial Attorney. Prior to that time I worked at the United States Court of Appeals for the Second Circuit. During my career, I have litigated hundreds of cases in federal court and, between 2023 and January 2025, worked on oversight of the Department of Justice's immigration portfolio, including overseeing immigration policy and regulatory efforts on behalf of the Department of Justice. Since joining private practice, I have focused on federal litigation but have also appeared to represent noncitizens in removal proceedings before the immigration courts and Board of Immigration Appeals.

3. In August 2025, I was retained to represent H.G., a native and citizen of an African nation who, in November 2024, had received protection from returning to his native country under the regulations implementing the Convention Against Torture. He has been in immigration detention since July 2024. On behalf on this client, I filed an amended petition for a writ of habeas corpus.

4. Between mid-August and early October, DHS transferred my client between several different detention centers, without notice to him or me. DHS often did not update the ICE Detainee Locator for days, making it impossible for me to locate my client. And once I located him, it was often difficult or impossible to arrange for attorney calls to the detention facilities.

5. The habeas corpus petition remains pending.  Prior to the resolution of the case, the Department of Homeland Security removed my client to Eswatini, which is not his country of nationality. Upon information and belief, he was not given any notice of his removal to Eswatini until he was in the midst of the removal effort. Upon information and belief, he was instead told that he would be going to Puerto Rico. It is my understanding that, once DHS finally informed my client that he would be sent to Eswatini, he informed DHS that he was afraid to travel to Eswatini. However, DHS refused to provide him any fear-based screenings.  Despite the pending petition for a writ

1

EXHIBIT M

6.  of habeas corpus and a G-28 on file with DHS, I have not been officially notified of my client's removal (either before or after his removal).

7.  After his removal, my client was able to call his family in the United States, who informed me of the removal. Upon information and belief, my client has been told that he will remain in prison in Eswatini until another country will arrange for his transfer. He is afraid that he will be sent to his country of nationality, where he is more likely than not to suffer torture or death.

8.  My client has no connection to Eswatini. He did not know that Eswatini intends to imprison him. My client has a criminal record for which he has served his criminal sentence, and is afraid of what conditions or harm he may face in Eswatini or any other third country based on his history.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 8th day of October 2025 at Denver, Colorado.

_____
Jessica A. Dawgert
Partner, Federal Litigation
Blessinger Legal PLLC