**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>        Defendants. | No. 1:25-cv-10676-BEM |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXHIBITS FILED WITH THEIR REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs' twenty-five exhibits filed with their reply in support of their motion for partial summary judgment and opposition to Defendants' motion to dismiss are procedurally improper and a clear instance of gamesmanship. This Court should strike them.

Less than a month ago, Plaintiffs tried to file twelve of these same exhibits in support of their motion for summary judgment mere days before Defendants' opposition to summary judgment was due. After Defendants pointed out the impropriety of these exhibits, Plaintiffs withdrew them. *See* Ex. A; ECF No. 228. Plaintiffs have now—despite Defendants' willingness to negotiate a longer briefing schedule—once again filed these same twelve exhibits, along with an additional thirteen exhibits.[1] Plaintiffs offer no substantive argument as to why these exhibits, raising a myriad of factual issues, are proper. Their standard of review merely parrots case law that is inapplicable to the present situation. These exhibits are procedurally improper, work an unfair surprise on Defendants, and this Court should immediately strike them ahead of the hearing scheduled to occur on December 16, 2025. Alternatively, this Court should vacate the upcoming hearing until it decides this motion to strike.

**STANDARD OF REVIEW**

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so on its own or on the motion of either party. *Id.* "'In resolving motions to strike, trial courts are empowered with broad discretion.'" *Soni v. Boston Medical Center Corp.*, 683 F.Supp.2d 74, 92 (D. Mass. 2009) (quoting

---

[1] Plaintiffs' newly filed Exhibits C, D, F, K, L, M, T, V, W, X, and Y are identical to Plaintiffs' withdrawn Exhibits B, G, D, E, I, L, F, C, H, J, and K, respectively. *Compare* ECF No. 227 *with* ECF No. 233. Newly filed Exhibit B is a revised version of withdrawn Exhibit A. Newly filed Exhibits A, E, G-J, N-S, and U are brand new.

1

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 398 (D.R.I. 1998)); *see also Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). Motions to strike are "not typically granted without a showing of prejudice to the moving party." *Sheffield v. City of Boston*, 319 F.R.D. 52, 54 (D. Mass. 2016).

## ARGUMENT

The Court should strike Plaintiffs' declarations and other exhibits submitted with their reply for two primary reasons. ECF No. 133. **First**, these exhibits are procedurally improper in the context of Plaintiffs' reply in support of their motion for summary judgment and their opposition to Defendants' motion to dismiss. **Second**, consideration of these exhibits at this stage in the proceedings would work a manifest injustice against Defendants who have not had an opportunity to respond to them. Alternatively, should this Court be inclined to consider the exhibits, it should do so only after Defendants have had a fair opportunity to respond and reschedule the December 16, 2025 hearing.

**A. The Exhibits are Procedurally Improper.**

These exhibits are procedurally improper in the context of Plaintiffs' reply in support of their motion for summary judgment. To the extent that Plaintiffs wanted to submit affidavits or other evidence in support of their motion for partial summary judgment, they should have filed them with their motion (which was filed five months ago). This would have given Defendants the opportunity to respond, as necessary, in Defendants' opposition brief. Instead, Plaintiffs chose to wait five months and then raise this evidence for the first time with their reply. But new factual allegations are not proper reply material. It is well-settled that "it is generally inappropriate for a moving party to advance new arguments and supporting facts in a reply brief." *United States v. Tsarnaev*, No. CRIM. 13-10200-GAO, 2015 WL 45879, at *2 (D. Mass. Jan. 2, 2015); *see also*

*Hilsinger Co. v. Kleen Concepts, LLC*, No. CV 14-14714-FDS, 2017 WL 3841468, at *7 (D. Mass. Sept. 1, 2017) ("The question of whether the facts in defendant's newly-submitted declaration are disputed or not highlights the need for a prohibition against the submission of new facts and argument in a reply brief. Defendant should not have waited to introduce that argument and its supporting facts until filing a reply, leaving plaintiff without recourse to dispute it.").

Moreover, Plaintiffs' submission of new factual allegations at this late stage undermines their request for partial summary judgment, which is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The exhibits are full of factual allegations that Defendants have not previously seen, let alone had an opportunity to investigate or respond to. To the extent Plaintiffs claim these are uncontroverted facts that are material to summary judgment, the federal and local rules require that they be submitted *with the motion*—not with the reply. L.R. 7.1(b)(1), 56.1. The First Circuit has recognized that while this time can be enlarged in certain circumstances, it is the party *adverse* to the summary judgment motion that "has a more extensive period for filing affidavits." *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.,* 754 F.2d 404, 409 (1st Cir. 1985). Indeed, "there is a substantial difference between accepting matters at the hearing which show that an issue of fact exists, and taking evidence in support of the motion at the last minute when there is no opportunity to rebut." *Id.* In all cases, an enlargement of time to submit affidavits "must not be exercised in a manner that prejudices the other party's substantial rights." *Id.* Here, for the reasons discussed *infra,* these exhibits have already prejudiced Defendants and this Court should strike them.

Nor are Plaintiffs' exhibits proper as part of their opposition to Defendants' motion to dismiss. Factual assertions outside the complaint are not properly considered under Federal Rule

3

of Civil Procedure 12(b)(6). *Trans-Spec Truck Serv. v. Caterpillar Inc.,* 524 F.3d 315, 321 (1st Cir. 2008). If a Court wishes to consider material outside the complaint, it must convert the motion into a motion for summary judgment. Fed. R. Civ. P 12(d). But, as discussed *supra,* Plaintiffs' exhibits have not been properly presented in their motion for summary judgment either.

Under Rule 12(b)(1), the Court may consider facts outside the complaint only when relevant to determining the Court's subject matter jurisdiction. *Gonzalez v. United States,* 284 F.3d 281, 288 (1st Cir. 2002). But there is no connection between the arguments advanced in Defendants' motion to dismiss under Rule 12(b)(1) and the factual assertions leveled in their newly filed exhibits. This Court is capable, as it has been in the past, of determining the jurisdictional questions before it without any facts. *See* ECF Nos. 34, 64. To the extent that Plaintiffs contend that facts are both material and necessary to determine the jurisdictional issues before this Court, that undermines their claim to summary judgment which requires there be *no* material dispute of fact. Defendants are entitled to "a full and fair opportunity to present relevant facts and arguments," and "jurisdictional facts and proffering materials" must be "of evidentiary quality." *Velentin v. Hosp. Bella Vista,* 254 F.3d 358, 363-64 (2001).

Plaintiffs offer no affirmative argument as to why these exhibits are procedurally proper. Their standard of review hints at their theory regarding the propriety of the exhibits, but the case law they cite does nothing to support an argument that this Court should consider these twenty-five exhibits. These exhibits do not "merely respond[] to matters placed in issue by the opposition brief" as illustrated by Plaintiffs' attempt to file half of these exhibits *before* Defendants' brief was due. And, in any case, Defendants are *entitled* to a fair opportunity to respond to the numerous and new factual allegations made in these exhibits. Plaintiffs' citation to an out of circuit *footnote* is wholly inapposite. *See* ECF No. 232 at 3 (citing *Beck v. Univ. of Wis. Bd. Of Regents,* 75 F.3d

4

1130, 1134 n1 (7th Cir. 1996)). There, the party submitted a *single* affidavit responding to two discrete factual allegations raised for the first time in an opposition brief. *Beck,* 75 F.3d at 1134 n1. Here, Plaintiffs submitted twenty-five exhibits full of numerous factual allegations that go well beyond merely responding to Defendant's jurisdictional arguments as Plaintiffs suggest. For example, many of the exhibits offer new arguments regarding the likelihood of chain refoulment, which Plaintiffs have previously scarcely addressed. *See* ECF No. 1 (no reference to "chain refoulement"); ECF No. 194 (mentioning "chain refoulement" once in passing).[2] The other case Plaintiffs cite actually supports Defendants' argument. *See* ECF No. 232 at 3 (citing *Alifax Holding Spa v. Alco Sci. Inc.,* No. 14-440 S, 2018 WL 11371589, at *2 (D. R.I. Oct. 16, 2018)). There, the opposing party had *months* to assess *two* declarations prior to the summary judgment hearing, articulated no prejudice caused by the declarations, and did not—as Defendants do here—seek timely leave to respond. *Id.* at *8. Accordingly, Plaintiffs' half-hearted attempt to justify their late-filed exhibits fails and the Court should strike the exhibits.

## B. The Court's Consideration of These Exhibits Would Work a Manifest Injustice on Defendants.

Consideration of these exhibits would work a manifest injustice against Defendants especially when viewed in light of Plaintiffs' display of gamesmanship. Plaintiffs had ample opportunity to submit documents with their motion for summary judgment, which they chose to file in July before Defendants had even responded to the Complaint. Timely submission of exhibits with their motion would have given Defendants the opportunity to respond, as necessary, in their opposition brief. Instead, Plaintiffs chose to wait five months and file now, *after* briefing is complete and with the scheduled hearing mere days away. Moreover, many of the exhibits raise

---

[2] Nor was the issue of chain refoulement raised by Defendants in their opposition to summary judgment and motion to dismiss. *See* ECF No. 231.

5

specific factual and legal issues that have not been addressed by the parties in prior briefing.[3] This gambit clearly works an unfair surprise and prejudices Defendants by advancing new factual assertions after briefing is complete and depriving Defendants of any meaningful opportunity to examine, investigate, and respond to the allegations before the hearing.

Compounding this gamesmanship are the fact that Plaintiffs withdrew many of these exhibits a few weeks ago without informing Defendants that they intended to re-file them with their reply brief and the fact that many of the declarations are dated days, weeks, or even months ago. Had Plaintiffs informed Defendants of their intention, the parties could have either (1) negotiated an extension of the briefing schedule or (2) made a plan for orderly litigation of a motion to strike. Instead, these exhibits have caught Defendants, and this Court, completely by surprise and have already worked an injustice on Defendants by requiring them to draft and file a motion to strike so close to the scheduled hearing. There is no explanation but gamesmanship for waiting to file declarations dated as early as October 8 until the filing of a reply brief days before a hearing. The declarations were untimely filed, raise new issues, and are not proper reply or opposition material. Plaintiffs could have filed the declarations earlier—and they in fact *did* file many of them earlier, before withdrawing them just to re-file at an even more prejudicial and inexplicable time. This Court should strike them.

---

[3] To name just one example, several of the declarations appear to raise factual allegations related to constructive United States custody of individuals detained abroad, which is a factual and legal issue that has never been addressed by either party in prior briefing. *See, e.g.*, ECF No. 233 Exh. Q at ¶ 14; *id.* at Exh. G at 3, 9-10; *id.* at Exh. I.

6

## CONCLUSION

For the foregoing reasons, this Court should strike Plaintiffs' exhibits filed with their reply and opposition (ECF No. 233).

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | /s/*Matthew P. Seamon*<br>MATTHEW P. SEAMON<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division |
| ELIANIS N. PEREZ<br>Assistant Director | Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044 |
| MARY L. LARAKERS<br>Senior Litigation Counsel | (202) 598-2648<br>(202) 305-7000 (facsimile)<br>Matthew.Seamon2@usdoj.gov |

**LOCAL RULE 7.1 CERTIFICATION**

    I, Matthew Seamon, certify that pursuant to L.R. 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who oppose this motion.

|  |  |
|---|---|
| Dated: December 10, 2025 | /s/ *Matthew P. Seamon*<br>MATTHEW P. SEAMON<br>Senior Litigation Counsel |

**CERTIFICATE OF SERVICE**

    I, Matthew P. Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
| Dated: December 10, 2025 | /s/ *Matthew P. Seamon*<br>Matthew P. Seamon<br>Senior Litigation Counsel |