UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.V.D.; M.M.; E.F.D.; and O.C.G.,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; Kristi NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; Pamela BONDI, U.S. Attorney General, in her official capacity; and Antone MONIZ, Superintendent, Plymouth County Correctional Facility, in his official capacity,<br><br>  Defendants. | Civil Action No. 25-cv-10676-BEM |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs bring to the Court's attention a recent report by the U.S. Senate Committee on Foreign Relations concluding that the expanded use of third country deportations comes "at great taxpayer cost," reflects "questionable deals" with "corrupt and unstable foreign governments," and lacks transparency. S. Comm. on Foreign Relations, Minority Report (Report), *At What Cost? Inside the Trump Administration's Secret Deportation Deals* 1 (Feb. 13, 2026). The Report finds: "many people could have been sent to back their home country if the Administration had followed typical U.S. removal proceedings, saving U.S. taxpayers unnecessary costs," *id.* at 9; the State Department, "does not appear to be monitoring whether foreign governments are complying with their obligations under third country deportation agreements nor seeking to hold foreign governments accountable for violating agreement obligations," *id.* at 19; with respect to blanket diplomatic assurances, there is "no evidence of systematic monitoring, follow-up or enforcement, raising serious concerns that the assurances

1

made by foreign governments exist only on paper and that the United States is turning a blind eye to what happens to migrants in third countries," *id.*; and that noncitizens who have won protection from removal to their countries of origin have been chain refouled from third countries—specifically Ghana and Equatorial Guinea—to their countries of origin, with the United States' knowledge, *id*. at 27-28.

The Report supports Plaintiffs' arguments that Defendants are failing to follow the statutory sequence for removal under 8 U.S.C. § 1231(b)(2)(A)-(E), and that Defendants third-country removal policy is unlawful, including because it does not protect class members against chain refoulement. *See* Plaintiffs' Motion for Partial Summary Judgment, Dkt. 194 at 8-9, 15-20; Plaintiffs' Reply in Support of Partial Summary Judgment and Opposition to Defendants' Motion to Dismiss, Dkt. 232 at 11-15.

Respectfully submitted,

s/ *Trina Realmuto*

| | |
|---|---|
| Trina Realmuto | Matt Adams |
| Kristin Macleod-Ball | Leila Kang |
| Mary Kenney | Aaron Korthuis |
| NATIONAL IMMIGRATION | Glenda M. Aldana Madrid |
|    LITIGATION ALLIANCE | NORTHWEST IMMIGRANT |
| 10 Griggs Terrace |    RIGHTS PROJECT |
| Brookline, MA, 02446 | 615 Second Avenue, Suite 400 |
| (617) 819-4447 | Seattle, WA 98104 |
| trina@immigrationlitigation.org | (206) 957-8611 |
| | matt@nwirp.org |

Anwen Hughes
Inyoung Hwang
HUMAN RIGHTS FIRST
121 W. 36th St., PMB 520
New York, NY 10018
hughesa@humanrightsfirst.org

*Attorneys for Plaintiffs-Appellants*

February 24, 2026